UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | | |
|---|---|---|
| TYCO INTERNATIONAL, LTD. and TYCO INTERNATIONAL (US), INC., | : | |
| | : | |
| Plaintiffs/Counterclaim Defendants, | : | No. 02 Civ. 7317 (TPG) |
| | : | **ECF CASE** |
| v. | : | |
| | : | |
| L. DENNIS KOZLOWSKI, | : | Oral Argument Requested |
| | : | |
| Defendant/Counterclaim Plaintiff. | : | |
| | : | |
| | : | |

-------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW OF DEFENDANT/
COUNTERCLAIM PLAINTIFF L. DENNIS KOZLOWSKI IN FURTHER
SUPPORT OF HIS MOTION FOR CERTIFICATION FOR INTERLOCUTORY
APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND ENTRY OF PARTIAL
FINAL JUDGMENT PURSUANT TO FED. R. CIV. P.  54(b)**

DEBEVOISE & PLIMPTON LLP
Robert N. Shwartz (rnshwartz@debevoise.com)
Jyotin Hamid (jhamid@debevoise.com)
Daniel Weiskopf (dweiskop@debevoise.com)
919 Third Avenue
New York, New York 10022
Telephone: 212-909-6000
Facsimile: 212-909-6836

Dated:  New York, New York
           February 16, 2011

*Counsel to Defendant/Counterclaim
Plaintiff L. Dennis Kozlowski*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ...........................................................................................................................2

I.      The Opinion Hinged On A Pure Question Of Law.......................................................2

II.     The Court's Choice-Of-Law Determination Was Controlling. ....................................4

III.    There Is Substantial Grounds For Difference Of Opinion............................................6

IV.     An Immediate Appeal Would Materially Advance The Litigation. ..............................7

V.      Judgment Should Be Entered Pursuant To 54(b) On Mr. Kozlowski's
        Counterclaims. .............................................................................................................8

CONCLUSION.......................................................................................................................10

# TABLE OF AUTHORITIES

*Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*,
 346 F.3d 360 (2d Cir. 2003)..............................................................................4

*Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*,
 650 F. Supp. 2d 314 (S.D.N.Y. 2009)..............................................................9

*Curley v. AMR Corp.*,
 153 F.3d 5 (2d Cir. 1998)..................................................................................2

*Deltor Corp. v. Gardner*,
 No. 91 Civ. 8424 (TPG), 1995 WL 679262 (S.D.N.Y. Nov. 15, 1995).................10

*Gidatex, S.r.L. v. Campaniello Imports, Ltd*,
 73 F. Supp. 2d 345 (S.D.N.Y. 1999)................................................................9

*In re Grand Theft Auto Video Game Consumer Litig. II*,
 251 F.R.D. 139 (S.D.N.Y. 2008) ......................................................................5

*N.Y. Racing Ass'n v. Perlmutter Publ'g*,
 959 F. Supp. 578 (N.D.N.Y. 1997)...................................................................7

*Teletronics Proprietary, Ltd. v. Medtronic, Inc.*,
 690 F. Supp. 170 (S.D.N.Y. 1987) ...................................................................5

*Tyco Int'l Ltd. v. Walsh*,
 No. 02 Civ. 4633 (DLC), 2010 WL 4118074 (S.D.N.Y. Oct. 20, 2010)................7

L. Dennis Kozlowski respectfully submits this reply memorandum in further support of his motion for certification for interlocutory appeal of the Court's December 1, 2010 Opinion and entry of final judgment on Mr. Kozlowski's counterclaims against Tyco International, Ltd. and Tyco International (US), Inc. (collectively, "Tyco").

## PRELIMINARY STATEMENT

In his initial brief, Mr. Kozlowski demonstrated that the requirements for interlocutory appeal under Section 1292(b) and Rule 54(b) are met with respect to this Court's December 1, 2010 Opinion.  Tyco's opposition fails to demonstrate that any of these requirements are lacking.

*First*, the Opinion hinged on a discrete error of law.  The Court erred by concluding that New York was the "center of gravity" of this civil action, for purposes of choice-of-law, based on the jury's finding in a related criminal case that Mr. Kozlowski had performed criminal acts in "New York county and elsewhere."  Tyco's opposition attempts to defend the Court's Opinion by mischaracterizing it.  Tyco contends that the Court's choice-of-law analysis was based on close scrutiny of the factual record and an exhaustive evaluation of Mr. Kozlowski's contacts with New York.  But the Court simply did not perform the analysis Tyco tries to ascribe to it.  In fact, the Court stated expressly that its determination was made "without searching the entire criminal trial record."

*Second*, the Court's legal error is "controlling" because if the Second Circuit were to hold that the choice-of-law question was incorrectly decided, such a holding would require reversal and remand.  Again, Tyco's opposition is based on mischaracterizing the Opinion.  Tyco contends that the Court found that both Bermuda and New York provide for the remedy sought by Tyco and that the choice-of-law question was therefore not determinative.  In fact, the Court acknowledged that choice-of-law was a controlling issue determining the outcome of the cross-

motions for summary judgment. The Court made its choice-of-law analysis precisely because it could not determine that Bermuda law would permit the New York remedy sought by Tyco.

*Third*, there is substantial ground for difference of opinion on the Court's choice-of-law ruling. Apart from rejecting the "internal affairs" doctrine, the Opinion ignored many factors traditionally found to be determinative of a choice-of-law analysis on a fraud claim, including the place where the company's alleged injury was suffered. Tyco fails to provide any case law indicating that the Court's considerations were correct.

*Fourth*, an immediate appeal would materially advance the litigation. Tyco does not dispute that the remaining issues are relatively inconsequential in light of what has already been decided. Moreover, Tyco seems to contemplate that the remaining litigation in the District Court will involve renewed summary judgment motion practice and a trial, both resource-intensive proceedings, to determine the precise dollar amount of the "faithless servant" remedy that this Court has already ordered. It would undeniably be far more efficient to first resolve the substantial question about whether that remedy is available before expending Court and party resources litigating the dollar value of the remedy. Tyco has not even attempted to articulate any prejudice that would result from immediate appeal.

## ARGUMENT

### I.     The Opinion Hinged On A Pure Question Of Law.

As demonstrated in Mr. Kozlowski's opening brief, this Court held that New York law should apply in this action based on a presumption that the wrongdoing of which Mr. Kozlowski was convicted was "centered in New York." Op. at 7. Whether that analysis was erroneous is a pure question of law appropriate for Section 1292(b) certification. *See Curley v. AMR Corp.*, 153 F.3d 5, 11 (2d Cir. 1998) (choice-of-law determinations are matters of law).

Tyco attempts to recast the key issue as a factual dispute, rather than a legal error, by mischaracterizing the Court's choice-of-law analysis.  Tyco contends that the Court performed a complex factual analysis, "scrutinizing" the record, Tyco Br. at 4, spending "nearly 10 pages reviewing not only the jury finding but also additional undisputed facts determinative under New York's 'interest analysis' test," *id.* at 1, and performing a "multi-step choice-of-law analysis . . . analyz[ing] facts in the record to evaluate Kozlowski's contacts with New York."  *Id.* at 8.

Tyco's mischaracterization is contradicted by the Opinion itself.  The Court stated expressly that it was ***not*** performing a factual analysis of the type Tyco now tries to ascribe to it.  Specifically, the Court stated that it reached its conclusion "[w]ithout searching the entire criminal trial record," Op. at 7, much less any relevant facts outside the criminal record.  Indeed, the Court could not have reviewed the entire criminal record because virtually none of it was made part of the record on the cross-motions for summary judgment.  The Court never purported to "scrutinize" all available facts or "evaluate Kozlowski's contacts with New York."

The Court spent less than one full page discussing facts related to choice-of-law.  The heart of that discussion was the Court's observation that the jury in the criminal case found that the wrongdoing occurred in "New York and elsewhere."  Op. at 7-8.  But it is undisputed that the jury made no finding about how much of the conduct occurred in New York versus elsewhere.

Notwithstanding Tyco's misrepresentation to the contrary, *see* Tyco Br. at 5, Mr. Kozlowski's initial brief acknowledged that the Opinion mentioned two facts in the record touching upon New York: that one of the 23 counts appeared to "relate" to New York and that Mr. Kozlowski spent some fraction of the proceeds of the crimes buying things in New York.  Op. at 8; *see also* Kozlowski Br. at 5.  But the Court's mention of those two facts could hardly be described as a comprehensive factual analysis of the record.  Nor did the Court contend that

3

those two facts were sufficient to support a finding that New York was the center of gravity of all the claims and counterclaims in this case.  Rather, a fair reading of the Opinion demonstrates that the Court's finding that the wrongdoing was "centered in New York" was based on the criminal jury's finding discussed above.  The remainder of the Court's ten-page choice-of-law analysis was not, as Tyco would have it, devoted to a factual analysis of Mr. Kozlowski's contacts with New York.  It was a discussion of legal principles and authorities, all proceeding from the erroneous premise – unsupported by any further reference to the factual record – that the alleged wrongdoing was centered in New York.  Op. at 9-16.

The issue to be appealed is not whether the Court made incorrect factual findings in attempting to determine where "the center of gravity" of Tyco's claims is located.  Rather, the issue is whether the Court erred by making its determination based essentially on the criminal jury's confirmation that New York had criminal jurisdiction.  That issue is a question of law. *See, e.g., Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel*, 346 F.3d 360, 366 (2d Cir. 2003) (reversing, as a matter of law, choice-of-law determination based on a non-relevant factor without further discussion of the connections to New York).

## II.  The Court's Choice-Of-Law Determination Was Controlling.

The Court itself recognized that choice-of-law was a controlling question determining the outcome of the cross-motions for summary judgment.  Op. at 2, 9.  The Court's decision to apply New York law – and specifically New York's "faithless servant" doctrine – virtually erased Mr. Kozlowski's counterclaims and made Mr. Kozlowski liable to disgorge over seven years of his compensation.[1]  Accordingly, there should be no serious question that a reversal by the Second

---

[1] Tyco's assertion that "Kozlowski has made no disclosure of his net worth in this proceeding," Tyco Br. at 2 n.1, is demonstrably false.  As Tyco knows, Mr. Kozlowski makes detailed periodic disclosures to Tyco of his assets and liabilities pursuant to paragraph 9 of an order originally entered by the MDL court and entered in amended form by this Court on November 23, 2010. [DCKT 78]

4

Circuit of the Court's decision to apply New York law would require remand for further proceedings. *See Teletronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 172 (S.D.N.Y. 1987) (a question is "controlling" for purposes of Section 1292 if its incorrect disposition would require reversal and remand for further proceedings).

Tyco's argument is again based on misrepresenting the Court's Opinion.  Tyco argues that application of Bermuda law instead of New York law would be unlikely to change the Court's ruling because the Court indicated that "both New York and Bermuda law recognize the remedy of forfeiture of compensation."  Tyco Br. at 6.

The Court did not hold that Bermuda and New York law recognize the same remedy. Indeed, the Court found it necessary to perform a choice-of-law analysis precisely because it could not reach that conclusion.  While the Court observed that Bermuda law "appears" to allow for forfeiture of benefits paid ***to external agents***, the Court also held that it could not determine that Bermuda law would provide for such a remedy against a corporate officer like Mr. Kozlowski.  Op. at 10.  The Court also did not address whether, even if Bermuda did permit some form of forfeiture of compensation, there might be material differences between the way the two jurisdictions would apply that remedy.  For example, the Court did not determine whether New York and Bermuda might differ on the question of whether and how any forfeiture should be apportioned to allow the defendant to keep any benefits for which value was provided while disgorging only those benefits flowing directly from the alleged disloyalty.  Even if the two jurisdictions recognized the remedy but applied it differently, a choice-of-law analysis would be required, *see, e.g., In re Grand Theft Auto Video Game Consumer Litig. II*, 251 F.R.D. 139, 147-8 (S.D.N.Y. 2008), and a reversal by the Court of Appeals on the choice-of-law question would require remand to the District Court for further proceedings.

**III.     There Is Substantial Grounds For Difference Of Opinion.**

Tyco's attempt to support the Court's choice-of-law analysis (as detailed above in Section I) is limited to trying to characterize it as a detailed analysis of facts in the record.  Apart from this mischaracterization, Tyco cites no legal authority to support the bases on which the Court actually reached its decision to apply New York law.

*First*, Tyco cites no authority to show that New York can be presumed to be the center of gravity of the claims and counterclaims in this civil action based on the fact that the jury in a related criminal case found that the crimes occurred "in New York and elsewhere."  Tyco does not dispute that the jury was not asked to and did not determine how much of the conduct occurred in New York versus elsewhere.  Nor can Tyco dispute that the heart of the criminal case was about Mr. Kozlowski's alleged misuse of Tyco compensation and benefits programs, in amounts beyond those authorized by the Tyco board of directors, at a time when Tyco was a Bermuda company with its principal place of business in Bermuda, and where all such authorizations occurred at board meetings held in Bermuda.

*Second*, Tyco cites no authority to support the notion that New York should be held to be the center of gravity of this civil case when one of the 23 criminal counts – a larceny count relating to the New York Relocation Program – appeared to "relate" to New York.  Tyco cannot dispute that "relating" to New York is not the same as being "centered" in New York.  Tyco does not offer any authority for basing the Court's choice-of-law analysis for all 23 claims and Mr. Kozlowski's counterclaims on that single count's "relating" to New York.

*Third*, Tyco cites no authority to support that there is any relevance to the fact that Mr. Kozlowski spent some fraction of the proceeds of his alleged wrongful conduct in New York. The fact that some fraction of the funds allegedly stolen from a Bermuda company were spent in New York is of no consequence to a proper choice-of-law analysis.

6

23371139

***Finally***, Tyco cites no authority to support this Court's failure to consider the key factors that ordinarily are held to be determinative in a choice-of-law "interests" analysis, including:

- The place where the injury was inflicted – normally the key inquiry for conduct-regulating torts. Kozlowski Br. at 14. The situs of such an alleged injury is Bermuda, where Tyco maintained its principal place of business and was located at all relevant times. Mr. Kozlowski's convictions were based on his alleged taking of compensation in amounts beyond those permitted by the Bermuda company's compensation plans as they were duly authorized by the Bermuda company's board of directors.

- The state of incorporation – normally the key inquiry for breach of fiduciary duty claims under the internal affairs doctrine. Kozlowski Br. at 13. Tyco was incorporated in Bermuda at all relevant times.[2]

Given the Court's disregard of the factors traditionally found to be determinative of a proper choice-of-law analysis and reliance on other, unprecedented factors, like the jurisdiction of a related criminal case, even if the Court is "confident that it has come to the proper conclusions," there must be "room for difference of opinion." *N.Y. Racing Ass'n v. Perlmutter Publ'g*, 959 F. Supp. 578, 584 (N.D.N.Y. 1997).

## IV.    An Immediate Appeal Would Materially Advance The Litigation.

Mr. Kozlowski's initial brief set out the extensive efficiencies to be gained by the immediate appeal of the Court's choice-of-law analysis pursuant to Section 1292(b). Kozlowski Br. at 2-3, 7-8, 10, 15-16. Tyco's response confirms that it contemplates resource-intensive further proceedings that would be a wasted effort if the Court's decision is later reversed.

---

[2] Notwithstanding Tyco's misrepresentation of the facts of *Tyco Int'l Ltd. v. Walsh*, No. 02 Civ. 4633 (DLC), 2010 WL 4118074 (S.D.N.Y. Oct. 20, 2010), that case is highly relevant to this one. In this action, Mr. Kozlowski is accused of wrongdoing for making the payment at issue in *Walsh*. *See* Amended Complaint, dated April 1, 2003 ¶¶ 75-87. Moreover, the allegations against both Mr. Walsh and Mr. Kozlowski were based on their taking of compensation beyond that authorized by the Tyco board at a time when Tyco was a Bermuda company. Finally, Mr. Walsh's criminal case, like Mr. Kozlowski's, was prosecuted in New York courts. Mr. Walsh would have had to allocute to the same *de minimus* criminal jurisdictional requirement that formed the basis of the Court's choice-of-law analysis here. Nevertheless, Judge Cote found that Bermuda law applied.

Specifically, Tyco appears to advocate that the next step in this litigation should be a second round of summary judgment proceedings in which Tyco will seek to prove entitlement to a specific dollar amount on its "faithless servant" claim for disgorgement.  Tyco Br. at 11. Putting aside the question of whether Tyco should be allowed to make serial summary judgment motions, whether the next step is summary judgment or trial, it is clear that any resources the parties and the Court are required to expend on litigating the precise value of the "faithless servant" claim will be for naught if the Second Circuit reverses this Court's choice-of-law ruling. If the Second Circuit holds that Bermuda law applies, the proceedings to determine the amount of the disgorgement remedy will either have been totally irrelevant (if it is determined that Bermuda does not recognize such a remedy) or need to be done over (if it is determined that Bermuda recognizes the remedy but applies it differently from New York).

Tyco offers no rationale for how the interests of efficiency and judicial economy would be served by embarking now on such a resource-intensive process to determine the dollar amount of a remedy that may be found to be unavailable after appeal.  Efficiency would best be served by first resolving the serious doubt about whether the remedy is available.  Finally, Tyco does not even attempt to identify any prejudice to it that would result from an immediate appeal. Given that interlocutory appeal offers extensive judicial efficiencies, with no identifiable drawbacks, Section 1292(b) certification is not only warranted but appropriate.

## V.   Judgment Should Be Entered Pursuant To 54(b) On Mr. Kozlowski's Counterclaims.

In his initial brief, Mr. Kozlowski demonstrated that immediate judgment should be entered pursuant to Rule 54(b) on his counterclaims for deferred compensation accrued after September 1995.  Kozlowski Br. at 16-21.  Tyco's arguments in response are based either on misstatements of applicable law or misunderstanding of the relief sought.

8

Tyco provides a laundry list of the ways in which Mr. Kozlowski's counterclaims relate to Tyco's affirmative claims.  Tyco. Br. at 14-19.  This list is irrelevant to the proper inquiry.  The question is not whether Tyco can point to some connections between the claims and counterclaims.  The claims and counterclaims both arise from Tyco's relationship with its CEO, and there will no doubt be facts that touch on both parties' claims.  But Rule 54(b) judgment can be entered if the claims have "at least ***some*** different questions of facts and law and [can] be separately enforced."  Tyco Br. at 14 (emphasis added).[3]  As described in his opening brief, Mr. Kozlowski's counterclaims easily meet this standard.  Kozlowski Br. at 20-21.

Tyco next argues that the Court should not enter judgment on any of Mr. Kozlowski's counterclaims because the Court did not make a final determination on his counterclaims for compensation accruing before September 1995.  Tyco Br. at 18.  However, for the purposes of Rule 54(b), "claims" refer to a discrete claim for relief that can be separately enforced, *see* Kozlowski Br. at 18 n.2, and claims can be considered separate "notwithstanding the fact that [they] are contained in a single count."  *See Compania Embotelladora Del Pacifico, S.A. v. Pepsi Cola Co.*, 650 F. Supp. 2d 314, 325 (S.D.N.Y. 2009).  Here, there has been a final determination of Mr. Kozlowski's claims for recovery of the compensation he deferred to his DCP and SERP accounts after September 1995.  There is no reason that those claims (as well as the numerous counterclaims that have been dismissed in full) could not be separately enforced.

Finally, Tyco argues that immediate appeal would hinder efficiency because the remaining claims would proceed to trial before the appeal of the counterclaims is resolved by the

---

[3] Tyco states that Rule 54(b) entry is inappropriate because "it cannot be disputed that Kozlowski's counterclaims and Tyco's affirmative claims and defenses arise out of the same business relationship."  Tyco Br. at 18 (citing *Gidatex, S.r.L. v. Campaniello Imps., Ltd*, 73 F. Supp. 2d 345 (S.D.N.Y. 1999).  But Tyco's own case, *Gidatex*, directly contradicts Tyco, stating that "claims ***may be considered separable*** even if they have arisen out of the same transaction or occurrence" as long as "they involve at least some different questions of fact and law and could be separately enforced."  73 F. Supp. 2d at 347 (emphasis added and internal citations omitted).

Second Circuit.  Tyco seemingly misunderstands the relief sought.  If Rule 54(b) judgment is entered, the Court could logically refrain from proceeding further on the remaining "issues of much lesser importance" until "the basic issue"– choice-of-law – on which the case hinges is resolved on appeal.  *Deltor Corp. v. Gardner*, No. 91 Civ. 8424 (TPG), 1995 WL 679262, at *1 (S.D.N.Y. Nov. 15, 1995) (Griesa, C.J.).

## <u>CONCLUSION</u>

For the reasons stated above and in Mr. Kozlowski's initial brief, Mr. Kozlowski respectfully requests that the Court certify the Opinion for interlocutory appeal and direct final judgment as to Mr. Kozlowski's counterclaims.

Respectfully submitted,
DEBEVOISE & PLIMPTON LLP

/s/ [Robert N. Shwartz]
Robert N. Shwartz (rnshwartz@debevoise.com)
Jyotin Hamid (jhamid@debevoise.com)
Daniel Weiskopf (dweiskop@debevoise.com)
919 Third Avenue
New York, New York 10022
212-909-6000

Dated:  New York, New York          *Counsel to Defendant/Counterclaim*
             February 16, 2011          *Plaintiff L. Dennis Kozlowski*

10