UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
TYCO INTERNATIONAL, LTD., and :
TYCO INTERNATIONAL (US), INC., :
: 02 Civ. 7317 (TPG)
Plaintiffs/Counterclaim :
Defendants, : **OPINION**
:
– against – :
:
L. DENNIS KOZKOWSKI, :
:
Defendant/Counterclaim :
Plaintiff. :
------------------------------------------------x

      Plaintiffs Tyco International, Ltd. and Tyco International, Inc. ("Tyco") sue on numerous claims against their former Chief Executive Officer and Chairman, Dennis Kozlowski, including fraud, breach of fiduciary duty, and breach of contract. On December 1, 2010, this court issued an opinion ruling on the parties' cross-motions for summary judgment. Tyco Intern., Ltd. v. Kozkowski, slip. op., No. 02cv7317, 2010 WL 4903201 (S.D.N.Y. Dec. 1, 2010). The opinion dismissed essentially all of Mr. Kozlowski's counterclaims and granted summary judgment to Tyco as to liability on number of its claims, including on its remedy for disgorgement of all compensation earned by Kozlowski during his period of disloyalty. The opinion relied on New York law rather than Bermuda law in coming to the conclusion that the remedy of disgorgement is appropriate. The court also applied the doctrine of collateral estoppel to

preclude Kozlowski from denying facts established by his criminal convictions. Kozlowski now wishes to challenge the summary judgment rulings on appeal before final judgment in the case, and to do so moves for certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and for entry of partial final judgment on his counterclaims pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

Kozlowski's motions are denied.

**BACKGROUND**

In June 2002, Kozlowski was discharged from Tyco as he faced imminent indictment in the state of New York for sales tax evasion. An ensuing investigation revealed that Kozlowski had conspired with other corporate officers to pilfer Tyco's treasury of tens of millions of dollars. This led to a major New York state criminal case involving various charges. Kozlowski was convicted on 22 felony counts involving his stealing of money from Tyco and his efforts to hide his thefts.

Tyco brought this suit against Kozlowski for, among other things, breach of fiduciary duty. Based on this breach, Tyco seeks to have Kozlowski disgorge all compensation earned during the period of his disloyalty, amounting to several hundred million dollars. Kozlowski, in turn, brought several counterclaims against Tyco seeking payment on unfulfilled compensation agreements. After discovery, both sides moved for summary judgment.

Previous Opinion

In an opinion dated December 1, 2010, this court granted summary judgment as to liability on six of Tyco's 12 causes of action and dismissed completely all but two of Kozlowski's counterclaims, while dismissing the remaining two only in part.  While the court assumes knowledge of the opinion, a brief summary and explanation will be helpful in disposing of the current motion.  The undisputed facts relied on by the court in granting summary judgment on Tyco's causes of action and dismissing Kozlowski's counterclaims came in large part from Kozlowski's criminal convictions, which, via collateral estoppel, established that Kozlowski stole millions of from Tyco through unauthorized bonuses and other compensation and hid his thefts from Tyco through, among other things, the falsification of documents submitted to Tyco's compensation committee.

The court, in its opinion, also had to make a determination as to which law to apply to certain claims, as during much of the time Kozlowski was stealing from and lying to Tyco the company was incorporated in Bermuda.  Kozlowski argued first that a conflict existed between Bermuda law and New York law on the claim for constructive fraud and the remedy of disgorgement, claiming Bermuda, unlike New York, does not recognize the claim of constructive fraud or the remedy of disgorgement.  Kozlowski then argued that Bermuda, as the state of incorporation and principle place of business of Tyco, should have its law

applied in case of conflict under the "internal affairs doctrine" and that Bermuda, as the place of the injury and thus the locus of the tort, had a greater interest in the case. Tyco did not dispute that Bermuda does not recognize a claim for constructive fraud but argued that there was no conflict as to the remedy of disgorgement and that, in any case, it was New York's law that should apply if any conflict exists since New York, as the place of much of the conduct, has a greater interest in the case.

The court could not make a clear determination as to whether Bermuda law would permit disgorgement under these circumstances and so, for the purposes of the choice of law analysis, assumed a conflict as to disgorgement. The court also assumed a conflict as to constructive fraud since Tyco had not disputed Kozlowski's contention that Bermuda did not recognize such a claim.

The court then turned to a choice of law analysis. The court rejected automatic application of Bermuda law based on internal affairs doctrine, finding that the place of incorporation is just one of many factors that must be considered in determining which state has greater interest in having its law applied in a case. The court also determined that in a case such as this, involving a multinational corporation and conduct in multiple jurisdictions, determining the locus of the tort is very difficult. The court thus centered its choice of law analysis on the conduct of Kozlowski. This analysis involved a consideration of all the facts of the case. For example, the court took additional note of

Kozlowski's New York criminal convictions because, as the judge in the criminal case instructed to the jury, for each conviction the jury must have found that Kozlowski or "another for which he is legally accountable" engaged in conduct in New York "sufficient to establish either an element of such offense or an attempt to commit such offense." In other words, for 22 different criminal acts against Tyco, Kozlowski's conduct in some way touched New York. Although not dispositive, this fact was certainly important to the court's analysis. The court also noted, for example, Kozlowski's use of the New York relocation program to steal money from Tyco and his use of stolen funds to purchase artwork in New York. These and other facts made it clear to the court that New York was an important locus of Kozlowski's conduct in this case.

It was the large amount of conduct that occurred in New York that underlay the court's determination that, in this case, New York's interest in deterring such conduct predominated over Bermuda's interest in governing the conduct of officers of corporations incorporated in its territory. As the court said:

> While New York has a clear interest in deterring fraud and theft within its borders, an interest that would be thwarted by applying Bermuda's arguably more lenient standards to Kozlowski's conduct, Bermuda has no corresponding interest in applying those more lenient standards to foreign defendants who cause injury to plaintiffs domiciled in Bermuda.

Kozlowski, 2010 WL 4903201 at *5. With this determination, the court applied New York law and held that Kozlowski may be liable for constructive fraud and that Tyco is entitled to have Kozlowski disgorge all compensation earned during his period of disloyalty to the company. His forfeiture of compensation was also a factor in dismissing many of his counterclaims, which sought payment of unpaid benefits accrued after the beginning of his disloyalty. Thus the choice of law determination was a major part of the disposition of the parties' summary judgment motions.

The Current Motion

Kozlowski now seeks to challenge the court's choice of law and collateral estoppel determinations via two different avenues: interlocutory appeal under 28 U.S.C. 1292(b) and entry of final judgment as to his counterclaims under Fed. R. Civ. Pro. 54(b).

As to the request for interlocutory appeal, Kozlowski claims that the court made a significant error in its choice of law analysis by not using a "center of gravity" approach to determine which jurisdiction had the most contacts with the case--and thus the greater interest in the case--and then applying that jurisdiction's law. Kozlowski accuses the court of instead of overreliance on Kozlowski's criminal convictions and improperly equating "the presence of criminal jurisdiction in New York with a legal presumption that the substantive law of New York should govern civil claims in a related lawsuit." Kozlowski seeks to have the

Court of Appeals rule on the propriety of such an assumption before this case moves forward because absent "an immediate appeal of the Opinion, the Court and the parties will be forced to proceed with an expensive trial on the relatively inconsequential issues remaining after the Opinion."

As to his request for entry of final judgment, Kozlowski argues that since the court dismissed all of his claims based on unpaid benefits accrued after September 1995, the disposition as to those claims is final and there no just reason for delay because judicial efficiency is best served by an immediate appeal.

Tyco opposes both the request for leave to file an interlocutory appeal and the request for entry of final judgment. Tyco argues that both requests will, in fact, delay, not advance, termination of this litigation and that Kozlowski has failed in all respects to meet the burden needed to invoke these exceptions to the general rule that appeals will be heard only after an entire case is concluded. Tyco has also separately moved for summary judgment on certain of its damages claims, which may be dispositive of its right to recovery.

**DISCUSSION**

Interlocutory Appeal

The availability of interlocutory appeals is an exception to the general rule that federal appeals courts have jurisdiction only over appeals from final decisions. This exception is used only in "exceptional cases" where early appellate review might "avoid protracted and

expensive litigation." Telectronics Proprietary, Ltd. v. Medtronic, Inc., 690 F. Supp. 170, 172 (S.D.N.Y. 1987). A court may grant leave to file an interlocutory appeal only if it finds that three conditions have been met: first, that ruling on which the appeal is sought involves a controlling question of law; second, that there is substantial ground for a difference of opinion as to that controlling question of law; and, third, that an immediate appeal will materially advance the litigation. 28 U.S.C. § 1292(b).

### Controlling Question of Law

"A question of law is controlling if reversal of the district court's order would terminate the action" or "if it substantially affects a large number of cases." In re Payroll Exp. Corp., 921 F. Supp. 1121, 1126 (S.D.N.Y. 1996).

While the court's determination that New York's, rather than Bermuda's, law applied in this case was quite important, it was not controlling. If reversed, and Bermuda law were applied, the reversal would not terminate the action, and in fact would leave the court in precisely the same position it currently finds itself. If the Court of Appeals determines that Bermuda's law applies and then this court determines that Bermuda's faithless service doctrine did not cover Kozlowski's activity, Kozlowski's counterclaims would still be dismissed on the alternative theories discussed by the court in its previous opinion: fraudulent inducement, ERISA forfeiture, and unclean hands. As to

Tyco's remedy, if Bermuda's faithless service doctrine is held not to apply, the court would be in the same position of having to inquire into the extent of damages, only the tool of measurement would be affected by a reversal.

A reversal would also not affect a large number of cases. Kozlowski attempts in his description of the court's opinion--particularly his claim that court utilized a presumption that criminal jurisdiction equates to a center of gravity--to give the opinion a broader scope than it actually has. But Kozlowski's description of the previous opinion distorts the court's reasoning. The court invoked no presumptions as to the relationship between criminal jurisdiction and choice of law analysis-- nowhere is such a presumption even contemplated. Rather than presume anything, the court engaged in a detailed factual analysis and then compared the interests of New York to the interests of Bermuda based on that analysis. The proper framing of the question of law involving this court's choice of analysis is whether the conduct of Kozlowski connected to New York gives New York an interest that outweighs Bermuda's interest, which is based on Tyco's previous incorporation there, which underlies both Kozlowski's internal affairs argument, and his argument that Bermuda is the place of the injury. This question of law, properly framed, is fact-specific and therefore the answer to it would in no way affect a large number of cases.

Substantial Ground for Difference of Opinion

In deciding whether to grant interlocutory appeal, substantial ground for difference of opinion exists when there is conflicting authority on the question, or the question is particularly difficult and of first impression for the circuit.  In re Citigroup Pension Plan Erisa Litigation, No. 05cv5296, slip op., 2007 WL 1074912, at *2 (S.D.N.Y. 2007). Kozlowski adds to his mischaracterization of this court's reasoning by misinterpreting New York's choice of law rules and thereby fails to demonstrate that there is any substantial ground for difference of opinion on the court's fact-specific finding that New York, rather than Bermuda, has the greater interest in this case.

Throughout his most recent motion, Kozlowski relies on the "center of gravity" approach developed in New York in the 1960s as an alternative to the *lex loci* approach of the First Restatement.  To this end, Kozlowski cited, as evidence of the controlling law in this case, Babcock v. Jackson, 12 N.Y.2d 473 (1963).  The "center of gravity" approach developed in Babcock, however, went out of style with respect to torts almost as soon as it emerged, and was replaced by an interest analysis. Miller v. Miller, 22 N.Y.2d 12, 15-16 (1968) ("[T]he rule which has evolved clearly in our most recent decisions is that the law of the jurisdiction having the greatest interest in the litigation will be applied. . . .").  Later, in one of the most cited choice of law cases, not just in New York, but in the country, the New York Court of Appeals does not mention "center of

gravity" once, and instead focuses its inquiry on the "relative interests" of the opposing jurisdictions "in having their laws apply." Schultz v. Boy Scouts of America, Inc., 65 N.Y.2d 189, 198 (1985). Importantly for this case, the Court of Appeals goes on to note the importance of a jurisdiction's interest in the deterrent effect application of a law will have on future tort-feasors. Id. at 200. Furthermore, the New York Court of Appeals has recognized that the locus of an injury causing economic harm, as is present in the instant case, "is not as readily identifiable as it is in torts causing physical harm." Sybron v. Wetzel, 46 N.Y.2d 197, 205 (1978).

Following the parameters set by these cases, the court, in its previous opinion, analyzed the facts of the case and compared the interests of New York and Bermuda. While the court found New York's interest in maximizing the deterrent effect its laws on those who operate within its borders to be controlling in this case, reasonable minds could certainly differ. Instead of playing on the same field, however, Kozlowski in his motion merely points to Tyco's incorporation in Bermuda and the occurrence of board meetings there. Kozlowski makes no argument as what this means for Bermuda's interest in this case or how Bermuda's interest compares to New York's, instead Kozlowski merely asserts Bermuda's controlling interest as if the just-mentioned facts were conclusive, which they may have been under a "center of gravity" approach, but for which they are not in a proper interest analysis.

Furthermore, a case in this district, cited by the court in its previous opinion, with similar facts to this case, came to a similar result. University of Montreal Pension Plan v. Banc of America Securities, LLC, 446 F. Supp. 2d 163 (S.D.N.Y. 2006). In that case the court rejected application of the laws of the state of incorporation and applied New York law, when, as here, the state of incorporation had "only limited connection to the conduct at issue," id. at 193, and where, as here, the breach of fiduciary duty related to conduct that occurred in New York. Id. at 194-95.

Thus Kozlowski has not shown any conflicting authority on the question he seeks to appeal on or even that this question is a particularly difficult one to answer.

### Materially Advance the Litigation

Immediate appeal is considered to "advance the ultimate termination of the litigation," if that appeal promises to advance the time for trial or shorten the time required for trial. Consub Delaware LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305, 310 (S.D.N.Y. 2007). In addition, the efficiency of both the district court and the appellate court are to be weighed in determining whether an immediate appeal warranted, and the benefit to the district court of avoiding unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals of the same case. Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991).

The previous opinion determined issues of liability that would be unaffected by a reversal on its choice of law determination. Thus, as noted above, any reversal would leave the parties and the court in the same position it is currently. In addition, based on the previous opinion, Tyco now seeks summary judgment on damages, which may resolve all outstanding issues. Thus a case that has been pending for more than 8 years is finally nearing completion. Any interlocutory appeal at this time would delay, not advance, that completion.

Furthermore, even if the case ultimately goes to trial on damages, such a trial might raise additional appealable issues. Therefore, it would be more efficient for this court to proceed to trial and gather all information as to various damage measurements so that any ultimate appeal could be finally disposed of by Court of Appeals, whatever choice of law is approved. See Foster v. Maldonado, 433 F.2d 348, 348-49 (3d Cir. 1970).

For the reasons stated, Kozlowski's motion for certification for interlocutory appeal is denied.

Entry of Final Judgment

The Federal Rules of Civil Procedure give the court discretion to enter a final judgment as to less than all the claims in an action, if it decides that the ends of justice so require. Fed. R. Civ. Pro. 54(b). Three requirements must be met before this discretion may be exercised. First, multiple claims must be involved. Second, at least one of those claims

must be finally decided.  Third, the court must find that there is no just reason for delaying an appeal.  As described by the Supreme Court, "the District Court is used as a 'dispatcher.'  It is permitted to determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal."  Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435 (1956).

Although the first two requirements are obviously met in this case--12 of Kozlowski's 14 counterclaims were dismissed completely--the third requirement is not met.  As discussed above regarding interlocutory appeal, any appeal at this time will have the undesirable effect of delaying the trial of the unadjudicated matters without gaining any offsetting advantage in terms of the simplification and facilitation of that trial.  See Campbell v. Westmoreland Farm, Inc., 403 F.2d 939, 942 (2d Cir. 1968).  After more than 8 years, we are nearing the end of this case--whether through a trial on damages or further motion practice.  At the end of this upcoming process, there will likely be additional issues on which Kozlowski, and maybe even Tyco, would like to appeal.  Allowing an appeal of some issues at this point would have the unwelcome result of producing parallel, piecemeal appeals.  This is something that should be avoided.  Furthermore, Kozlowski can show no serious prejudice--economic or otherwise--that will caused by delaying his appeal until this

case is finally decided, hopefully in near the future.  See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 11-12 (1980).

For these reasons, Kozlowski's motion for entry of final judgment is denied.

## CONCLUSION

Kozlowski's motions for certification for interlocutory appeal and entry of final judgment are denied.

This disposes of the motion listed as document 82 on this docket.

- 16 -

SO ORDERED.

Dated: New York, New York
       May 24, 2011

_____
Thomas P. Griesa
U.S.D.J.