## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYCO INTERNATIONAL LTD. and TYCO INTERNATIONAL (US) INC., ) ) | Case No. 02-cv-7317 (TPG) |
| Plaintiffs/Counterclaim Defendants, ) | |
| **v.** ) | |
| L. DENNIS KOZLOWSKI, ) | |
| Defendant/Counterclaim Plaintiff ) | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## TYCO INTERNATIONAL LTD.'S AND TYCO INTERNATIONAL (US) INC.'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DAMAGES

Marshall Beil
MCGUIREWOODS LLP
1345 Avenue of the Americas
New York, NY 10105-0106
Telephone: (212) 548-2100
mbeil@mcguirewoods.com

Charles Wm. McIntyre
MCGUIREWOODS LLP
2001 K. Street N.W.
Suite 400
Washington, D.C. 20006-1040
Telephone: (202) 857-1700
cmcintyre@mcguirewoods.com

*Counsel for Plaintiffs/Counterclaim
Defendants Tyco International Ltd. and
Tyco International (US) Inc.*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................ 1

ARGUMENT ........................................................................................................... 1

I.     Kozlowski Fails To Carry His Burden To Establish A Genuine Issue For Trial .............. 1

II.    Because Kozlowski Has Presented No Evidence To Refute Tyco's Damages Calculations, Those Calculations Are Established As A Matter Of Law .......................... 3

      A.    The Amount of W-2 and Stock Option Compensation Subject to Disgorgement is Established.......................................................................... 3

            1.    Dividends and Vesting Amounts from Awards of Restricted Stock Are Compensation Subject to Disgorgement............................................. 3

            2.    Kozlowski's Stock Options Are Compensation Subject to Disgorgement And Kozlowski Does Not Dispute Their Value................. 4

            3.    Kozlowski Must Disgorge the Amounts of Federal Income Tax Tyco Paid on His Behalf.......................................................................... 7

      B.    The Amount of Kozlowski's KELP Balance Has Been Determined ................... 7

      C.    Tyco Is Entitled to Prejudgment Interest. ............................................................. 9

III.    Tyco Has Not Waived Its Right To Recover Faithless Servant Damages....................... 9

IV.    Kozlowski's Claim That His Disgorgement Should Be Apportioned Has Already Been Decided .......................................................................................................... 11

CONCLUSION....................................................................................................... 13

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Aurecchione v. N.Y. State Div. of Human Rights,*
   771 N.E.2d 231 (N.Y. 2002)..................................................................................9

*Bravin v. Fashion Week, Inc.,*
   342 N.Y.S.2d 971 (N.Y. Civ. Ct. 1973).............................................................10

*Design Strategies, Inc. v. David,*
   348 F. Supp. 2d 649 (2006) ................................................................................12

*Fendi S.R.L. v. Burlington Coat Factory Warehouse Corp.,*
   689 F. Supp. 2d 585 (S.D.N.Y. 2009)...........................................................2, 5, 7

*HSH Nordbank AG N.Y. Branch v. Swerdlow,*
   2010 U.S. Dist. LEXIS 28053 (S.D.N.Y. March 24, 2010) ...............................9

*Luskin v. Seoane,*
   641 N.Y.S.2d 478 (N.Y. App. Div. 1996) .......................................................2, 10

*Old Colony Trust Co. v. Comm'r,*
   279 U.S. 716 (1929)..............................................................................................7

*Phansalkar v. Andersen Weinroth & Co., L.P.,*
   344 F.3d 184, 187 (2d Cir. 2003)..................................................................4, 5, 12

*Schwan-Stabilo Cosmetics GMBH & Co. v. Pacificlink Int'l Corp.,*
   401 F.3d 28 (2d Cir. 2005)....................................................................................1

*Spodek v. Park Prop. Dev. Assocs.,*
   759 N.E.2d 760 (N.Y. 2001)..................................................................................9

*United States v. Yonkers Bd. of Educ.,*
   856 F.2d 7 (2d Cir. 1988)............................................................................. passim

*Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.,*
   315 F. Supp. 2d 347 (S.D.N.Y. 2003)...................................................................8

*West-Fair Elec. Contractors v. Aetna Cas. & Sur. Co.,*
   78 F.3d 61 (2d Cir. 1996)............................................................................. passim

*William Floyd Union Free Sch. Dist. v. Wright,*
   877 N.Y.S.2d 395 (N.Y. 2009) ............................................................................12

**STATUTES**

N.Y. C.P.L.R. § 5001 ............................................................................................................ 9

N.Y. C.P.L.R. § 5004 ............................................................................................................ 9

I.R.C. § 83 ............................................................................................................................ 6

26 C.F.R. § 1.83-1 ................................................................................................................ 6

Fed. R. Civ. P. 56(e) ........................................................................................................ 6, 7

**OTHER AUTHORITIES**

Local Rule 56.1(D) ........................................................................................................... 6, 7

**PRELIMINARY STATEMENT**

In its motion for summary judgment on damages, Tyco provided unimpeachable evidence

supporting the amount of damages attributable to those claims the liability for which previously

was decided against Kozlowski by this Court.  Despite requesting and receiving from this Court

a 90-day extension to respond to Tyco's motion on the basis that he "will need to heavily rely on

[his] financial and tax advisor to help [his team] analyze and respond to [Tyco's] allegations,"

Kozlowski offers *no* alternate calculations and submits no affidavit or any other credible

evidence disputing Tyco's figures.  Accordingly, Tyco is entitled to judgment on the full amount

sought in its motion, plus prejudgment interest.

The vast majority of Kozlowski's brief is spent improperly re-litigating issues of liability

and asserting, despite his convictions for stealing from Tyco while serving as its Chief Executive

Officer, that he was an exceptional CEO.  Indeed, one of his few challenges to Tyco's damages

claims is that he is entitled to performance based bonuses.  These recycled arguments are

irrelevant, having already been decided against him by a jury of his peers, by the appellate courts

of this state, and by this Court.

**ARGUMENT**

**I.    Kozlowski Fails to Carry His Burden to Establish a Genuine Issue For Trial.**

Once a court determines liability and a plaintiff establishes the amount of its damages,

the court may grant summary judgment on damages so long as the nonmoving party is on notice

of the motion.  *See Schwan-Stabilo Cosmetics GMBH & Co. v. Pacificlink Int'l Corp.*, 401 F.3d

28, 33 (2d Cir. 2005).  A party can defeat a motion for summary judgment on damages only if it

carries its "'burden of coming forward with evidence directed to specific facts showing that there

is a genuine issue for trial.'"  *West-Fair Elec. Contractors v. Aetna Cas. & Sur. Co.*, 78 F.3d 61,

63 (2d Cir. 1996) (citation omitted).  And, once a plaintiff establishes the amount to be

disgorged, the burden shifts to the defendant to prove that the amount is incorrect. *Fendi S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp. 2d 585, 621 (S.D.N.Y. 2009). Kozlowski has not met this burden. (*See generally* (Brief in Opposition to Tyco's Motion for Damages (Dkt. 102) ("Dam. Br. Opp'n") 1-25; Statement of Additional Material Facts in Dispute (Dkt. 103) ("SDF") and Exhs. 1-23 (Dkt. 104).)

Kozlowski devotes the first twenty pages of his brief and nearly all of his SDF to resurrecting arguments he raised and lost, or should have raised, at the liability stage. This Court previously ruled, however, that Kozlowski, "to say the least," breached his fiduciary duty to Tyco and ordered him to disgorge "all" compensation earned during his seven-year period of disloyalty. (Op. 17-19 (Dkt. 79).) This Court ruled that the disloyalty period "spanned from, at the latest, September of 1995, until Kozlowski's dismissal in June 2002." (*Id.*) While Kozlowski claims that the parties did not brief and this Court did not address the "intricacies" of the faithless servant doctrine, this Court, in fact, decided the faithless servant issue against Kozlowski twice – once on Tyco's claims (Op. 18-19) and again on Kozlowski's counterclaims (Op. 23-24 (section titled "Faithless Servant Doctrine"). This Court also found that "Kozlowski does not dispute that he was terminated for cause, or that he has failed to repay amounts due on his [Key Employee Loan Program or "KELP"] loans," and that Kozlowski's failure to dispute this claim entitles Tyco to summary judgment on its contract claim. (Op. 19.)

Kozlowski is estopped from re-litigating these liability issues. *United States v. Yonkers Bd. of Educ.*, 856 F.2d 7, 11 (2d Cir. 1988) (discussing the law of the case doctrine); *Luskin v. Seoane*, 641 N.Y.S.2d 478, 479 (N.Y. App. Div. 1996) (holding the defendant is collaterally estopped from re-litigating liability issues and ordering forfeiture of compensation earned during the period of criminal activity and disloyalty).

In his SDF, Kozlowski challenges none of Tyco's valuations or damages calculations

other than his KELP balance, which he summarily claims is disputed because the outstanding

balance Tyco identified in 2007 has changed in the intervening years.  (SDF ¶ 118.)

Kozlowski's exhibits do not rebut, or even address, Tyco's damages calculations.[1]  Accordingly,

Kozlowski's SDF and Response to Tyco's Statement of Undisputed Facts (Dkt. 96) ("SUF")

present no obstacle to summary judgment.  *West-Fair Elec.*, 78 F.3d at 63.

**II.   Because Kozlowski Has Presented No Evidence to Refute Tyco's Damages
Calculations, Those Calculations are Established as a Matter of Law.**

    **A.   The Amount of W-2 and Stock Option Compensation Subject to
Disgorgement is Established.**

        **1.   Dividends and Vesting Amounts from Awards of Restricted
Stock Are Compensation Subject to Disgorgement.**

Kozlowski does not dispute Tyco's calculation of his W-2 income from 1995-2002,

except to incorrectly state as a general proposition (without citing to any evidence or any sworn

statement, including one of his own) that he need not disgorge compensation paid when

restricted stock vested during the period of disloyalty or when dividends were paid on unvested

restricted stock during that period.  (Dam. Br. Opp'n 22-23.)

The awards at issue were grants of *restricted* stock, *i.e.*, conditional grants of stock which

would have been surrendered or cancelled had his employment ended.  (Supp. Auger Decl. ¶ 8.)

The award agreements provide that this stock did not vest until certain conditions were met,

including Kozlowski's continued employment for a period of time, and Kozlowski could not

---

[1]  Kozlowski's exhibits comprise (1) testimony about the strength of his managerial skills
(Declaration of Tricia B. Sherno in Support of Kozlowski's Opposition to Tyco's Motion for
Partial Summary Judgment ("Sherno Decl.") (Dkt. 104), Exhs. 1-4; (2) SEC filings purporting to
show that Tyco performed well under his leadership and that Tyco's "modest" financial
restatements were unrelated to Kozlowski's disloyal acts (*id.*, Exhs. 5-15); (3) Compensation
Committee minutes showing discussions of Kozlowski's performance bonuses (*id.*, Exhs. 16-
20); and 4) pleadings from Tyco's § 16(b) action against Kozlowski and discovery responses
from this action (*id.*, Exhs. 21-23).

transfer the stock until it vested. (*Id.* ¶¶ 9-11.) Had Kozlowski been dismissed in 1995, any

grant of restricted stock before then would not have vested. (*See id.*) Accordingly, the restricted

shares did not become Kozlowski's compensation until they vested and dividends on unvested

shares did not become compensation until they were paid. (*Id.*) The grant dates of the restricted

stock awards at issue are irrelevant.

Moreover, Kozlowski cites no legal authority to suggest that Tyco is not entitled to

disgorgement of vesting stock that occurred or dividends paid during his period of disloyalty on

stock awards made in previous years. And, the Second Circuit has ruled to the contrary. *See*

*Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 187 (2d Cir. 2003) (requiring

disloyal employee to forfeit all compensation earned after the first act of disloyalty, including

$4.4 million in stock awarded for services faithfully rendered).

Because Tyco specifically excluded from the disgorgement amount compensation paid

before September 1, 1995, any dividends paid or stock vesting that occurred before the disloyalty

period began are not included in the amount of compensation to be disgorged. (First Auger

Decl., Exh. 1 (Tyco Summary W-2 Compensation Chart, columns B, C, and L); Supp. Auger

Decl. ¶¶ 6-7, 12-13.) Accordingly, the amounts representing dividends and vested stock

reflected on Kozlowski's W-2s from 1995-2002, as set out in Tyco's motion, are established.

(First Auger Decl. (Dkt. 95) ¶¶ 4-8; Tyco's SUF ¶¶ 3-6.)

       2.    **Kozlowski's Stock Options Are Compensation Subject to**
              **Disgorgement And Kozlowski Does Not Dispute Their Value.**

Tyco seeks disgorgement of stock options Kozlowski earned as compensation during his

period of disloyalty. (Tyco's Damages Motion (Dkt. 93) ("Dam. Mot.") 10-13.) Kozlowski

does not dispute that Tyco is entitled to disgorgement of the value of these stock options, nor

could he. (*See generally* Dam. Br. Opp'n 24-26.) The Second Circuit has confirmed that stock

options are compensation subject to disgorgement by a faithless servant. *See Phansalkar*, 344 F.3d at 208-10.

Rather than squarely address Tyco's calculation, Kozlowski claims, incorrectly, that Tyco treats "the proceeds from the [Family] Partnerships' exercise of the options as 'compensation.'" (Dam. Br. Opp'n 20.) As is evident from Tyco's brief and supporting documents, Tyco used the exercise price *only* to calculate the options' *value*, employing publicly available information, *i.e.*, the spread between the exercise price and market price on the day they were exercised, commonly used to value stock options. (*See* Dam. Mot. 6-8; First Auger Decl. ¶¶ 9, 33-34, 47, 50, 53). Kozlowski does not dispute this valuation method, nor does he provide an alternate valuation method or amount to this Court, and therefore raises no genuine issue of fact. *See* Fed. R. Civ. P. 56(e); Local Rule 56.1(D); *Fendi*, 689 F. Supp. 2d at 621.

Kozlowski also claims Tyco's position that the options are compensation "is directly at odds with the position Tyco has taken on the same issue in its dealings with the U.S. Internal Revenue Service" because "[i]f the exercise of the options were compensation of Mr. Kozlowski, Tyco, as Mr. Kozlowski's former employer, would have been obligated to report that compensation in its tax filings and to pay required withholdings to the U.S. Treasury." (Dam. Br. Opp'n 21-22.) This argument is irrelevant and disingenuous.

First, the stock options at issue were paid to Kozlowski in connection with the performance of services and, accordingly, they are compensation. (Supp. Auger Decl. ¶ 15.) The fact that, after receiving payment of the options, Kozlowski transferred them to Family Partnerships or deferred their inclusion in his income does not change that Tyco paid Kozlowski these stock options as compensation during the period of disloyalty. (*Id.*) Second, the tax code and IRS regulations mandate when and how corporations account for compensation, and this

authority *prohibits* the tax treatment Kozlowski suggests, which Kozlowski himself has acknowledged. *See* I.R.C. § 83; 26 C.F.R. § 1.83-1; I.R.S. Fact Sheet FS-2005-11 (Feb. 22, 2005). Kozlowski reported to the IRS on his 2007 federal tax return that in 2014 and 2015 he will recognize income from the stock options "and the employer, Tyco, will be entitled to a compensation deduction" at that time. (First Auger Decl., Exh. 24.) Third, in his court-ordered report to Tyco of his assets and liabilities, Kozlowski confirmed that "federal income taxes shall be owed on the amount of              for the year 2014" and "on the amount of               for the year 2015." (Suppl. Auger Decl., ¶¶ 17.) Finally, Kozlowski provided Tyco with an Opinion Letter from Arthur Anderson

.[2] (Suppl. Auger Decl. ¶ 18.)

Kozlowski also claims that Tyco's position here "is at odds with" a position it has taken in other litigation that Kozlowski's transfer of the options to the Partnerships was an "arm's length" transaction. (Dam. Br. Opp'n 21.) Again, Kozlowski sets up a straw man to try to create a dispute where none exists. Contrary to Kozlowski's assertion, Tyco is *not* "essentially asking this Court to treat Mr. Kozlowski and the Partnerships as interchangeable and to treat the transfer as a non-event." (*Id.* 21-22.) As just explained, Tyco used the realized gain – the difference in market price and exercise price – only as a mechanism for valuing the options it paid him during

---

[2]

**REDACTED**

the period of disloyalty; it is not trying to claw back Partnership property.  (Dam. Mot. 6-8.)

(The ultimate source of any monies Kozlowski is required to pay Tyco is irrelevant.)

Because Kozlowski offers no evidence whatsoever that Tyco's stock option valuations

are incorrect, those valuations are established.  Fed. R. Civ. P. 56(e); Local Rule 56.1(D); *Fendi*,

689 F. Supp. 2d at 621.  Kozlowski's conclusory statement that "[t]he [stock options] issue is a

complex one" cannot defeat summary judgment.  *West-Fair Elec.*, 78 F.3d at 63.

### 3.   Kozlowski Must Disgorge the Amounts of Federal Income Tax Tyco Paid on His Behalf.

This Court ordered Kozlowski to "forfeit all compensation *earned*."  (Op. 19 (emphasis

added).)  In a flawed effort to avoid this ruling, Kozlowski resorts to arguing that he need not

disgorge the federal taxes Tyco paid on his behalf because such amounts "were not '*received*' by

him."  (Dam. Br. Opp'n 23 (emphasis added).)

Kozlowski does not and cannot dispute that Tyco paid *Kozlowski's* tax liability on his

behalf, as federal tax withholding laws require.  Thus, the taxes paid were Kozlowski's, not

Tyco's, and the benefit he received must be disgorged.[3]  *Old Colony Trust Co. v. Comm'r*, 279

U.S. 716, 729 (1929) (the payment of taxes on an employee's behalf, even though the payment is

to the government, "is the equivalent to receipt by the person taxed" and is "a gain derived by the

employee.").

### B.   The Amount of Kozlowski's KELP Balance Has Been Determined.

Though Kozlowski did not deny at the liability stage that he owed money on his KELP

balance (*see* Liab. Br. Opp'n 20-21), he now tries to contest that liability, claiming he was not

terminated for cause.  (Dam. Br.Opp'n 24).  Kozlowski failed to respond *in any way* to Tyco's

liability motion on its breach of contract claim.  This Court's previous rulings that the KEL

---

[3]  Kozlowski is free to seek an adjustment from the IRS to his tax liability after he disgorges
compensation from 1995-2002.

"program required that all amounts loaned to an employee would become immediately due upon that employee's termination for cause" and that "Kozlowski does not dispute that he was terminated for cause, or that he has failed to repay amounts due on his loans" (Op. 19), is the law of the case. *Yonkers Bd. of Educ.*, 856 F.2d at 11; *see also Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.*, 315 F. Supp. 2d 347, 350-51 (S.D.N.Y. 2003). Accordingly, the issue is foreclosed and Tyco is entitled to damages under the KELP agreement.[4]

Because Tyco asserted a different − in fact, lower − amount owing on his KELP balance in the instant summary judgment motion than it asserted years ago, Kozlowski claims an issue of fact exists as to the amount of his KELP liability. (Dam. Br. Opp'n 24.) The explanation for this so-called disparity is apparent from Tyco's motion and obviously known to Kozlowski. The first amount was Kozlowski's outstanding KELP balance *as of June 30, 2002.* (Tyco's Brief in Support of Liability Motion, Exh. 9 (Dkt. 47-5), 37.) The amount Tyco claims on summary judgment is the balance owing as of *December 31, 2010.* (First Auger Decl., ¶¶ 11, 59-60; Dam. Mot. 10-11.) This lower amount reflects credits for restitution Kozlowski paid following his criminal convictions and amounts the company recovered by selling artwork and wine Kozlowski purchased with money he stole from Tyco. (First Auger Decl., ¶¶ 8, 26-27; Exh. 30, pp. 8-9.) Tellingly, Kozlowski presents no evidence that Tyco's calculation of the KELP balance is incorrect. Accordingly, Tyco is entitled to judgment on Kozlowski's KELP balance in

---

[4] Even if Kozlowski could argue he was not terminated for cause and this Court accepted that argument, Kozlowski still would be in breach of the KELP contract and Tyco still would be due damages. If an employee is terminated for cause, then "immediate repayment of all outstanding loans and all accrued interest" are due as of the date of termination. (First Auger Decl. Exh. 29 (quoting KELP documents).) However, if terminated "other than for cause," the outstanding loans "together with interest thereon, must be [repaid] within Twelve (12) months of such termination." (*Id.*)

the amount of                    . *West-Fair Elec.*, 78 F.3d at 63; *see also* Dam. Mot. 11; First

Auger Decl. ¶¶ 59-60.

### C.    Tyco Is Entitled to Prejudgment Interest.

Kozlowski maintains that Tyco is not entitled to prejudgment interest on his KELP

balance, citing *Spodek v. Park Prop. Dev. Assocs.*, 759 N.E.2d 760 (N.Y. 2001).  Kozlowski

claims that, unlike *Spodek*, he allegedly defaulted on only one payment, as opposed to a series of

payments, and for this reason Tyco is not entitled to prejudgment interest on its contract

damages.  (Dam. Br. Opp'n 24-25.)  Prejudgment interest awards, however, are meant to remedy

the inequity of a plaintiff being deprived of use of its money, *Aurecchione v. N.Y. State Div. of

Human Rights*, 771 N.E.2d 231, 234 (N.Y. 2002), and whether a defendant defaults on one

payment or several is irrelevant.  *Id.*; *see also HSH Nordbank AG N.Y. Branch v. Swerdlow*, 2010

U.S. Dist. LEXIS 28053, at *17-18 (S.D.N.Y. Mar. 24, 2010) (awarding prejudgment interest

where a defendant defaulted on a single payment).  Accordingly, this Court should enter final

judgment on Tyco's breach of contract claims in the amount of               , plus

prejudgment interest at the statutory rate of nine percent, simple interest, from, at the latest, June

3, 2002 through entry of final judgment, pursuant to N.Y. C.P.L.R. §§ 5001 and 5004.[5]

### III.    Tyco Has Not Waived its Right to Recover Faithless Servant Damages.

Rather than disputing Tyco's damages calculations, Kozlowski spends the vast majority

of his brief revisiting his breach of fiduciary duty defenses.  As he has done for more than half a

decade, Kozlowski contends that Tyco was aware of and condoned or ratified his criminal

---

[5]  Tyco also requested prejudgment interest on the compensation to be disgorged.  (Dam. Mot. 9-
10.)  Kozlowski does not dispute Tyco's entitlement to prejudgment interest on these damages.
(*See generally* Dam. Br. Opp'n 1-25.)  Accordingly, Tyco is entitled to an award of prejudgment
interest on the compensation to be disgorged -               – at the statutory rate of nine
percent, compounded annually from, at the latest, June 3, 2002, through entry of final judgment,
pursuant to N.Y. C.P.L.R. §§ 5001 and 5004.

conduct. (Dam. Br. Opp'n. 6-11; SDF ¶¶ 66-102.) He claims that as a result of Tyco's waiver of "its right to seek disgorgement under the faithless servant doctrine," he should be relieved of disgorging compensation earned during his period of disloyalty. (Dam. Br. Opp'n. 11.) By Tyco's calculation, this is Kozlowski's fifth attempt to avoid liability for his crimes by claiming Tyco knew Kozlowski was draining hundreds of millions of dollars from the company and acquiesced in that conduct.

This Court has previously ruled, however, that Tyco did not have knowledge of Kozlowski's misconduct. (Op. 21-23.) Accordingly, this issue has been decided.

Kozlowski also seeks to liken Tyco's case against him to Tyco's case against his criminal co-defendant Mark Swartz, claiming that "[j]ust as in the *Swartz* case. . . evidence [of Tyco's awareness of Kozlowski's misconduct] raises a factual issue as to whether Tyco has forfeited its right to have Mr. Kozlowski disgorge compensation." (Dam. Br. Opp'n 14.) Kozlowski omits the critical fact that he asserted 14 counterclaims against Tyco seeking hundreds of millions of dollars in benefits and compensation. Once the faithless servant issue was decided on the counterclaims, the Court correctly applied it to Tyco's claims against Kozlowski, and those issues may not be re-litigated here. *Luskin*, 641 N.Y.S.2d at 479.[6] In *Swartz*, unlike here, Tyco's liability *to him* was not at issue because Swartz did not assert any affirmative claims. Accordingly, this Court did not have to reach the faithless servant doctrine as the collateral estoppel analysis ended the inquiry by establishing Swartz's breach of fiduciary duty to Tyco.

---

[6] Additionally, the cases Kozlowski cites each discuss waiver as a defense to liability, not damages, and liability has been decided against Kozlowski. *See, e.g., Bravin v. Fashion Week, Inc.*, 342 N.Y.S.2d 971, 976 (N.Y. Civ. Ct. 1973). Indeed, most of Kozlowski's cited cases address whether the conduct was sufficiently disloyal to constitute a breach of an employment agreement (*see* Dam. Br. Opp'n 16-17); however, Kozlowski did not have an employment agreement with Tyco.

10

This Court stated as much: "[u]nlike the *Kozlowski* case, the issue of disgorgement . . . relates solely to damages." (Swartz Op. 10.)

## IV.   Kozlowski's Claim that His Disgorgement Should be Apportioned Has Already Been Decided.

Kozlowski claims his convictions do not prove that he was disloyal every month of the established period of disloyalty and he invites this Court to parse through the seven-year period to discern which months, if any, contained no bad acts. (Dam. Br. Opp'n 2-3; SDF ¶¶ 67-68.) This Court, however, previously rejected Kozlowski's contention that his disloyalty did not permeate his service to Tyco, carefully examined the collateral estoppel effects of Kozlowski's 22 convictions, and ruled that Kozlowski must disgorge "all," not some, of his compensation from September 1995 through his dismissal in June 2002. (Op. 4-8, 16-19, 23-24.)

In ¶ 67 of his SDF, Kozlowski includes a chart that he asserts establishes that his bad acts "did not permeate his entire period of service" from 1995 to 2002 and that, accordingly, Tyco is not entitled to faithless servant damages. This remarkable chart purports to list every crime Kozlowski was convicted of committing while serving as Tyco's CEO and reveals, according to Kozlowski, that he committed disloyal acts in "*only* 19 of the 82 months for which Tyco seeks disgorgement." (*Id.* (emphasis added).). Under Kozlowski's theory, committing crimes against your employer, on average, nearly four months of every year for seven years not only entitles the employee to retain compensation paid in the months he supposedly did not commit a crime, but qualifies him for performance bonuses. Not surprisingly, this is not the law.[7] *See, e.g.*, *Phansalkar*, 344 F.3d at 187; *William Floyd Union Free Sch. Dist. v. Wright*, 877 N.Y.S.2d 395 (N.Y. App. Div. 2009).

---

[7]  Moreover, Kozlowski misstates his own chart. He boasts that, as reflected in the chart, "the jury did not find a single disloyal act in 1996 or 1997." (SDF ¶ 68.) Not only is this irrelevant and inculpatory, it is wrong. His chart plainly shows he was convicted of falsifying Tyco documents in November 1997. (SDF ¶ 67.)

11

Kozlowski also claims that Tyco and this Court relied on an "archaic formulation" of New York's faithless servant doctrine in arguing for and awarding disgorgement of all pay earned during the period of disloyalty. (Dam. Br. Opp'n 14-15.) Kozlowski is wrong. *See, e.g., Phansalkar*, 344 F.3d at 188 (requiring disloyal employee to forfeit *all* compensation earned after the first act of disloyalty); *William Floyd Union*, 877 N.Y.S.2d at 397.

Finally, Kozlowski's reliance on *Design Strategies, Inc. v. Davis*, 348 F. Supp. 2d 649, 664 (S.D.N.Y. 2006), is unavailing. In that case, the disloyal employee was paid a base salary and a sales commission, pursuant to an employment agreement. The court ordered forfeiture of all salary, but not commissions, earned during the disloyalty period because the disloyalty concerned transactions related to his salaried tasks, not his commission-based tasks. *Id.* The court in *Design Strategies* distinguished *Phansalkar*, on which Tyco and this Court have relied, because, as here, Phansalkar's disloyalty continued through the end of his employment. *Id.*

Even if this Court had not ruled that Kozlowski must disgorge "all" compensation during his period of disloyalty (Op. 18-19, 24), New York law does not support apportioning Kozlowski's compensation on a task-by-task basis. Unlike most of the cases on which he relies, Kozlowski had no employment agreement delineating tasks. (Dam. Br. Opp'n 16-17 (citing to "Board resolutions setting [his] compensation," not to an employment agreement; *see also* SDF Exhs. 16-20 (compensation committee minutes).) Nevertheless, he claims that "[a]pportionment by task or service is appropriate where, *as here*, the *contract of employment* sets out certain compensation for specified tasks . . . ." (*Id.* 16-17) (emphasis added).) Also unlike the

employees in the cases he cites, Kozlowski's disloyalty continued through the end of his employment.[8]  (Op. 18-19, 24.)

Despite this, Kozlowski seeks to retain "bonuses that were based solely on his achieving specific company performance milestones" because he "successfully completed these tasks." (Dam. Br. Opp'n 2.)  At the liability stage, however Kozlowski asserted the exact opposite position, claiming that, as Tyco's chief executive, he was charged with overall stewardship of the company – and *not* merely assigned "certain narrowly defined management tasks."  (LDK Mot. 28-29.)  There is no justification here for apportioning disgorgement to certain tasks the self-proclaimed "steward" of the company performed.  (*Id.*)

## CONCLUSION

Because Kozlowski has failed to meet his "burden of coming forward with evidence directed to specific facts showing that there is a genuine issue for trial," *West-Fair Elec.*, 78 F.3d 61 at 63, Tyco is entitled to judgment on all damages claimed in its Motion for Partial Summary Judgment as to Damages:                          in compensation to be disgorged, and                    in KELP balance.  Tyco also is entitled to prejudgment interest on the compensation amount, compounded annually at 9% beginning, at the latest, June 3, 2002 through

---

[8]  Kozlowski also asserts "[t]here is no allegation (much less undisputed fact) that Mr. Kozlowski's tireless work leading Tyco to the significant growth that resulted in these bonuses was in any way hampered or affected by Mr. Kozlowski's *purported* disloyal acts."  (Dam. Br. Opp'n 18) (emphasis added).)  This statement reflects just how unrepentant Kozlowski remains with respect to the crimes he committed.

**REDACTED**

13

entry of final judgment; and, prejudgment interest on the KELP balance calculated at 9% simple

interest beginning, at the latest, June 3, 2002 through entry of final judgment.

Dated:  July 11, 2011                    Respectfully submitted,
        New York, New York


                                         _____
                                         Marshall Beil
                                         MCGUIREWOODS LLP
                                         1345 Avenue of the Americas
                                         New York, NY 10105-0106
                                         Telephone: (212) 548-2100
                                         mbeil@mcguirewoods.com

                                         Charles Wm. McIntyre
                                         MCGUIREWOODS LLP
                                         2001 K. Street N.W.
                                         Suite 400
                                         Washington, D.C.  20006-1040
                                         Telephone:  (202) 857-1700
                                         cmcintyre@mcguirewoods.com

                                         *Counsel for Plaintiffs/Counterclaim
                                         Defendants Tyco International Ltd. and
                                         Tyco International (US) Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2011, I electronically filed the foregoing *Reply Memorandum of Law In Support of Tyco's Motion For Partial Summary Judgment As To Damages* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert N. Shwartz
Rosa Collette Castello
Shannon Rose Selden
Jyotin Hamid
Debevoise & Plimpton, LLP (NYC)
919 Third Avenue, 31st Floor
New York , NY 10022
212 909 6000
Fax: 212 909-6836
rnshwartz@debevoise.com
rcastell@debevoise.com
srselden@debevoise.com
jhamid@debevoise.com

_____
By Counsel