UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
TYCO INTERNATIONAL, LTD., and :
TYCO INTERNATIONAL (US), INC., :
: 02 Civ. 7317 (TPG)
      Plaintiffs/Counterclaim :
      Defendants, : **OPINION**
:
      – against – :
:
L. DENNIS KOZKOWSKI, :
:
      Defendant/Counterclaim :
      Plaintiff. :
------------------------------------------------x

     Plaintiffs Tyco International, Ltd. and Tyco International (U.S.), Inc. (collectively "Tyco") bring this action against their former chief executive, Dennis Kozlowski, seeking remedies for various acts of wrongdoing committed during his employment. Tyco now moves for partial summary judgment, requiring disgorgement by Kozlowski of compensation and benefits based on the so-called "faithless servant doctrine." For reasons to be explained, the court believes that the issues relating to the faithless servant doctrine cannot properly be resolved by summary judgment. The motion is therefore denied.

## BACKGROUND

     Tyco's complaint asserts 12 causes of action, based on claims of breach of fiduciary duty, fraud, conversion, and so forth. Kozlowski

asserts 14 counterclaims, mainly to the effect that Tyco owes him large sums of money under various compensation and benefit plans.

Tyco made an earlier motion for partial summary judgment. Essentially Tyco asserted that it was entitled to judgment on liability, leaving damages for further proceedings. Tyco further moved to dismiss all of Kozlowski's counterclaims. Kozlowski moved for partial summary judgment dealing with a relatively small part of his counterclaims.

On December 1, 2010, the court handed down an opinion granting summary judgment as to liability on the majority of Tyco's causes of action. The court further dismissed almost all of Kozlowski's counterclaims and denied Kozlowski's motion regarding the counterclaims.

The major issue left open following the above opinion related to damages. Tyco contended and still contends that the questions relating to damages can be resolved by further summary judgment treatment.

It should be noted at this point that Kozlowski has already made restitution to Tyco of amounts actually taken from Tyco. The amount of this restitution is approximately $97 million.

What Tyco is now seeking is the disgorgement of all compensation and benefits paid and granted to Kozlowski during the period of time in which the wrongdoing occurred. This disgorgement is sought under the faithless servant doctrine.

In Tyco's complaint, there is no cause of action literally including the label "faithless servant." As noted earlier, the causes of action are based on theories such as breach of fiduciary duty and conversion. However, Tyco claimed and still claims that there should be a remedy of disgorgement of compensation and benefits based on the faithless servant doctrine.

In the December 1, 2010 opinion, the court expressed itself as being in agreement with Tyco on this general proposition. The court stated:

> Because of the liability that does exist as to certain causes of action, the law of New York is that Kozlowski must forfeit compensation earned during his period of disloyalty. The availability of such a remedy in New York, as discussed above, is known as the "faithless servant doctrine." A faithless servant is one who owes a duty of fidelity to a principal and who is faithless in performance of his services. Feiger v. Iral Jewelry, Ltd., 41 N.Y.2d 928, 928 (1977). A faithless servant forfeits his right to compensation for services rendered by him. Lamdin v. Broadway Surface Advertising Corporation, 272 N.Y. 133, 138 (1936). A faithless servant forfeits all compensation earned during the period of his disloyalty even if his services benefited the principal in some part. See Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184, 208 (2d Cir. 2003).

Tyco International Ltd. v. Kozlowski, 756 F. Supp. 2d 553, 562 (S.D.N.Y. 2010). The court also relied on the faithless servant doctrine in dealing with some of Kozlowski's counterclaims.

However, the application of the faithless servant doctrine was not really closed out in the December 1, 2010 opinion, because there were no findings as to actual amounts of compensation or actual sums of money.

- 3 -

The Present Motion

In March 2011, Tyco made its new motion for partial summary judgment. This motion is the subject of the present opinion.

Tyco seeks to recover on the causes of action where Kozlowski was found liable in the December 2010 opinion. As already indicated, the measure of recovery sought is disgorgement of compensation and benefits pursuant to the faithless servant doctrine. Naturally, Tyco contends that all that needs to be done is to follow up what the court announced in the December 1, 2010 opinion. This would involve, according to Tyco, only a determination of the amounts of money to be disgorged.

The court is constrained to say that it has a different view based on the submissions in connection with the current motion. These submissions indicate that neither the parties nor the court made a thorough review of the issues relevant to the faithless servant doctrine in connection with the earlier motion, and that the general statements about the doctrine in the December 1, 2010 opinion do not deal with certain specific issues which the court is obligated to deal with.

Kozlowski contends that there is an issue about whether the faithless servant doctrine applies. Kozlowski cites case law to the effect that the doctrine only applies when the disloyalty "'permeated the employee's service in its most material and substantial part.'" Sanders v.

Madison Square Garden, L.P., No. 06 Civ. 589 (GEL), 2007 U.S. Dist. LEXIS 48126, at *14 (S.D.N.Y. July 2, 2007) (quoting Phansalkar v. Andersen Weinroth & Co., L.P., 344 F.3d 184, 203 (2d Cir. 2003)). Kozlowski also contends that there has been a waiver by Tyco of all or part of any right to disgorgement under the faithless servant doctrine, citing Aramony v. United Way of Am., No. 96 Civ. 3962 (SAS), 1998 WL 205331, at *8-9 (S.D.N.Y. Apr. 27, 1998).

In the December 1, 2010 opinion, the court made no findings or rulings on either of these points. However, they surely require an appropriate determination.

It is the view of the court, based on the present record, that the issues referred to above cannot be resolved on summary judgment, but involve triable questions of fact.

Consequently, the current motion for partial summary judgment is denied. The court will promptly confer with counsel to frame, and indeed limit, the issues to be tried.

SO ORDERED.

Dated: New York, New York
March 9, 2012

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/9/12

Thomas P. Griesa
U.S. District Judge

- 5 -