UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TYCO INTERNATIONAL, LTD. and :
TYCO INTERNATIONAL (US), INC., :
                                                                      :
               Plaintiffs/Counterclaim    :    No. 02 Civ. 7317 (TPG)
               Defendants,                 :    **ECF CASE**
   v.                                                                 :
                                                                      :
L. DENNIS KOZLOWSKI,                                 :
                                                                      :
               Defendant/Counterclaim   :
               Plaintiff.                     :
                                                                      :
                                                                      :
------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* OF
L. DENNIS KOZLOWSKI TO STRIKE PLAINTIFFS' JURY DEMAND**

DEBEVOISE & PLIMPTON LLP
Robert N. Shwartz (rnshwartz@debevoise.com)
Jyotin Hamid (jhamid@debevoise.com)
Shannon Rose Selden (srselden@debevoise.com)
919 Third Avenue
New York, New York 10022
Telephone: 212-909-6000
Facsimile: 212-909-6836

Dated: New York, New York                *Counsel to Defendant/Counterclaim Plaintiff*
         July 17, 2012                                   *L. Dennis Kozlowski*

23699753

L. Dennis Kozlowski respectfully submits this memorandum of law, pursuant to Fed. R. Civ. P. 39(a)(2), in support of his motion to strike the demand for jury trial made by Tyco International Ltd. and Tyco International (US), Inc. (together, "Tyco").

## **PRELIMINARY STATEMENT**

At the upcoming trial, Tyco intends to seek disgorgement, pursuant to the so-called "faithless servant" doctrine, of compensation and benefits paid to Mr. Kozlowski during his tenure at Tyco. By its own articulation of its claims, the ***sole*** relief Tyco intends to seek on its claims for breach of fiduciary duty, inducing breach of fiduciary duty, conspiracy to breach fiduciary duty, breach of contract and conversion is "disgorgement of money, including compensation, received by Kozlowski pursuant to the faithless servant doctrine." Because this Court already granted summary judgment to Tyco on each of these claims as to liability, the only issue to be tried on these claims is how much, if any, disgorgement Tyco is entitled to as a remedy under the "faithless servant" doctrine. Although Tyco contends that it is entitled to a jury trial on these claims, that is incorrect.

It is well established that a plaintiff who seeks disgorgement from a defendant under the "faithless servant" doctrine – as Tyco does in this case – "is not entitled to a jury trial." *Webb v. RLR Assocs., Ltd.*, No. 03 Civ. 4275 (HB), 2004 WL 555699, at *2 (S.D.N.Y. Mar. 19, 2004). *See also Design Strategies, Inc. v. Davis*, 469 F.3d 284, 299-300 (2d Cir. 2006) (affirming district court's decision that employer was not entitled to a jury trial on its claims for disgorgement under the "faithless servant" doctrine); *Phansalkar v. Andersen Weinroth & Co.*, 344 F.3d 184, 187 (2d Cir. 2003) (noting that claims for disgorgement under the "faithless

23699753

servant" doctrine were determined in a bench, not a jury, trial). That is because equitable remedies, like disgorgement or restitution, are to be determined by the Court, not a jury, under long established Supreme Court precedent. *See, e.g.*, *Tull v. U.S.*, 481 U.S. 412, 421 (1987).

Accordingly, Tyco's demand for a jury trial should be stricken, and the question of how much, if anything, Tyco is entitled to recover should be determined by the Court. Proceeding without a jury will enable this Court to try, and to resolve, this matter more promptly and efficiently.

## BACKGROUND

Mr. Kozlowski was the CEO of Tyco from July 1992 to June 2002. Tyco commenced this action against him in September 2002, alleging that he had misappropriated funds from Tyco by taking unauthorized bonuses and misusing Tyco loan programs. In June 2005, following a trial in New York Supreme Court, Mr. Kozlowski was convicted on various counts of larceny and other crimes relating to his tenure at Tyco.

On December 1, 2010, this Court issued an Opinion (the "2010 Opinion") granting summary judgment to Tyco as to liability on many of its claims, including breach of fiduciary duty, inducing breach of fiduciary duty, conspiracy to breach fiduciary duty, breach of contract and conversion. *See* 2010 Opinion at 18-20. As the Court noted, its holding was based mainly on the collateral estoppel effect of the criminal convictions. *Id.* at 2, 9, 16-20. The 2010 Opinion left open the question of what remedies, if any, Tyco is entitled to recover. Tyco, therefore, brought a second motion for summary judgment as to damages on the claims for which Mr. Kozlowski was found liable pursuant to the 2010 Opinion.

On March 9, 2012, this Court issued an Opinion (the "2012 Opinion") denying Tyco's summary judgment motion as to damages. The Court noted that "the measure of recovery sought [by Tyco] is disgorgement of compensation and benefits pursuant to the faithless servant doctrine." 2012 Opinion at 4. The Court noted further that issues raised by Mr. Kozlowski about proper application of the "faithless servant" doctrine were triable issues of fact not amenable to resolution on summary judgment. *Id.* at 4-5. Accordingly, the upcoming trial will determine how much, if any, disgorgement Tyco is entitled to as a remedy under the "faithless servant" doctrine.

## ARGUMENT

**I.      The Right To Trial By Jury Does Not Apply To Equitable Remedies.**

The right to trial by jury in civil cases applies only to "suits at common law," and not to equitable claims. *Design Strategies, Inc. v. Davis*, 469 F.3d 284, 299 (2d Cir. 2006); *accord Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). Determining whether a plaintiff is entitled to a trial by jury typically requires a two-step inquiry: first, the court "asks whether the action would have been deemed legal or equitable in 18th century England," and second, the court "examine[s] the remedy sought and determine[s] whether it is legal or equitable in nature." *Design Strategies*, 469 F.3d at 299. The Supreme Court has held that the nature of the remedy sought is the "more important" question in determining whether the plaintiff is entitled to a jury trial. *See Tull v. U.S.*, 481 U.S. 412, 421 (1987). That is especially so in this case because the Court already has determined liability in its 2010 Opinion and the only issue to be tried is the relief sought by Tyco.

## II. Disgorgement Pursuant To The "Faithless Servant" Doctrine Is An Equitable Remedy For Which There Is No Right To A Jury Trial.

It is well established that remedies "intended simply to extract compensation or restore the status quo" are equitable remedies. *Tull*, 481 U.S. at 422. Disgorgement is a classic example of such a remedy. *Id.* at 424. As a form of restitution, disgorgement is "limited to 'restoring the status quo and ordering the return of that which rightfully belongs to [another].'" *Id.* (quoting *Porter v. Warner Holding Co.,* 328 U.S. 395, 402 (1946)).

Thus, a plaintiff who seeks disgorgement from a defendant under the "faithless servant" doctrine "is not entitled to a jury trial." *Webb v. RLR Assocs., Ltd.*, No. 03 Civ. 4275 (HB), 2004 WL 555699, at *2 (S.D.N.Y. Mar. 19, 2004). In *Webb*, the defendant sought to strike plaintiff's jury demand on claims of breach of fiduciary duty and unjust enrichment. Plaintiff sought to recover monetary damages in the form of disgorgement of profits, under the "faithless servant" doctrine, in connection with his claim for breach of fiduciary duty. The Court held that the "faithless servant" doctrine is an equitable doctrine. *See id.* The Court further held that, in this context, Webb's claim for monetary damages was in fact equitable in nature because what Webb really sought was disgorgement – which is an equitable remedy. *See id.*

Similarly, in *Design Strategies, Inc. v. Davis*, the defendant successfully moved to strike the jury demand on the plaintiff's claim for disgorgement of compensation under the "faithless servant" doctrine. 367 F. Supp. 2d 630, 646 (S.D.N.Y. 2005) ("To the extent Design demands that Davis restore compensation paid to him during the period of his alleged wrongful conduct . . . such a remedy would derive from equity's powers . . . to prevent defendant from retaining ill-gotten gains and not profiting from the wrongful conduct."), *aff'd* 469 F.3d 284, 299-300 (2d Cir.

2006) (upholding district court's decision that Design's claim to recoup the salary paid to Davis based on his breach of fiduciary duty was an equitable remedy).

It is noteworthy also that in *Phansalkar v. Andersen Weinroth & Co.*, 344 F.3d 184, 187 (2d Cir. 2003), the leading Second Circuit case on the "faithless servant" doctrine, which has been cited repeatedly by Tyco, Mr. Kozlowski and the Court throughout the litigation of the present action, the "faithless servant" issues were determined in a bench, not a jury, trial.

### III. Disgorgement Of Compensation Pursuant To The Faithless Servant Doctrine Is The Sole Remedy Tyco Seeks On Its Claims For Breach Of Fiduciary Duty, Inducing Breach Of Fiduciary Duty, Conspiracy To Breach Fiduciary Duty, Breach Of Contract And Conversion.

As this Court has already noted in the 2012 Opinion, "the measure of recovery sought [by Tyco] is disgorgement of compensation and benefits pursuant to the faithless servant doctrine." 2012 Opinion at 4.  According to Tyco's own articulation of its claims, this is the *sole* remedy it seeks on several of its claims.  Specifically, in its Statement of Claims to be Tried (served on Mr. Kozlowski, and to be included in the parties' proposed Pre-Trial Order, pursuant to a pre-trial exchange protocol agreed upon by the parties), Tyco indicated that:

> Tyco intends to seek *disgorgement of money*, including compensation, received by Kozlowski *pursuant to the faithless servant doctrine*, plus prejudgment interest, and will proceed at trial *before the jury* on the following claims: breach of fiduciary duty (count I), inducing breach of fiduciary duty (count II), conspiracy to breach fiduciary duty (count III), breach of contract (count VIII), and conversion (count XI). (Emphasis added.)

*See* Tyco Statement of Claims to be Tried (attached as Exhibit A to the Declaration of Jyotin Hamid submitted herewith).  For the reasons detailed in Sections I and II above, Tyco's demand

5

for a jury trial should be stricken as to all five of the claims for which it seeks disgorgement as the sole remedy.[1]

This is as true for the breach of contract claim as for the other claims for which Tyco seeks disgorgement under the "faithless servant" doctrine as its sole remedy. Although a claim for breach of contract may sometimes be considered "legal" in nature, where, as here, the remedy sought for the contract claim is equitable, the plaintiff is not entitled to a jury trial. *See Citigroup Inc. v. VDN Systems, Inc.*, No. 08-Civ-7527 (SHS), 2008 WL 5274091, at *2 (S.D.N.Y. Dec. 16, 2008) (where "a party alleging breach of contract seeks only equitable relief, there is no right to a jury under the Seventh Amendment").

Here, as shown above, Tyco has stated expressly that the remedy it seeks on its breach of contract claim is disgorgement pursuant to the "faithless servant" doctrine. More specifically, Tyco seeks the return of money which it contends Mr. Kozlowski wrongfully took through misuse of Tyco's Key Employee Loan Program ("KELP"). Am. Compl. ¶¶ 25-32. The *ad damnum* clause of the Amended Complaint asks the Court to order Mr. Kozlowski to "repay immediately all funds he has improperly borrowed from the Company" as a remedy for the breach of contract claim. *Id.* p. 50. The breach of contract claim, therefore, arises from the same employment relationship as the fiduciary duty claims and seeks the same equitable remedy,

---

[1] It is undisputed that none of the other claims to be adjudicated in the upcoming trial should be tried to a jury: the parties agreed that Tyco's claims for fraud and constructive fraud should not be tried in the upcoming trial; Tyco has indicated that it will not proceed with its contribution claim; and Tyco further indicated that it would seek recovery from the Court, not a jury, on its accounting, constructive trust and unjust enrichment claims. Hamid Decl. Ex. A.

6

based on the same "faithless servant" theory, as those other claims – namely, return of Tyco funds allegedly wrongfully taken.

Ultimately, whatever label is attached to the relief Tyco seeks on its breach of contract claim – whether it is characterized as "disgorgement," "restitution" or something else – the substance of what Tyco seeks on the claim is return of the funds it contends that Mr. Kozlowski "improperly borrowed" by misusing the KELP program.  In other words, the substance of what Tyco seeks on the breach of contract claim is "to extract compensation" or "restore the status quo" or "order[] the return of that which rightfully belongs to [another]" – all of which are hallmarks of an equitable remedy for which there is no right to trial by jury.  *Tull*, 481 U.S. at 422, 424.

## CONCLUSION

For the reasons stated herein, Mr. Kozlowski respectfully requests that the Court strike Tyco's demand for a jury trial in its entirety.

Dated:  New York, New York
        July 17, 2012

                                        Respectfully submitted,
                                        DEBEVOISE & PLIMPTON LLP

                                        /s/ Jyotin Hamid_____
                                        Robert N. Shwartz (rnshwartz@debevoise.com)
                                        Jyotin Hamid (jhamid@debevoise.com)
                                        Shannon Rose Selden (srselden@debevoise.com)
                                        919 Third Avenue
                                        New York, New York 10022
                                        (212) 909-6000
                                        *Counsel to L. Dennis Kozlowski*