**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

TYCO INTERNATIONAL LTD. and
TYCO INTERNATIONAL (US) INC.,

      Plaintiffs/Counterclaim Defendants,

          v.

L. DENNIS KOZLOWSKI,

      Defendant/Counterclaim Plaintiff.

Civil Action No. 02-cv-7317 (TPG)

## TYCO'S PROPOSED JURY INSTRUCTIONS

      Plaintiffs Tyco International Ltd. and Tyco International (US), Inc. (collectively "Tyco")

submit these proposed jury instructions to be submitted to the jury.  This includes both

preliminary instructions and instructions after the close of evidence.

## JURY INSTRUCTION NO. 1.1
## PRELIMINARY INSTRUCTIONS—OPENING INSTRUCTIONS

Members of the jury, we are about to begin the trial of the case you heard about during the jury selection.  Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you.  The party who sues is called the plaintiff.  In this action, the plaintiffs are Tyco International Ltd. and Tyco International (US) Inc.  In these instructions, I will use the term "Tyco" or "company" to refer collectively to these two companies.  The party being sued is called the defendant.  In this action, the defendant is L. Dennis Kozlowski.  I will refer to Mr. Kozlowski as "Kozlowski."

You will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.  When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses.  During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.  While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else.  In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may rule on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.  You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case.  When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

3 Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, § 101.01 (6th ed. 2011) (modified).

**JURY INSTRUCTION NO. 1.2**
**PRELIMINARY INSTRUCTION—ORDER OF TRIAL**

The case will proceed as follows:

First, the lawyers for each side may make opening statements.  What is said in the opening statements is not evidence, but is simply an outline to help you understand the evidence that the party making the statement intends to produce.  A party is not required to make an opening statement.

After the opening statements, Tyco will present evidence in support of its claims, and Kozlowski's lawyer may cross-examine the witnesses.  At the conclusion of Tyco's case, Kozlowski may introduce evidence and Tyco may cross-examine the witnesses.  Kozlowski is not required to introduce any evidence or to call any witnesses.  If Kozlowski introduces evidence, Tyco may then present rebuttal evidence.

After the evidence is presented, the parties may present closing arguments explaining what they believe the evidence has shown and inferences they contend you should draw from the evidence.  What is said in the closing arguments, just as what is said in opening statements, is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict.  You will then decide the case.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 101.02 (6th ed. 2011) (modified).

**JURY INSTRUCTION NO. 1.3**
**PRELIMINARY INSTRUCTION—JURY CONDUCT**

To insure fairness, you must obey the following rules:

First:  Do not discuss the case among yourselves or with anyone else until the end of the trial when you go to the jury room to decide on your verdict.  This includes members of your family and your friends.  You may tell people that you are a juror, but do not tell them anything else about the case.  You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube.

Second:  Outside the courtroom, do not let anyone tell you anything about the case or about anyone involved with it until the trial has ended.  If someone tries to talk to you about the case during the trial, please report it to me immediately.

Third:  During the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

Fourth:  Do not do any research, including searches on the internet, or make any investigation about the case on your own.

Fifth:  If you need to tell me something, simply give a signed note to the courtroom security officer to give to me.

Sixth:  Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

3 Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions,</u> § 101.11 (6th ed. 2011) (modified).

## JURY INSTRUCTION NO. 1.4
## PRELIMINARY INSTRUCTION—CLAIMS AND DEFENSES

The positions of the parties can be summarized as follows:

Tyco seeks damages for five separate claims:  Kozlowski's breach of his fiduciary duties to Tyco, Kozlowski's inducement of Tyco CFO Mark Swartz to breach his fiduciary duties to Tyco, Kozlowski's conspiracy with Swartz to breach their fiduciary duties to Tyco, Kozlowski's breach of the Key Employee Loan Program (the KEL Program), and Kozlowski's wrongful conversion of company funds, stock, and assets that Kozlowski obtained as a result of his improper use of company resources.

This Court has already determined that Kozlowski is liable to Tyco for each of these counts.  The only issue for you to determine is the amount of damages to which Tyco is entitled.

Tyco asserts that it is entitled to recover all compensation Kozlowski received during his period of disloyalty under New York's "faithless servant" doctrine.  Kozlowski, on the other hand, contends that the faithless servant doctrine does not apply because his disloyal acts did not permeate his service to Tyco.  Kozlowski also contends that even if the faithless servant doctrine applies, Tyco has waived its right to recover his compensation.  Your job will be to determine whether the faithless servant doctrine applies, and if so, whether Tyco waived its right to recover Kozlowski's compensation.

Tyco also asserts that as a result of Kozlowski's conversion of Tyco assets, Tyco is entitled to recover the value of the funds, stock, and assets converted by Kozlowski, and interest on those funds for amounts that were repaid by Kozlowski.

Finally, for Kozlowski's breach of the KEL Program, Tyco asserts that it is entitled to recover the amount of all loans that Kozlowski borrowed under the KEL Program before his termination from Tyco that are still outstanding.

I will instruct you further on each of these counts after closing arguments.

---

3 Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u> § 101.03 (6th ed. 2011) (modified).

**JURY INSTRUCTION NO. 1.5**
**PRELIMINARY INSTRUCTION—JUDGE'S QUESTIONS TO WITNESSES**


During the trial, I may sometimes ask questions to the witnesses.  Please do not assume that I have any opinion about the subject matter of my questions.  I may ask a question simply to clarify a matter.  I will not ask a question to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.


3 Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u> § 101.30 (6th ed. 2011) (modified).

**JURY INSTRUCTION NO. 1.6**
**PRELIMINARY INSTRUCTION—EVIDENCE IN THE CASE**

The evidence in the case will consist of the testimony of witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; all facts which may have been judicially noticed that I have instructed you to take as true for purposes of this case; and joint stipulations of the parties.

Depositions or prior court testimony may also be received in evidence. Depositions or prior court testimony contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony or prior court testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court here.

A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, you must ignore that evidence entirely. However, some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the statements of the witnesses.  In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have been proved such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript to consult.  I urge you to pay close attention to the testimony as it is given.

3 Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, §§ 101.40, 102:11 (6th ed. 2011) (modified).

## JURY INSTRUCTION NO. 1.7
## PRELIMINARY INSTRUCTION—PROVINCE OF JUDGE AND JURY

After all of the evidence has been heard and arguments and instructions are concluded, you will retire to consider your verdict.  You will determine the facts from all the testimony that you hear and the other evidence that is submitted.  You are the sole and exclusive judge of the facts.

On the other hand, I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

3 Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, § 101.10 (6th ed. 2011) (modified).

**JURY INSTRUCTION NO. 1.8**
**PRELIMINARY INSTRUCTION—STIPULATIONS**

Before the trial of this case, the court held a conference with the lawyers for the parties. At this conference, the parties entered into certain stipulations or agreements in which they agreed that facts could be taken as true without further proof.

The stipulated facts are as follows:

[INSERT STIPULATED FACTS]

Since the parties have stipulated to these facts and do not dispute them, you are to take these facts as true for purposes of this case.

3 Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, § 101.47 (6th ed. 2011) (modified).

**JURY INSTRUCTION NO. 1.9**
**PRELIMINARY INSTRUCTION—USE OF INTERROGATORIES**


Evidence may also be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.


3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 102.24 (6th ed. 2011) (modified).

**JURY INSTRUCTION NO. 2.1**
**POST-EVIDENCE INSTRUCTION—GENERAL INTRODUCTION**

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments.  If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

3 Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, § 103.01 (6th ed. 2011).

**JURY INSTRUCTION NO. 2.2**
**JUROR OATH**

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

Hon. Leonard G. Sand, John S. Siffert, et al., <u>Modern Federal Jury Instructions</u>, Vol. 4, Instruction 71-4 (Rel. 52A, April 2008).

## JURY INSTRUCTION NO. 2.3
## CREDIBILITY

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may believe everything a witness says, part of it, or none of it.

In considering the testimony of any witness, you may take into account many factors.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  For example, you may consider the appearance and conduct of the witness, or the manner in which the witness testifies; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.  You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.

In addition, you have heard evidence that Kozlowski, Swartz, and others were convicted of crimes.  You may use evidence of a witness's prior conviction of a crime to help you decide whether to believe that witness and how much weight to give that witness's testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional

falsehood.  You may then give the testimony of each witness such weight, if any, that you think

it deserves.

3 Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, §§ 101.43, 105.01, 102:44
(6th ed. 2011) (modified).

**JURY INSTRUCTION NO. 2.4**
**BIAS**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony.  In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Hon. Leonard G. Sand, John S. Siffert, et al., <u>Modern Federal Jury Instructions</u>, Vol. 4, Instruction 76-2 (Rel. 52A, April 2008).

## JURY INSTRUCTION NO. 2.5
## DISCREPANCIES IN TESTIMONY

You may hear evidence of discrepancies in the testimony of certain witnesses, and counsel may argue that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Hon. Leonard G. Sand, John S. Siffert, et al., <u>Modern Federal Jury Instructions</u>, Vol. 4, Instruction 76-4 (Rel. 52A, April 2008).

**JURY INSTRUCTION NO. 2.6**
**IMPEACHMENT—INCONSISTENT STATEMENT OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown to have knowingly testified falsely about any material matter, you have a right to distrust the witness's other testimony. You may reject all of that witness's testimony or give it such credibility as you think it deserves.  An act or omission is "knowingly" done if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

3 Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, § 105.04 (6th ed. 2011) (modified).

**JURY INSTRUCTION NO. 2.7**
**QUESTIONS NOT EVIDENCE**

If a lawyer asks a witness a question that contains an assertion of fact, you may not

consider the assertion as evidence of that fact.  The lawyer's questions and statements are not

evidence.

3 Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, § 103.34 (6th ed. 2011).

**JURY INSTRUCTION NO. 2.8**
**DIRECT AND INDIRECT EVIDENCE**

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and indirect evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  "Indirect evidence" is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence.  Nor is a greater degree of certainty required of indirect evidence.  You are simply required to find the facts in accordance with the preponderance of all of the evidence in the case, both direct and indirect.

3C Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, § 173.44 (5th ed. 2001) (modified).

**JURY INSTRUCTION NO. 2.9**
**ALL PERSONS EQUAL BEFORE THE LAW**


The fact that defendant is an individual and Tyco is a corporation must not enter into or affect your verdict.  You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.


3 Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u> § 103.12 (6th ed. 2011).

**JURY INSTRUCTION NO. 2.10**
**PREPONDERANCE OF THE EVIDENCE**

Tyco has the burden of proving each and every essential element of its claims for damages by a preponderance of the evidence.  If Tyco fails to establish any essential element of its claim by a preponderance of the evidence, you should find for Kozlowski as to that claim.

On the other hand, Kozlowski bears the burden of proving each and every essential element of his affirmative defenses.  If Kozlowski fails to establish any essential element of an affirmative defense by a preponderance of the evidence, you should find for Tyco as to that defense.

To "establish by the preponderance of the evidence" means to prove that something is more likely so than not so.  It means that such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, §§ 101.41, 104.01 (6th ed. 2011) (modified); 3C Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, §§ 171.60, 171.61, 173.51 (5th ed. 2000) (modified).

## INSTRUCTION NO. 3.1
## BREACH OF FIDUCIARY DUTY,
## INDUCEMENT TO BREACH FIDUCIARY DUTY
## AND CONSPIRACY TO BREACH FIDUCIARY DUTY

An officer of a company is a fiduciary of the company during his entire period of employment.  A fiduciary has a duty to act in good faith and in the company's best interests during the period of his employment.  He owes the company undivided and unqualified loyalty and may not act in any manner contrary to the interests of the company.  He is required to make truthful and complete disclosures to the company and is forbidden from obtaining an improper advantage at the company's expense.

This requires that, while employed, the officer must exert his best efforts on behalf of the company and must not profit at the company's expense or place his private interests in conflict with the company's interests.  The officer may not charge expenses to his company which were incurred while acting on behalf of his own interest.

The Court has already found that based on Kozlowski's criminal convictions, he has breached the fiduciary duties that he owed to Tyco as the company's Chairman and Chief Executive Officer.  The Court has also already found that Kozlowksi induced Mark Swartz to commit multiple breaches of Swartz's fiduciary duty to Tyco as Chief Financial Officer.  The Court has also found that Kozlowski and Swartz conspired to breach their fiduciary duties by awarding Kozlowski compensation without obtaining Compensation Committee approval and concealing their wrongdoing from Tyco's Compensation Committee and Board.

In particular, the Court has already held that Kozlowski breached his fiduciary duties, induced Swartz to breach fiduciary duties, and conspired with Swartz to breach fiduciary duties in the following respects:

26

(a)     Kozlowski falsified records in connection with the New York City Headquarters Relocation Loan Program in September 1995;

(b)     Kozlowski stole $25 million from Tyco by wrongfully reducing his KEL Program debt in September 1999;

(c)     Kozlowski stole $12.5 million from Tyco by wrongfully reducing Tyco CFO Mark Swartz's KEL Program debt in August 1999;

(d)     Kozlowski stole $32 million by awarding himself an unauthorized TyCom IPO Bonus in September 2000;

(e)     Kozlowski stole $16 million by awarding Mark Swartz an unauthorized TyCom IPO Bonus in September 2000;

(f)     Kozlowski stole $16 million from Tyco in connection with the sale of the ADT automotive business unit in October and November 2000;

(g)     Kozlowski stole $8 million from Tyco in connection with the sale of the ADT automotive business unit for Mark Swartz;

(h)     Kozlowski stole $8 million from Tyco in connection with the FLAG Transaction between June 2001 and November 2001;

(i)     Kozlowski stole $4 million in connection with the FLAG Transaction for Mark Swartz;

(j)     Kozlowski stole $1.975 million, $8.8 million, and $3.95 million in August and September 2001, December 2001, and July 2002, respectively, to purchase artwork;

(k)     Kozlowksi stole $20 million from Tyco for disbursements to Frank Walsh in July 2001; and

(l)      Kozlowski falsified answers to Director and Officer Questionnaires on at least

seven occasions between 1997 and 2001.

The question for you, ladies and gentleman, is to determine the amount of damages to

which Tyco is entitled.  Tyco asserts that under the faithless servant doctrine, it is entitled to

recover all compensation that Tyco paid to Kozlowski during his period of disloyalty.

Kozlowski asserts that the faithless servant doctrine does not apply, and that even if it does, Tyco

has waived its right to recover his compensation.  I will instruct you further on the faithless

servant doctrine and waiver in a moment.

*See* N.Y. Pattern Jury Instructions—Civil, vol. 2 § 3:59 (2d ed. 2012); 1-1 Jury Instructions in
Commercial Litigation § 1.15 (Corporations—Duties of Directors); *Yu Han Young v. Chiu*, 853
N.Y.S.2d 575, 576 (App. Div. 2008) ("[D]irectors and officers of corporations, in the
performance of their duties, stand in a fiduciary relationship to their corporation.").

**INSTRUCTION NO. 3.2**
**THE FAITHLESS SERVANT DOCTRINE**

An employee who owes a duty of fidelity to his employer and who is faithless in the performance of his services is not entitled to compensation, whether commissions or salary, for the period of his disloyalty.  Under this rule, known as the "faithless servant doctrine," the employer is entitled to recover all salary and other compensation paid to the employee beginning on the date of the employee's first faithless act.

It makes no difference that the company benefitted from the employee's services or that the company suffered no actual losses as a result of the employee's breach of fidelity.  Rather, the company is entitled to recover all compensation paid to the employee during the period of disloyalty so long as the employee's disloyalty was substantial and permeated his service to his employer.  A breach is substantial unless it consisted of a single, isolated incident.

In this case, you must first decide whether Kozlowski's breaches of fiduciary duty were substantial and permeated his service to Tyco.  If you find that Kozlowski's breaches of fiduciary duty were substantial and permeated his service, you must award Tyco all compensation paid to Kozlowski during his period of disloyalty.

Compensation includes W-2 compensation, including federal income taxes paid on Kozlowski's behalf, investment opportunities, and stock options.

*Phansalkar v. Andersen Weinroth & Co.*, 344 F.3d 184, 201-02, 208-11 (2d Cir. 2003); *Colliton v. Cravath, Swaine & Moore, LLP*, No. 08 Civ. 0400 (NRB), 2008 U.S. Dist. LEXIS 74388, at *16 (S.D.N.Y. Sept. 24, 2008); *William Floyd Union Free School Dist. v. Wright*, 877 N.Y.S.2d 395 (App. Div. 2009); *Bon Temps Agency v. Greenfield*, 584 N.Y.S.2d 824, 825 (App. Div. 1992); *Feiger v. Iral Jewelry, Ltd.*, 41 N.Y.2d 928, 928 (1977); *Restatement (Second) of Agency* § 469 (1958); *Excelsior 57th Corp. v. Lerner*, 553 N.Y.S.2d 763, 764-65 (App. Div. 1990).

## INSTRUCTION NO. 3.3
## WAIVER

Kozlowski contends that Tyco has waived its right to recover compensation paid to him. The Court has already found that the Board did not have knowledge regarding the criminal activities of Kozlowski. The issue for you to determine is whether the Board waived its right to disgorgement by failing to fire Kozlowski after learning of the Walsh payment in January 2002.

Waiver is the voluntary and intentional abandonment of a known right which would have been enforceable but for the waiver. The party asserting waiver must show that the party charged with waiver relinquished a right with both (1) knowledge of the existence of the right, and (2) an intention to relinquish it. Waiver may not be lightly presumed. While a waiver may be construed from language or conduct, waiver should not be construed from such language or conduct unless they are so inconsistent with the plaintiff enforcing his rights that no reasonable inference to the contrary can be drawn.

Kozlowski asserts that Tyco waived its right to recover the compensation paid to Kozlowski because Tyco purportedly failed to terminate him immediately after learning about his breaches of fiduciary duty in the Walsh payment. An employer's failure to terminate a disloyal employee within a reasonable period after learning of his misconduct may in some circumstances demonstrate that the employer intended to waive its right to terminate the employee and reclaim the compensation paid during the period of disloyalty. However, the mere fact that an employee is not dismissed immediately after the employer learns of conduct that could provide a ground for discharge does not amount to waiver. For waiver to apply, the employer must have known the full nature and scope of the employee's misconduct. Also, if circumstances establish a reasonable or proper excuse for the employer's delay in terminating the

employee, then waiver should not be inferred.  And, where the employee repeatedly engages in

the misconduct, an employer does not waive its right to terminate the employee and seek

disgorgement by failing to terminate the employee after learning of a single instance of

misconduct.

57 N.Y. Jur. Estoppel, Ratification, and Waiver § 87; *Aramony v. United Way of Am.*, 28 F. Supp. 2d 147, 172 (S.D.N.Y. 1998), *rev'd in part on other grounds sub nom. Aramony v. United Way Replacement Benefit Plan*, 191 F.3d 140 (2d. Cir. 1999); *Aramony v. United Way of Am.*, No. 96 Civ. 3962 (SAS), 1998 U.S. Dist. LEXIS 5885, at *24-27 (S.D.N.Y. Apr. 24, 1998); *Hadden v. Consolidated Edison of NY*, 45 N.Y. 2d 466 (1978); *In re Nagel*, 278 F. 105, 110 (2d. Cir. 1921); *Jerome v. Queen City Cycle Co.*, 163 N.Y. 351, 359 (1900); *People v. George*, 280 N.Y.S. 332, 334-35 (N.Y. Cnty. Ct. 1935); *Gilbert Frank Corp. v. Federal Ins. Co.*, 70 N.Y. 2d 966, 968 (1988).

## INSTRUCTION NO. 3.4
## CONVERSION

A person who, without authority, intentionally exercises control over the property of another and thereby interferes with the other's right of possession has committed a conversion and is liable for the value of the property.

Kozlowski's criminal convictions for grand larceny establish that Kozlowski converted property from Tyco—namely, company funds, stock, and assets that Kozlowski obtained as a result of his improper use of company resources, including but not limited to money in the form of bonuses and other unapproved compensation. Kozlowski's dominion and control over the property has been to the exclusion of, and in defiance of, Tyco's rights, or has otherwise interfered with the rights of Tyco in and to such property.

Kozlowski returned the unauthorized bonuses to Tyco pursuant to a restitution order from the Supreme Court of New York, entered following Kozlowski's conviction at the criminal trials.

The issue for you is to determine the damages to which Tyco is entitled for Kozlowski's conversion. Damages recoverable are the value of the property—that is, the amount required to replace it, at the time and place of the taking, plus interest on the value from the time of conversion. Because Kozlowski was already ordered to repay the unauthorized bonuses to Tyco pursuant to his criminal conviction, the only issue for your consideration is whether to award interest to Tyco.

N.Y. Pattern Jury Instructions § 3:10 and cmt. to § 3:10 (collecting cases).

**INSTRUCTION NO. 3.5**
**BREACH OF CONTRACT**

Tyco also seeks to recover damages for breach of contract.  The Court has already held

that Kozlowski breached the terms of the Company's Key Employee Loan or KEL Program, to

which he agreed to be bound.  Pursuant to the terms of the KEL Program, Kozlowski was

required to repay all loans made by the Company under the KEL Program upon his termination

from the Company.  Kozlowski's employment was terminated on June 3, 2002.  Kozlowski

breached his contractual obligations by failing to repay all amounts previously loaned to him

under the KEL Program.

The question for you is to determine the damages that Tyco suffered as a result of

Kozlowski's failure to repay all money loaned to him under the KEL Program.

The law awards damages for breach of contract to make whole the injured party's interest

in the benefit of his bargain.  Accordingly, Tyco is entitled to damages sufficient to put Tyco in

as good a position as it would have been in had the contract been performed by Kozlowski.

Cmts to N.Y. Pattern Jury Instruction § 4:1; Williston on Contracts § 64:2 (4th ed. 2000);
*Dorchester Publ'g Co. v. Lanier*, No. 01 Civ. 8792 (DAB), 2007 U.S. Dist. LEXIS 23103, at
*25-26 (S.D.N.Y. Mar. 19, 2007).

## INSTRUCTION NO. 4.1
## PUNITIVE DAMAGES

You may also award Tyco punitive damages for Counts I, II, III, and XI, if you find by a preponderance of the evidence that Kozlowski's acts were malicious, but you are not required to do so. Punitive damages may be awarded for conduct that represents a high degree of moral culpability and shows such wanton dishonesty as to imply a criminal indifference to civil obligations. The purpose of punitive damages is not to compensate the plaintiff but to punish the defendant for wanton and reckless or malicious acts and thereby to discourage the defendant and others from acting in a similar way in the future.

An act is malicious when it is done deliberately with knowledge of the plaintiff's rights, and with the intent to interfere with those rights. If you find that Kozlowski's acts were malicious, you may award Tyco punitive damages.

In arriving at your decision as to the amount of punitive damages, you should consider the nature and reprehensibility of what Kozlowski did. That would include the character of the wrongdoing, whether Kozlowski's conduct demonstrated an indifference to, or a reckless disregard of, the rights of others including Tyco itself, whether the acts were done with an improper motive or vindictiveness, whether the acts constituted outrageous or oppressive intentional misconduct, how long the conduct went on, Kozlowski's awareness of what harm the conduct caused or was likely to cause, and any concealment or covering up of the wrongdoing.

The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by Tyco, and to the compensatory damages you awarded Tyco. The reprehensibility of Kozlowski's conduct is an important factor

in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by Tyco and the compensatory damages you have awarded Tyco.

In reporting your verdict, you will state the amount awarded by you as punitive damages.

*See* N.Y. Pattern Jury Instructions—Civil, vol. 2 § 2:278 (2d ed. 2012).

**JURY INSTRUCTION NO. 5.1**
**ELECTION OF FOREPERSON; DUTY TO DELIBERATE;**
**COMMUNICATIONS WITH COURT; CAUTIONARY; UNANIMOUS VERDICT;**
**VERDICT FORM**

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson.  The foreperson will preside over your discussions and speak for you here in Court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not make a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom security officer, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  The form reads:

[INSERT LANGUAGE FROM VERDICT FORM]

Your foreperson will write the unanimous answer of the jury in the space provided opposite each question.  As you will note from the wording of the questions, it may not be necessary for you to consider every question.

When each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the courtroom security officer that you are ready to return to the courtroom.

3 Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, §§ 103.50, 106.01 (6th ed. 2011) (modified).

Dated:  July 27, 2012                    Respectfully submitted,

                                         TYCO INTERNATIONAL LTD. and TYCO
                                         INTERNATIONAL (US) INC.


                                         /s/ Mark L. Levine
                                         Fred H. Bartlit, Jr.*
                                         Karma M. Giulianelli*
                                         BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
                                         1899 Wynkoop Street, 8th Floor
                                         Denver, CO  80202
                                         Telephone:     (303) 592-3100
                                         Facsimile:     (303) 592-3140
                                         fred.bartlit@bartlit-beck.com
                                         karma.guilianelli@bartlit-beck.com

                                         Mark Levine*
                                         BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
                                         54 W. Hubbard Street, Suite 300
                                         Chicago, IL  60654
                                         Telephone:     (312) 494-4400
                                         Facsimile:     (312) 494-4440
                                         mark.levine@bartlit-beck.com

                                         Marshall Beil
                                         MCGUIREWOODS LLP
                                         1345 Avenue of the Americas
                                         New York, NY  10105
                                         Telephone:     (212) 548-2100
                                         Facsimile:     (212) 548-2150
                                         mbeil@mcguirewoods.com

                                         Charles Wm. McIntyre*
                                         MCGUIREWOODS LLP
                                         2001 K. Street N.W., Suite 400
                                         Washington, D.C.  20006
                                         Telephone:     (202) 857-1700
                                         Facsimile:     (202) 857-1737
                                         cmcintyre@mcguirewoods.com

                                         *Admitted pro hac vice

                                         Counsel for Plaintiffs/Counterclaim
                                         Defendants Tyco International Ltd. and
                                         Tyco International (US) Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of July, 2012, I electronically filed the foregoing Tyco's Proposed Jury Instructions with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

> Robert N. Shwartz
> Rosa Collette Castello
> Shannon Rose Selden
> Jyotin Hamid
> Debevoise & Plimpton, LLP (NYC)
> 919 Third Avenue, 31st Floor
> New York, NY  10022
> Telephone:     (212) 909-6000
> Facsimile:      (212) 909-6836
> rnshwartz@debevoise.com
> rcastell@debevoise.com
> srselden@debevoise.com
> jhamid@debevoise.com

/s/ Mark L. Levine
By Counsel