**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

TYCO INTERNATIONAL LTD. and
TYCO INTERNATIONAL (US) INC.,

        Plaintiffs/Counterclaim Defendants,

             v.

L. DENNIS KOZLOWSKI,

        Defendant/Counterclaim Plaintiff.

Civil Action No. 02-cv-7317 (TPG)

**TYCO'S RESPONSE IN OPPOSITION TO MOTION *IN LIMINE* OF
L. DENNIS KOZLOWSKI TO STRIKE PLAINTIFFS' JURY DEMAND**

Marshall Beil
MCGUIREWOODS LLP
1345 Avenue of the Americas
New York, NY  10105-0106
Telephone:     (212) 548-2100
Facsimile:     (212) 548-2150
mbeil@mcguirewoods.com

Charles Wm. McIntyre*
MCGUIREWOODS LLP
2001 K. Street N.W., Suite 400
Washington, D.C.  20006-1040
Telephone:     (202) 857-1700
Facsimile:     (202) 857-1737
cmcintyre@mcguirewoods.com

Brian E. Pumphrey*
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Telephone:     (804) 775-7745
Facsimile:     (804) 775-1061
bpumphrey@mcguirewoods.com

*Admitted *pro hac vice*

Fred H. Bartlit, Jr.*
Karma M. Giulianelli*
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO  80202
Telephone:     (303) 592-3100
Facsimile:     (303) 592-3140
fred.bartlit@bartlit-beck.com
karma.guilianelli@bartlit-beck.com

Mark L. Levine*
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL  60654
Telephone:     (312) 494-4400
Facsimile:     (312) 494-4440
mark.levine@bartlit-beck.com

*Counsel for Plaintiffs/Counterclaim
Defendants Tyco International Ltd. and
Tyco International (US) Inc.*

## PRELIMINARY STATEMENT

Kozlowski's motion to strike Tyco's jury demand in its entirety depends on a mischaracterization of the issues that remain for trial and the nature of the relief that Tyco seeks. According to Kozlowski, only one issue exists for trial: whether New York's faithless servant doctrine entitles Tyco to the equitable disgorgement of Kozlowski's compensation as CEO of Tyco. (Kozlowski Br. 1) The pleadings, the Court's rulings, and even Kozlowski's submissions to this Court tell a different story.

Tyco's entitlement to disgorgement is just one of a number of disputed issues that remain for trial. As the Court recognized when it granted Tyco partial summary judgment on liability, the questions of damages on Tyco's breach of contract and conversion claims also remain for the factfinder to decide. Because these are legal claims seeking legal relief, the Seventh Amendment requires that factfinder to be a jury.

Tyco does not dispute that equitable disgorgement under the faithless servant doctrine is an equitable remedy to which the Seventh Amendment jury right does not attach. Nonetheless, Tyco respectfully requests that the Court exercise its discretion under Rule 39(c)(1) to empanel an advisory jury to assist the Court in its determination of this issue. Because a jury will be empaneled to hear the testimony and view evidence on the breach of contract and conversion claims, both of which are legal claims, it makes sense to have the same jury issue an advisory opinion on the disgorgement claim. The use of an advisory jury on disgorgement will maximize efficiency and convenience of the trial and assist the Court.

## BACKGROUND

This action stems from Kozlowski's theft of roughly $97 million from Tyco and other criminal acts during his tenure as Tyco's CEO. Following a criminal jury trial in 2005,

Kozlowski was convicted of twelve counts of grand larceny, one count of conspiracy to commit larceny, eight counts of falsifying business records, and one count of fraud in connection with the marketing of securities.

In 2010, this Court granted Tyco partial summary judgment on liability.  The Court ruled that Kozlowski's criminal convictions established his liability to Tyco for breach of fiduciary duty, inducing breach of fiduciary duty, conspiracy to breach fiduciary duty, and conversion. (Dkt. No. 79 at 16-17)  In addition, the Court found Kozlowski liable for breach of contract, holding that Kozlowski violated the terms of Tyco's Key Employee Loan Program ("KEL Program") by refusing to pay the outstanding balance on his account after being terminated for cause.  (*Id.* at 19)

In March of this year, the Court denied Tyco's partial summary judgment motion on damages, holding that triable questions of fact remained on whether New York's faithless servant doctrine entitles Tyco to disgorgement of Kozlowski's compensation during his tenure as CEO of Tyco.  (Dkt. No. 112)  As the parties' Proposed Pretrial Order filed on July 30, 2012 reflects, the upcoming trial will decide Tyco's entitlement to damages on its breach of contract and conversion claims and to disgorgement of Kozlowski's compensation on its fiduciary duty claims.  (*See* Joint Pretrial Order, filed with the Orders and Judgments Clerk of the Court and attached as exhibit 1 to the Levine Declaration in Support of Tyco's Response in Opposition to Motion *in Limine* (setting forth the parties' stated claims and defenses for trial).)

## ARGUMENT

### I.    Tyco Has A Seventh Amendment Right To A Jury Trial On Damages For Kozlowski's Breach Of Contract And Conversion.

Tyco's claims for breach of contract and conversion are traditional legal claims seeking traditional legal relief.  As a result, Tyco has a Seventh Amendment right to have a jury trial on

damages on each claim.  For that reason alone, the Court should deny Kozlowski's motion, which seeks to strike the jury demand in its entirety.

Whether the Seventh Amendment preserves the right to trial by jury depends on the nature of the claim and of the relief sought.  The right attaches if (1) the claim "would have been deemed legal . . . in 18th century England," and (2) the remedy sought is "legal . . . in nature." *Germain v. Conn. Nat'l Bank*, 988 F.2d 1323, 1328 (2d Cir. 1993) (citing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 48 (1989)).  Tyco's damages claims for breach of contract and conversion plainly meet both standards.  Breach of contract and conversion are quintessentially legal claims.  *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 477 (1962) (finding it "difficult to conceive of an action of a more traditionally legal character" than "an action on a debt allegedly due under a contract"); *Ross v. Bernhard*, 396 U.S. 531, 533 (1970) (conversion is an "unmistakabl[e] actio[n] at law triable to a jury").  The compensatory money damages that Tyco seeks on each claim are the classic form of legal relief.  *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993) (explaining that "compensatory damages monetary relief for all losses . . .  sustained as a result of the alleged [conduct]" are "the classic form of legal relief" (emphasis omitted)).

Kozlowski is correct that the Court must look past the label applied to the relief sought to determine whether Tyco is, in fact, seeking legal relief.  *See Dairy Queen*, 369 U.S. at 477-78.  But here the answer to that question is straightforward.

First, Tyco's contract claim seeks money due under the KEL Program's terms—namely, the outstanding balance on the KEL Program loan, including contractual interest that accrued under the Program's terms.  (*See, e.g.*, Dkt. No. 93A (Tyco's Mem. In Support of Summary Judgment on Damages) at 10 (setting forth Tyco's calculation of damages at summary judgment).)  A contractual claim for money damages may be interpreted as seeking equitable

restitution—and not compensatory damages—only where the claim sounds in unjust enrichment. *Brown v. Sandimo Materials*, 250 F.3d 120, 126-27 (2d Cir. 2001) (internal quotation marks and citations omitted).  Where the gravamen of a breach of contract claim is not that the defendant "wrongfully secured a benefit [or] passively received one which it would be unconscionable for [him] to retain," but instead that the defendant "violated the terms of the [parties' contract]," a claim for money damages seeks legal relief.  *Id.* at 127.  Here, the Court granted Tyco partial summary judgment on liability for the sole reason that Kozlowski violated the parties' contract by failing to "repa[y] amounts loaned to him through Tyco's KELP program, as required by the program's terms."[1]  (Dkt. No. 79 at 19)

Second, the conversion claim (which Kozlowski entirely ignores) seeks to recover the full measure of compensatory damages that Tyco may be awarded under New York law, as well as punitive damages.  Specifically, under New York law "[t]he usual measure of damages for conversion is the value of the property at the time and place of conversion, plus interest." *Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 395 (S.D.N.Y. 2010); *see Lawyers' Fund for Client Prot. of State of N.Y. v. Bank Leumi Trust Co. of N.Y.*, 94 N.Y.2d 398, 406-07 (2000) ("[An] award of interest is often appropriate from the time at which a party

---

[1] Kozlowski's assertion that Tyco's breach of contract claim "seeks the same equitable remedy" as his fiduciary duty claim rests entirely on the preliminary May 25 statement of claims that Tyco shared with Kozlowski in connection with the parties' voluntary pretrial exchanges (*See* Kozlowski Br. at 5-6 (quoting Tyco's statement of claim as of 5/25/12); Ex. A to Hamid Decl.) By the time Kozlowski filed the instant motion, that language was outdated.  (*See* Levine Decl. Ex. 2 (Tyco's Revisions to Proposed Pretrial Order (7/17/12)) (revising Tyco's statement of claims to "Tyco intends to seek disgorgement of money, including compensation received by Mr. Kozlowski pursuant to the faithless servant doctrine, and recovery of the unpaid balance on the KEL Program, plus interest and punitive damages"). ) The proposed Pretrial Order filed on July 30, 2012 contains the final language.  (Levine Decl. Ex. 1 at 1)

was deprived of the use of money since without the addition of interest, the aggrieved party is

not made whole.").  To date, Tyco has recovered only the amount of the converted funds that

Kozlowski was convicted of stealing from it in the grand larceny counts.  Jury questions remain

as to whether Tyco has received the full measure of damages (including punitive damages) to

which it is entitled as a result of Kozlowski's conversion.  *See Curtis v. Loether*, 415 U.S. 189

(1974) ("[A]ctual and punitive damages is the traditional form of relief offered in the courts of

law.").

Tyco's claims for breach of contract and conversion are legal, and Tyco has demanded a

jury trial on these claims since the inception of this lawsuit.  Because Tyco has a Seventh

Amendment right to a jury trial on these claims, the Court should deny Kozlowski's motion to

strike.

## II.      The Court Should Exercise Its Discretion To Empanel An Advisory Jury On The Issue Of Equitable Disgorgement.

Because a jury will be empaneled to decide Tyco's damages on the breach of contract

and conversion counts, Tyco respectfully requests the Court to use the same jury to issue an

advisory verdict on the issues of Tyco's entitlement to disgorgement under the faithless servant

doctrine and its entitlement to punitive damages for Kozlowski's breach of fiduciary duty.

Under Rule 39(c)(1) of the Federal Rules of Civil Procedure, "in an action not triable of right by

a jury, the court . . . may try any issue with an advisory jury," and the court's discretion to do so

is wide and unreviewable.  *See* 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE

AND PROCEDURE § 2335 (3d. ed. 2008) (emphasizing that the court may submit "any issue" it

chooses to an advisory jury and collecting cases where district courts have done so "to their

advantage"); *see also Merex A.G. v. Fairchild Weston Systems, Inc.*, 29 F.3d 821, 826-27 (2d

Cir. 1994).

While the Court has broad discretion to empanel an advisory jury for any reason, a number of circumstances—all of which are present here—often lead district courts to seek the assistance of an advisory jury.  First, courts often empanel an advisory jury where (as here) the requested equitable remedy is in the form of monetary relief, expecting that the advisory jury will assist the court to determine the exact amount to award.  *See, e.g.*, *NAACP v. Acusport Corp.*, 226 F. Supp. 2d 391, 399-400 (E.D.N.Y. 2002) (noting that "[advisory] juries may be useful to the court in determining the form of relief" and that "[f]requently they have been asked to determine the amount of damages with or without injunctive relief"); *Gatti v. Cmty. Action Agency of Greene County, Inc.*, 263 F. Supp. 2d 496, 507 n.6 (N.D.N.Y. 2003) (noting that an advisory jury may assist the court in determining the amount of equitable monetary relief), *aff'd sub nom. Gatti v. Cmty. Action of Greene County, Inc.*, 86 F. App'x 478 (2d Cir. 2004); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 729 n.25 (5th Cir. 2002) (same).

Second, where a case includes both legal and equitable claims that share overlapping facts in common, courts often empanel an advisory jury on the equitable claim because doing so will "expedite matters for the jury and the [c]ourt, as well as make the jury's task easier." *Starr Int'l Co., Inc. v. Am. Int'l Group, Inc.*, 623 F. Supp. 2d 497, 502 (S.D.N.Y. 2009).  Here, there is no question that substantial factual overlap exists between the evidence and testimony that will be presented to the jury on the background facts and on the question of damages—especially the question of punitive damages on the conversion claim—and that which will be presented to the court on the question of disgorgement.  For instance, the extent and duration of Kozlowski's misconduct and the concealment of his wrongdoing bear not only on his defenses to disgorgement, but also on the appropriate amount of a punitive damages award on the conversion claim. *See Parrish v. Sollecito*, 280 F. Supp. 2d 145, 159 (S.D.N.Y. 2003) (factors relevant to

the appropriate amount of punitive damages include "the degree of reprehensibility of the defendant's conduct, the duration of that conduct, . . . any concealment, and the existence and frequency of similar past conduct").

Third, courts routinely empanel an advisory jury because they believe it will make their task easier—for instance, because the equitable claim calls for "judgments of credibility for which a jury is particularly suited," *Hynix Semiconductor Inc. v. Rambus Inc.*, No. CV-00-20905-RMW, 2008 WL 350638, at *3 (N.D. Cal. Feb. 2, 2008), or because the equitable claim seeks punitive damages and a jury can "better reflect the community's sense of outrage over the type of conduct alleged . . . than could the decision of a single judge," *Jones v. Tyson*, No. 91 CIV. 5366 (JSM), 1992 WL 116373, at *1 (S.D.N.Y. May 21, 1992).  Both circumstances are present here.  Tyco seeks punitive damages on both the legal conversion claim and equitable disgorgement on the fiduciary duty claims.  And the trial on disgorgement is certain to implicate serious questions of witness credibility, especially because Tyco intends to call Kozlowski as a live witness at trial (*see* Levine Decl. Ex. 1 at 12), and Kozlowski has already given contradictory testimony regarding his criminal looting of Tyco.  (*Compare, e.g.*, Levine Decl. Ex. 3, Kozlowski Criminal Tr. (4/27/05) at 12050:25-12052:14) (denying all wrongdoing), *with* Levine Decl. Ex. 4, Tyco PX8 (Kozlowski Parole Board Hearing Transcript (4/4/12)) at 7:18-7:19 ("I stole money from Tyco . . . and I did it the way you described through bonuses").)

Any one of these circumstances would provide ample reason for the Court to empanel an advisory jury on the issue of disgorgement.  Taken together, they counsel heavily in favor of the Court's exercising its discretion to do so under Rule 39(c)(1).

**CONCLUSION**

For the foregoing reasons, Tyco respectfully requests that the Court deny Kozlowski's motion *in limine* to strike Tyco's jury demand and that the Court empanel an advisory jury on the issue of disgorgement.

Dated:  July 31, 2012                    Respectfully submitted,

                                         TYCO INTERNATIONAL LTD. and TYCO
                                         INTERNATIONAL (US) INC.


                                         /s/ Mark L. Levine
                                         Fred H. Bartlit, Jr.*
                                         Karma M. Giulianelli*
                                         BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
                                         1899 Wynkoop Street, 8th Floor
                                         Denver, CO  80202
                                         Telephone:    (303) 592-3100
                                         Facsimile:    (303) 592-3140
                                         fred.bartlit@bartlit-beck.com
                                         karma.guilianelli@bartlit-beck.com

                                         Mark L. Levine*
                                         BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
                                         54 W. Hubbard Street, Suite 300
                                         Chicago, IL  60654
                                         Telephone:    (312) 494-4400
                                         Facsimile:    (312) 494-4440
                                         mark.levine@bartlit-beck.com

                                         Marshall Beil
                                         MCGUIREWOODS LLP
                                         1345 Avenue of the Americas
                                         New York, NY  10105
                                         Telephone:    (212) 548-2100
                                         Facsimile:    (212) 548-2150
                                         mbeil@mcguirewoods.com

Charles Wm. McIntyre*
MCGUIREWOODS LLP
2001 K. Street N.W., Suite 400
Washington, D.C.  20006
Telephone:     (202) 857-1700
Facsimile:      (202) 857-1737
cmcintyre@mcguirewoods.com

Brian E. Pumphrey*
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Telephone:     (804) 775-7745
Facsimile:      (804) 775-1061
bpumphrey@mcguirewoods.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs/Counterclaim
Defendants Tyco International Ltd. and
Tyco International (US) Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2012, I electronically filed the foregoing Tyco's Opposition to the Motion *In Limine* Of L. Dennis Kozlowski to Strike Tyco's Jury Demand with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

> Robert N. Shwartz
> Rosa Collette Castello
> Shannon Rose Selden
> Jyotin Hamid
> Debevoise & Plimpton, LLP (NYC)
> 919 Third Avenue, 31st Floor
> New York, NY  10022
> Telephone:     (212) 909-6000
> Facsimile:     (212) 909-6836
> rnshwartz@debevoise.com
> rcastell@debevoise.com
> srselden@debevoise.com
> jhamid@debevoise.com

/s/ Mark L. Levine
By Counsel