IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYCO INTERNATIONAL LTD. and<br>TYCO INTERNATIONAL (US) INC.,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>L. DENNIS KOZLOWSKI,<br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 02-cv-7317 (TPG) |

**TYCO'S RESPONSE IN OPPOSITION TO KOZLOWSKI'S MOTION *IN LIMINE*
TO ADMIT TESTIMONY FROM THE CRIMINAL TRIALS**

There is no dispute that Tyco can designate from the criminal trial transcripts since Kozlowski was a party to that case with the ability to cross-examine. However, Tyco was not a party to the criminal case. Thus, the issue raised in Kozlowski's motion to admit the criminal trial testimony of twelve witnesses under Federal Rules of Evidence 804(b)(1) and 801(d)(2)(D) is whether Kozlowski can designate testimony from that trial.

Tyco does not dispute that the prior criminal testimony of Sheila Rex, Donna Sharpless, and John Fort is admissible as a party admission under Federal Rule of Evidence 801(d)(2)(D), even though Tyco was not a party to that case. However, Tyco reserves its right to assert any evidentiary objection that it would have had to the testimony in the original criminal trial.

As to the remaining nine witnesses whose criminal trial testimony has been designated by Kozlowski,[1] Kozlowski cannot show that Rule 804(b)(1) applies unless he agrees that the criminal jury necessarily decided the issue of Tyco's lack of knowledge of Kozlowski's

---

[1] Those witnesses are Richard Bodman, Steven Foss, James Pasman, W. Peter Slusser, Tammy Bakie, Mark Foley, Barbara Miller, M. Brian Moroze, and Richard Scalzo.

misconduct. In pursuing his waiver defense, Kozlowski is necessarily arguing that the criminal jury verdict did not have to include an implicit finding on Tyco's knowledge. If that is the case, then Kozlowski cannot argue that the prosecutor had a similar motive to develop testimony regarding Tyco's lack of knowledge as Tyco would have here in the civil trial. Therefore, if the Court denies Tyco's motions *in limine* to limit Kozlowksi's waiver defense, the criminal trial testimony of these nine witnesses would be inadmissible hearsay.

## ARGUMENT

Kozlowski argues that the criminal trial testimony of nine witnesses is admissible against Tyco under Federal Rule of Evidence 804(b)(1), even though Tyco was not a party to the criminal trial and thus never had the opportunity to cross-examine the witnesses about that testimony.

**I.    Later Deposition Proceedings Do Not Make Criminal Trial Testimony Admissible Against Tyco.**

Kozlowski asserts that the witnesses' former criminal testimony is admissible against Tyco because Tyco had the opportunity to examine the witnesses at later depositions in this proceeding. (Dkt. No.129 at 3) But that is a justification for being able to play the *depositions* where Tyco was present, which is not what Kozlowski is seeking to do through this motion *in limine*. It is undisputed that Tyco never had the opportunity to cross-examine the nine witnesses in *the criminal trial*, which is what is at issue. Kozlowski has cited no case that stands for the counterintuitive proposition that a party's opportunity to cross-examine a witness at a later deposition renders all former testimony by that witness admissible under Rule 804(b)(1).

2

**II.      Whether the New York District Attorney Had A Similar Motive As Tyco Depends On Resolution Of Tyco's Motions *In Limine* On The Waiver Defense.**

Kozlowski asserts that the witnesses' former criminal testimony is admissible against Tyco because the New York District Attorney is Tyco's predecessor in interest and the District Attorney had a "sufficiently similar motive in examining each witness" as Tyco would have had. (Dkt. No. 129 at 3)   Whether the prosecutor had a similar motive to develop the witnesses' testimony "turn[s] not only on whether the questioner is on the same side of the same issue at both proceedings, but also on whether the questioner had a substantially similar interest in asserting that side of the issue.  If a fact is critical to a cause of action at a second proceeding but the same fact was only peripherally related to a different cause of action at a first proceeding, no one would claim that the questioner had a similar motive at both proceedings to show that the fact had been established (or disproved)." *United States v. DiNapoli*, 8 F.3d 909, 912 (2d Cir. 1993).  Here, the fundamental question is whether the New York District Attorney had a substantially similar interest as Tyco in proving that Kozlowski concealed his misconduct from Tyco, the critical fact to Kozlowski's waiver defense to disgorgement.

If, as Tyco argued in its first motion *in limine* (Dkt. No. 132), the criminal jury necessarily decided that the Board lacked knowledge of Kozlowski's misconduct, then the Rule 804(b) hearsay exception would apply to the witnesses' testimony.  Of course, much of the testimony would still be inadmissible at trial for the very reason that Tyco addressed in its first motion *in limine*: the testimony would be irrelevant and prejudicial if offered to prove that Tyco had knowledge of Kozlowski's misconduct (apart from the limited knowledge it gained in January 2002 of the Walsh payment).  (*See* Dkt. No. 132 at 3-5 (explaining that collateral estoppel precludes Kozlowski from rearguing whether Tyco knew of his misconduct because that

question has already been decided against Kozlowski at the criminal trial and affirmed on appeal).)

If, on the other hand, Kozlowski opposes Tyco's first motion *in limine* by arguing that the criminal jury verdict did not include an implicit finding on Tyco's knowledge, then he cannot argue that the prosecutor had a substantially similar motive to develop the witnesses' testimony on this issue at the criminal trial. If the Court were to deny Tyco's motion *in limine* based on such an argument and allow Kozlowski to argue that Tyco waived its claim because it knew about the theft by Kozlowksi despite the implicit jury finding that the theft was not authorized, then Tyco's motive to develop testimony regarding its lack of knowledge would be substantially *dissimilar* from the District Attorney's. If the Court concludes that the criminal trial did not address—and the criminal jury did not decide—the question of Tyco's knowledge of Kozlowski's misconduct, then the Rule 804(b) exception cannot apply.

## CONCLUSION

For the foregoing reasons, Tyco respectfully requests that in the event the Court denies Tyco's Motion *In Limine* No. 1 To Exclude Tyco's Alleged Knowledge of Kozlowski's Misconduct, that it also deny Kozlowski's motion *in limine* to the extent it seeks admission of former testimony under Federal Rule of Evidence 804(b)(1) as to nine witnesses.

Dated:  August 3, 2012

Respectfully submitted,

TYCO INTERNATIONAL LTD. and TYCO INTERNATIONAL (US) INC.

/s/ Mark L. Levine
<u>                                                                </u>
Fred H. Bartlit, Jr.*
Karma M. Giulianelli*
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO  80202
Telephone:     (303) 592-3100
Facsimile:      (303) 592-3140
fred.bartlit@bartlit-beck.com
karma.guilianelli@bartlit-beck.com

Mark Levine*
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL  60654
Telephone:     (312) 494-4400
Facsimile:      (312) 494-4440
mark.levine@bartlit-beck.com

Marshall Beil
MCGUIREWOODS LLP
1345 Avenue of the Americas
New York, NY  10105
Telephone:     (212) 548-2100
Facsimile:      (212) 548-2150
mbeil@mcguirewoods.com

Charles Wm. McIntyre*
MCGUIREWOODS LLP
2001 K. Street N.W., Suite 400
Washington, D.C.  20006
Telephone:     (202) 857-1700
Facsimile:      (202) 857-1737
cmcintyre@mcguirewoods.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs/Counterclaim Defendants Tyco International Ltd. and Tyco International (US) Inc.*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 3rd day of August, 2012, I electronically filed the foregoing Tyco's Response In Opposition to Kozlowski's Motion *In Limine* To Admit Testimony From The Criminal Trials with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Robert N. Shwartz
    Rosa Collette Castello
    Shannon Rose Selden
    Jyotin Hamid
    Debevoise & Plimpton, LLP (NYC)
    919 Third Avenue, 31st Floor
    New York, NY  10022
    Telephone:     (212) 909-6000
    Facsimile:      (212) 909-6836
    rnshwartz@debevoise.com
    rcastell@debevoise.com
    srselden@debevoise.com
    jhamid@debevoise.com


                                        /s/ Mark L. Levine
                                        By Counsel