IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYCO INTERNATIONAL LTD. and<br>TYCO INTERNATIONAL (US) INC.,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>        v.<br><br>L. DENNIS KOZLOWSKI,<br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 02-cv-7317 (TPG) |

**TYCO'S RESPONSE IN OPPOSITION TO KOZLOWSKI'S MOTION *IN LIMINE*
TO EXCLUDE LIABILITY EVIDENCE THAT IS CUMULATIVE AND
UNNECESSARY TO A TRIAL ABOUT REMEDIES**

Kozlowksi moves to exclude "evidence about liability that is cumulative and unnecessary in the upcoming trial concerning . . . remedies," insisting that evidence of Kozlowski's misconduct while CEO of Tyco is irrelevant. (Dkt. No. 127 at 1) But much of what Kozlowski calls "liability" evidence is in reality also "remedies" evidence. That is, facts concerning what Kozlowski did, when he did it, and how he did it are directly relevant to multiple issues that remain for trial—for instance, whether Kozlowski's misconduct permeated his service to Tyco, justifying disgorgement under New York's faithless servant doctrine; whether Tyco knowingly waived its right to seek disgorgement; and whether Kozlowski's misconduct involved the level of moral culpability necessary to justify an award of punitive damages.

Indeed, even Kozlowski acknowledges the relevance of what he has labeled "liability" evidence, insisting that "*some*" such evidence is not only relevant, but in fact "***highly relevant*** to the remedies issues to be tried, including facts which bear on whether the Tyco [Board of Directors] waived Tyco's right to seek disgorgement based on the acts [underlying the criminal

convictions] or whether the acts 'permeated Mr. Kozlowski's service'" to Tyco. (*Id.* at 5 n.5 (emphasis added and alterations omitted))  In light of Kozlowski's concession of the relevance of "some facts about the acts underlying the criminal convictions" (*id.*), the Court should deny Kozlowski's motion.

## BACKGROUND

In 2010, this Court granted partial summary judgment to Tyco on liability on its claims for breach of fiduciary duty, inducing breach of fiduciary duty, conspiracy to breach fiduciary duty, conversion, and breach of contract. (Dkt. No. 79)  In March of this year, the Court denied Tyco's motion for summary judgment on damages, concluding that triable issues of fact remained on whether Tyco may recover disgorgement of Kozlowski's compensation under New York's faithless servant doctrine.  In particular, the Court explained that fact questions exist on whether Kozlowski's misconduct "permeated [his] service" to Tyco and whether Tyco waived "all or part of any right to disgorgement under the faithless servant doctrine." (Dkt. No. 112 at 4-5)  Those questions—in addition to damages on Tyco's breach of contract and conversion claims—are set for trial.

## ARGUMENT

I.      **Certain Evidence On Liability Is Relevant To The Issues To Be Tried.**

Despite filing the instant motion *in limine*, Kozlowski himself concedes that evidence of the conduct underlying Kozlowski's criminal conviction is relevant to the issues set for trial. (Dkt. No. 127 at 5 n.4)  Specifically, Kozlowski admits that so-called liability evidence is relevant to Tyco's entitlement to disgorgement under the faithless servant doctrine and, in

particular, the issues of whether Kozlowski's conduct permeated his service to Tyco and whether Tyco waived its right to seek disgorgement of Kozlowski's compensation.[1]  (*Id.*)

What Kozlowski overlooks, however, is that evidence of his misconduct is also relevant to the issue of punitive damages that remains for trial.  On that issue, the question will be whether Kozlowski's disloyal acts involved the kind of moral culpability necessary to support an award of punitive damages under New York law, and the factfinder cannot possibly evaluate that question without understanding the nature of the conduct underlying Kozlowski's criminal conviction.  *See Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F. Supp. 2d 489, 527 (S.D.N.Y. 2011) (evaluating the nature of an employee's disloyal acts and "lengths to which he went to conceal his disloyal conduct, including providing misleading and false testimony" in evaluating whether employer was entitled to punitive damages); *see also Design Strategies, Inc. v. Davis*, 384 F. Supp. 2d 649, 669-70 (S.D.N.Y. 2005) (evaluating morally culpable nature of employee's disloyal acts in determining employer's entitlement to punitive damages), *aff'd sub nom. Design Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006).

While collateral estoppel precludes Kozlowski from disputing facts that have already been found by the criminal jury, nothing prevents Tyco from presenting those facts at trial to demonstrate its entitlement to the particular remedies it seeks.  Kozlowski's only authority in support of his argument to the contrary is *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 16 (2d Cir. 1996), where the Second Circuit stated:

> The only issue before the jury in this case was the issue of compensatory damages.  Only evidence relevant to that issue should have been admitted. *Because compensatory damages are awarded to compensate the plaintiff, and*

---

[1] In spite of this concession, Kozlowski nonetheless has included in his list of purportedly objectionable evidence and testimony designated by Tyco testimony that is directly relevant to these questions.  (*See,* Dkt. No. 127 at 4 n.2 (citing, *e.g.*, 8/30/07 Pasman Dep. Tr. 765:22 – 768:11 (discussing whether Tyco's board authorized various loan reductions and whether "information" about those reductions had been "related" to him in his capacity as a Board member)).)

> *not to punish the defendant, see Restatement (Second) of Torts § 903 (1979),*
> evidence showing the extent of the plaintiff's loss is relevant, while evidence
> characterizing the misconduct of the defendant is not

97 F.3d at 16 (emphasis added).  Kozlowski conveniently omits the italicized portion of the Court's reasoning, but it demonstrates that evidence "characterizing the misconduct of the defendant" may indeed be relevant, depending on the remedies a plaintiff seeks and the factual issues those remedies implicate.  Indeed, it is for this very reason that courts often refuse to bifurcate trials in liability and damages phases, understanding that the identical evidence may be relevant to both inquiries.  *See, e.g.*, *In re Blech Sec. Litig.*, No. 94 Civ. 7696 (RWS), 2003 WL 1610775, at *15 (S.D.N.Y. Mar. 26, 2003) (refusing to bifurcate trial where "'issues of liability and damages [we]re intertwined'" (quoting *P.K. Vichare v. Ambac Inc.*, 106 F.3d 457, 466 (2d Cir. 1996)).

**II.    Kozlowski's Rule 403 Objection Should Be Overruled.**

Kozlowski's separate objections that the evidence of his misconduct is cumulative or prejudicial should be overruled.

First, Kozlowski's parade of horribles about Tyco playing "hours and hours" of testimony on Kozlowski's disloyal acts (Dkt. No. 127 at 3-4) is misleading.  Tyco is not going to play endless deposition clips about Kozlowski's disloyal acts.  While Tyco designated a substantial amount of testimony, it will cut it back considerably for trial.  Rather than "hours and hours," Tyco expects to spend minutes and minutes reading portions of some of the designated transcripts into evidence.  If at some point Kozlowski believes that the testimony is cumulative, he may make that objection and the Court can rule at that point – not now in advance of trial.  *See Giladi v. Strauch*, No. 94 Civ. 3976 (RMB) (HBP), 2007 WL 415365, at *10 (S.D.N.Y. Feb. 6, 2007) (denying motion *in limine* to exclude cumulative evidence as unripe, and concluding

4

that the evidentiary objection would be "better determined at trial . . . if and when duplicative or cumulative testimony is offered").

Second, Kozlowski's argument that the introduction of "liability" evidence would be "highly prejudicial" because it would inflame the jury should be rejected. (Dkt. No. 127 at 5) "Evidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980). Here, given the issues that remain for trial—including whether Kozlowski's disloyal conduct permeated his service to Tyco and the reprehensibility of his conduct for purposes of evaluating Tyco's entitlement to punitive damages—Kozlowski cannot maintain that probative evidence related to those very issues must be excluded because of its potential to "inflame the jury." (Dkt. No. 127 at 5)

Finally, Kozlowski argues that Tyco should be precluded from admitting evidence of any misconduct that is unrelated to the counts of conviction. (*Id.* at 5-7) Tyco will stipulate that it will not seek to admit evidence related to conduct other than that underlying Kozlowski's criminal conviction. However, the example of the Sardinia party discussed by Kozlowski does not fall in that category. The Sardinia party was one of the overt acts included in both the indictment and the jury charge on the conspiracy count (Count 14), on which the criminal jury returned a verdict of guilty. (PX2 (Crim. Trial Tr. (6/2/05) at 16073:11 – 16073:18).)

## CONCLUSION

For the foregoing reasons, Tyco respectfully requests that the Court deny Kozlowski's motion *in limine* to exclude liability evidence that is cumulative and unnecessary in a trial about remedies.

Dated: August 3, 2012

Respectfully submitted,

TYCO INTERNATIONAL LTD. and TYCO INTERNATIONAL (US) INC.

/s/ Mark L. Levine
Fred H. Bartlit, Jr.*
Karma M. Giulianelli*
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO  80202
Telephone:     (303) 592-3100
Facsimile:      (303) 592-3140
fred.bartlit@bartlit-beck.com
karma.guilianelli@bartlit-beck.com

Mark Levine*
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL  60654
Telephone:     (312) 494-4400
Facsimile:      (312) 494-4440
mark.levine@bartlit-beck.com

Marshall Beil
MCGUIREWOODS LLP
1345 Avenue of the Americas
New York, NY  10105
Telephone:     (212) 548-2100
Facsimile:      (212) 548-2150
mbeil@mcguirewoods.com

Charles Wm. McIntyre*
MCGUIREWOODS LLP
2001 K. Street N.W., Suite 400
Washington, D.C.  20006
Telephone:     (202) 857-1700
Facsimile:      (202) 857-1737
cmcintyre@mcguirewoods.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs/Counterclaim Defendants Tyco International Ltd. and Tyco International (US) Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of August, 2012, I electronically filed the foregoing Tyco's Response in Opposition to Kozlowski's Motion *In Limine* To Exclude Liability Evidence That Is Cumulative And Unnecessary To A Trial About Remedies with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

> Robert N. Shwartz
> Rosa Collette Castello
> Shannon Rose Selden
> Jyotin Hamid
> Debevoise & Plimpton, LLP (NYC)
> 919 Third Avenue, 31st Floor
> New York, NY  10022
> Telephone:     (212) 909-6000
> Facsimile:       (212) 909-6836
> rnshwartz@debevoise.com
> rcastell@debevoise.com
> srselden@debevoise.com
> jhamid@debevoise.com

 

       /s/ Mark L. Levine
       By Counsel