UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TYCO INTERNATIONAL, LTD. and                  :
TYCO INTERNATIONAL (US), INC.,                :
                                              :
        Plaintiffs/Counterclaim     :   No. 02 Civ. 7317 (TPG)
        Defendants,                 :   **ECF CASE**
   v.                                         :
                                              :
L. DENNIS KOZLOWSKI,                          :
                                              :
        Defendant/Counterclaim      :
        Plaintiff.                  :
                                              :
                                              :
------------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION *IN LIMINE* OF L. DENNIS KOZLOWSKI TO STRIKE PLAINTIFFS' JURY DEMAND

                                DEBEVOISE & PLIMPTON LLP
                                Robert N. Shwartz (rnshwartz@debevoise.com)
                                Jyotin Hamid (jhamid@debevoise.com)
                                Shannon Rose Selden (srselden@debevoise.com)
                                919 Third Avenue
                                New York, New York 10022
                                Telephone: 212-909-6000
                                Facsimile: 212-909-6836

Dated: New York, New York      *Counsel to Defendant/Counterclaim Plaintiff*
         August 3, 2012                *L. Dennis Kozlowski*

23716152

L. Dennis Kozlowski respectfully submits this reply memorandum of law, pursuant to Fed. R. Civ. P. 39(a)(2), in further support of his motion to strike the demand for jury trial made by Tyco International Ltd. and Tyco International (US), Inc. (together, "Tyco") and in opposition to Tyco's request for an "advisory jury" pursuant to Fed. R. Civ. P. 39(c)(1).

## PRELIMINARY STATEMENT

As this Court held in its March 9, 2012 opinion, which generally defined the issues to be adjudicated at the upcoming trial, "the measure of recovery sought [by Tyco] is disgorgement of compensation and benefits pursuant to the faithless servant doctrine." In its opposition to Mr. Kozlowski's motion to strike Tyco's jury demand, Tyco now finally concedes that "faithless servant" disgorgement is an equitable remedy and should be tried to the Court, not a jury. Before making this concession, Tyco had insisted that it was entitled to a jury on this claim, including, for example, by recently filing numerous *in limine* motions that were based on the premise – which Tyco now concedes is erroneous – that a jury would decide the request for "faithless servant" disgorgement.

Despite finally conceding that the Court, not a jury, should decide the request for disgorgement under the "faithless servant" doctrine – which this Court has already defined as the key issue to be determined at the upcoming trial – Tyco nevertheless continues to strain to find *some* role for a jury. Specifically, Tyco contends that it is entitled to a jury on one aspect of its request for disgorgement (that relating to Mr. Kozlowski's allegedly unpaid balance under the Key Employee Loan Program ("KELP")) and on its request for punitive damages on its conversion claim. Also, in an unavailing attempt to make more palatable its position that the Court should adjudicate the central issue in the case and a jury should adjudicate these two

23716152

peripheral issues, Tyco offers the proposal that an "advisory jury" be empanelled to assist the Court. All of Tyco's last-ditch efforts to preserve some role for a jury in the upcoming trial should be rejected.

As to the KELP claim, Tyco concedes that in determining whether an issue should be tried to the bench or to a jury, the Court should focus on the substantive nature of the relief sought, not on the label a party chooses to attach to that relief. In light of that concession, Tyco's eleventh-hour attempt to re-label the relief it seeks on the KELP claim as "legal" should be rejected. For ten years – from the amended complaint Tyco filed in 2002 to the Statement of Claims Tyco served on Mr. Kozlowski on May 25, 2012 pursuant to the parties' agreed-upon protocol of pre-trial exchanges – it has been clear that the nature of the relief sought on the KELP claim is disgorgement of monies which Tyco contends Mr. Kozlowski took wrongfully by misusing the KELP program. Tyco's attempt to re-label the relief should be rejected, coming, as it does, only after Tyco was advised that Mr. Kozlowski was moving to strike the jury demand and belatedly recognized that it would have to concede that it is not entitled to a jury on its request in equity for disgorgement.

As to the conversion claim, Tyco does not – and cannot – dispute that Tyco has already received back all money or property "converted" by Mr. Kozlowski (other than the KELP balance covered by the KELP claim). The Stipulated Facts in the Joint Pre-Trial Order submitted by the parties earlier this week confirms as much. Lacking any actual damages on the conversion claim, Tyco now contends that it is seeking punitive damages on the claim and is entitled to a jury to adjudicate its request for punitive damages.

2

Tyco's demand for punitive damages, however, can and should be rejected by this Court. On its main disgorgement remedy, Tyco already seeks an award of ***over $1 billion***. Moreover, it is undisputed that such an award would be entirely a windfall recovery for Tyco because Tyco has already received full restitution of every penny that Mr. Kozlowski was convicted of taking wrongfully. It is further indisputable that any public interest in punishing Mr. Kozlowski has already been amply satisfied by his lengthy term of incarceration and the $70 million dollar fine that he paid to the State of New York as part of his criminal sentence. Finally, as the parties and the Court have discussed in recent pre-trial conferences, Tyco has detailed information about Mr. Kozlowski's assets. Tyco well knows that Mr. Kozlowski has insufficient funds to pay even a tiny fraction of the award Tyco seeks on its request for disgorgement. Under all these circumstances, Tyco's request for punitive damages on its conversion claim should be denied. This request on a peripheral issue certainly should not be used as an excuse for empanelling a jury in a case which otherwise entirely involves requests for equitable relief that are to be tried to the Court.

Tyco's suggestion of empanelling an "advisory jury" to assist the Court in deciding the disgorgement claim should be rejected. This is not the special case – such as an obscenity trial or a case involving public safety – in which the Court would be aided by an advisory jury's assessment of community-based standards or concerns. The Court is fully capable of deciding this private compensation dispute without assistance. Using an "advisory jury" is not only unnecessary, it is also certain to dramatically prolong and complicate the proceedings without alleviating at all the Court's responsibility to decide the "faithless servant" issue and prepare findings of fact and conclusions of law.

# ARGUMENT

I. **Tyco Has No Right To A Jury Trial.**

    A. **Tyco Concedes That It Has No Right To A Jury Trial On Its Request For Disgorgement Pursuant To The "Faithless Servant" Doctrine.**

Tyco now concedes that it has no right to a jury trial on its request for disgorgement pursuant to the "faithless servant" doctrine. Tyco's Response In Opposition To Motion *In Limine* of L. Dennis Kozlowski To Strike Plaintiffs' Jury Demand ("Tyco Opp. Br.") at 2. Such a remedy is equitable in nature, and is an issue to be decided by a bench trial. *See, e.g.*, *Webb v. RLR Assocs., Ltd.*, No. 03 Civ. 4275 (HB), 2004 WL 555699, at *2 (S.D.N.Y. Mar. 19, 2004) (holding that plaintiff who seeks disgorgement under the "faithless servant" doctrine "is not entitled to a jury trial").

As Tyco previously conceded (until its eleventh-hour change in position), the request for disgorgement under the "faithless servant" doctrine is the sole issue to be adjudicated at the upcoming trial on ***all*** of Tyco's claims to be tried. *See* Tyco Statement of Claims (attached as Exhibit A to the Declaration of Jyotin Hamid filed on July 17, 2012) (Dkt. 125).[1]

    B. **Tyco Has No Right To A Jury Trial On Its KELP Claim.**

Tyco acknowledges that the Court must look past the labels a party may attach to the relief it seeks, and focus on the substantive nature of such relief, in order to determine whether a

---

[1] As noted in Mr. Kozlowski's initial brief, Tyco's May 25, 2012 statement of claims stated that the sole remedy it was seeking on its breach of contract and conversion claims was "***disgorgement of money***, including compensation, received by Kozlowski ***pursuant to the faithless servant doctrine***, plus prejudgment interest." *See* Tyco Statement of Claims to be Tried (attached as Exhibit A to the Declaration of Jyotin Hamid submitted on July 17, 2012) (Dkt. 125). Tyco re-characterized the remedies it was seeking on July 17, 2012 – by now purporting to distinguish the remedy it seeks on its "faithless servant" disgorgement claim from the remedy it seeks on the KELP claim and by adding a demand for punitive damages – only ***after*** counsel for Mr. Kozlowski notified Tyco's counsel of Mr. Kozlowski's intention to file the present motion to strike the jury demand.

party is entitled to a jury trial.  Tyco Opp. Br. at 4; *see also Tull v. United States*, 481 U.S. 412, 421 (1987).  Nonetheless, less than two weeks before the scheduled trial date, Tyco is attempting to re-label the relief it seeks on its KELP claim in an attempt to preserve some role for a jury in this case.

Ten years ago, Tyco's Amended Complaint made clear that the remedy Tyco seeks on its KELP claim is disgorgement of money which Tyco contends Mr. Kozlowski wrongfully took through misuse of the KELP program.  Am. Compl. ¶¶ 25-32.  Most recently, on May 25, 2012, when Tyco served its Statement of Claims to be tried, pursuant to the parties' agreed-upon protocol for pre-trial exchanges, Tyco again confirmed that the relief it seeks on the KELP claim is disgorgement pursuant to the "faithless servant" doctrine.[2]  Accordingly, like other aspects of its request for disgorgement under the "faithless servant" doctrine, the substance of the relief sought on Tyco's KELP claim is to "restore the status quo" and "order[] the return of that which rightfully belongs to [another]" – all of which are hallmarks of an equitable remedy for which there is no right to trial by jury.  *See Tull,* 481 U.S. at 422 (citations omitted); *see also Citigroup Inc. v. VDN Systems, Inc.*, No. 08-Civ-7527 (SHS), 2008 WL 5274091, at *2 (S.D.N.Y. Dec. 16, 2008) ("[W]here . . . a party alleging breach of contract seeks only equitable relief, there is no right to a jury under the Seventh Amendment.")

### C. Tyco Has No Right To A Jury Trial On Its Demand For Punitive Damages On Its Conversion Claim.

It is undisputed that Tyco's claim for damages on its conversion claim is moot because Tyco has already received back all money or property "converted" by Mr. Kozlowski. Mr. Kozlowski made full restitution of every penny that he was convicted of taking wrongfully.

---

[2]  *See* footnote 1, above.

*See* Joint Pre-Trial Order, filed July 30, 2012, Stipulated Facts ¶¶ 4-8.  Lacking any actual damages, Tyco now invokes the possibility of punitive damages.  Notably, Tyco's May 25, 2012 Statement of Claims, served before Tyco knew it would face a motion to strike its jury demand, did *not* indicate that Tyco would seek punitive damages.[3]

Tyco's newfound interest in pursuing punitive damages on its conversion claim should be rejected as a contrived attempt to preserve some role for a jury in the upcoming case.  There is a reason that Tyco's Statement of Claims to be tried did not include a demand for punitive damages until Tyco attempted an eleventh-hour adjustment in response to Mr. Kozlowski's motion to strike the jury demand:  Punitive damages have no place in this case.  That is for several reasons.

As Tyco explained at the oral argument on its motion for summary judgment as to damages, it seeks $499,850,756.85 in "faithless servant" disgorgement, which, with pre-judgment interest added, would mean an award topping *$1 billion*.  *See* Transcript of Oral Argument, dated Feb. 14, 2012 at 6.  As both this Court and Tyco are well aware from recent discussions and the detailed financial disclosures that Mr. Kozlowski is required by Court order to provide to Tyco every six months, Mr. Kozlowski cannot even begin to pay such an award, let alone a judgment for punitive damages on top of that.

Punitive damages are inherently a windfall recovery paid on top of a party's actual damages.  In this case, any punitive damages award would constitute a windfall on top of two other windfalls.  It is undisputed that Mr. Kozlowski has already made full restitution to Tyco of every penny that he was convicted of having taken wrongfully.  The more than $1 billion

---

[3]   *See* footnote 1, above.

recovery Tyco seeks on its "faithless servant" disgorgement claim would, therefore, itself be entirely a windfall recovery.  Tyco has also already seized all of Mr. Kozlowski's deferred compensation.

Although allowing a plaintiff to obtain a windfall recovery in the form of punitive damages may sometimes be justified by the public interest in punishing a defendant for misconduct, any such interest has already been amply satisfied in this case.  Following his criminal conviction, Mr. Kozlowski was sentenced to a term of incarceration of eight and a third to 25 years.  He served more than six years in a penitentiary upstate and continues to be incarcerated in a half-way house facility.  He was also ordered to pay, and did pay, a fine of $70 million to the State of New York as part of his criminal sentence.  There is no justification for allowing Tyco to seek an additional windfall recovery through punitive damages under such circumstances.  *See, e.g.*, *Wilhelm v. Ryan*, 903 A.2d 745, 751-52 (Del. 2006) (punitive damages may be unnecessary where a defendant has already been punished in a related criminal matter).

For all of these reasons, Tyco's demand for punitive damages should be denied.  The demand for punitive damages on a peripheral claim certainly should not be an excuse for empanelling a jury where no jury would otherwise be appropriate. [4]

## II.     The Court Should Exercise Its Discretion To Deny Tyco's "Advisory Jury" Request.

After conceding that it has no right to a jury on its claim for "faithless servant" disgorgement, Tyco asks the Court to exercise its discretion to empanel an "advisory jury" pursuant to Rule 39(c)(1).  Such a measure is not mandatory, and courts have "great discretion in determining whether to utilize an advisory jury." *Pan Am Corp. v. Delta Air Lines, Inc.*, No. 93

---

[4]  Similarly, any interest could easily be calculated by the Court.  Calculating interest should not provide a basis for empanelling a jury when a jury would otherwise not be appropriate.

Civ. 7125 (RPP), 1994 WL 174318, at *3 (S.D.N.Y. May 3, 1994).  There are numerous reasons why this Court should deny Tyco's request.

Judicial economy will ***not*** be promoted by empanelling an advisory jury.  Tyco is clearly wrong when it contends that an advisory panel would "expedite matters for . . . the [c]ourt" or "make [the Court's] task easier."  Tyco Opp. Br. at 7-8.  To the contrary, the presence of an advisory jury would significantly complicate and lengthen the trial.  Jury trials simply take longer than bench trials.  The parties and the Court would be required to create jury instructions and verdict forms for claims that would not otherwise be presented to the jury.  In a bench trial, the Court would have much greater flexibility to maximize efficiency by employing such devices as taking direct testimony by written submission or reviewing some or all of the prior testimony designations in chambers rather than having them read out loud or played on video equipment in court.  The Court would also be able to deal much more efficiently with the scores of relevance and Rule 403 objections each side has made to the exhibits and prior testimony designations of the other.  It is worth noting, for example, that in Tyco's companion lawsuit against Frank Walsh, *Tyco Int'l Ltd. v. Walsh*, No. 02 Civ. 4633 (DLC), Tyco's claims against Mr. Walsh, including a conversion claim and breach of fiduciary duty claims, were tried to the bench.  Employing some of the devices suggested above, Judge Cote was able to try the whole case in less than a week.

Moreover, an advisory jury's "verdict" would not be binding, and the Court would still bear the responsibility for deciding the legal and factual issues at hand and preparing findings of fact and conclusions of law.  *See* FED. R. CIV. P. 52(a); *Skoldberg v. Villani*, 601 F. Supp. 981, 982 (S.D.N.Y. 1985) ("Whatever value the views of [an advisory] jury may have is diminished

8

by the fact that the Court must still come to its own judgment in accordance with Fed. R. Civ. P. 52(a)."). The Court should deny Tyco's request for an advisory jury to conserve judicial resources. *Cf. id.* ("The role . . . of the fact-finder . . . in determining a possible damage award simply does not justify the additional time and expense involved in presenting this case to [an advisory] jury."); *Pan Am Corp.*, 1994 WL 174318, at *4 (denying request for advisory jury because "[t]he interests of judicial economy would not be served in this case by empanelling an advisory jury because the Court will still have to make its own findings of fact and conclusions of law").

The complications and trial days that an advisory jury would add to these proceedings are not justified by any "special factors in this action which suggest that a jury composed of members of the community would provide the Court valuable guidance in making its own findings and conclusions." *Skoldberg*, 601 F. Supp. at 982. As explained in *NAACP v. Acusport Corp.*, a case cited by Tyco, advisory juries are "appropriate in cases involving community-based standards," such as matters involving obscenity standards, public nuisance or those "impinging on national public policy." 226 F. Supp. 2d 391, 398-400 (E.D.N.Y. 2002). In *Acusport*, the court empanelled an advisory jury to gauge the values of the community when determining whether gun manufacturers and distributors illegally endangered public health and safety. *Id.* at 400.

This case does not involve any such special factors requiring community guidance. This is a private compensation dispute between a corporation and its former CEO. There is no need for an advisory panel to "assist the court to determine the exact amount to award" as Tyco argues. Tyco Opp. Br. at 7. Such questions are routinely and speedily decided by judges

without the assistance of advisory juries.  *See, e.g.*, *Skoldberg*, 601 F. Supp. at 982 (rejecting plaintiff's argument that an advisory jury could assist with the calculation of damages).  Similarly, Tyco's argument that an advisory jury could assist the Court in determining the credibility of witnesses, *see* Tyco Opp. Br. at 8, is unpersuasive.  Trial judges routinely make determinations regarding the credibility of witnesses when crafting findings of facts and conclusions of law – as the Court would be required to do here under Rule 52(a) with or without the presence of an advisory jury.

In sum, an advisory jury would prolong and complicate the trial of this matter, would do nothing to alleviate the Court's responsibility to decide the issues and prepare findings of fact and conclusions of law, and would not be warranted to serve any special need to assess community standards or perspectives in this private compensation dispute.

## CONCLUSION

For the reasons stated herein and in his initial moving papers, Mr. Kozlowski respectfully requests that the Court strike Tyco's demand for a jury trial in its entirety and deny Tyco's request for the Court to empanel an advisory jury.

Dated:  New York, New York
       August 3, 2012

                                Respectfully submitted,
                                DEBEVOISE & PLIMPTON LLP

                                /s/ *Robert N. Shwartz*
                                Robert N. Shwartz (rnshwartz@debevoise.com)
                                Jyotin Hamid (jhamid@debevoise.com)
                                Shannon Rose Selden (srselden@debevoise.com)
                                919 Third Avenue
                                New York, New York 10022
                                (212) 909-6000
                                *Counsel to L. Dennis Kozlowski*