UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TYCO INTERNATIONAL, LTD. and                :
TYCO INTERNATIONAL (US), INC.,              :
                                            :
       Plaintiffs/Counterclaim          : No. 02 Civ. 7317 (TPG)
       Defendants,                      : **ECF CASE**
  v.                                        :
                                            :
L. DENNIS KOZLOWSKI,                        :
                                            :
       Defendant/Counterclaim           :
       Plaintiff.                       :
                                            :
------------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION *IN LIMINE* OF L. DENNIS KOZLOWSKI TO EXCLUDE LIABILITY EVIDENCE THAT IS CUMULATIVE AND UNNECESSARY TO A TRIAL ABOUT REMEDIES

DEBEVOISE & PLIMPTON LLP
Robert N. Shwartz (rnshwartz@debevoise.com)
Jyotin Hamid (jhamid@debevoise.com)
Shannon Rose Selden (srselden@debevoise.com)
919 Third Avenue
New York, New York 10022
Telephone: 212-909-6000
Facsimile: 212-909-6836

Dated: New York, New York
       August 6, 2012

*Counsel to Defendant/Counterclaim Plaintiff
L. Dennis Kozlowski*

23717799v1

L. Dennis Kozlowski respectfully submits this reply memorandum of law in further support of his motion *in limine* to exclude evidence concerning the facts underlying Mr. Kozlowski's criminal convictions or related to alleged misconduct that was not the subject of his criminal convictions or the basis for the Court's December 1, 2010 ruling on liability.

**ARGUMENT**

<u>Cumulative Liability Evidence Should Be Excluded</u>

In his initial moving papers, Mr. Kozlowski demonstrated that Tyco should not be permitted to introduce cumulative and unnecessary evidence about liability in the upcoming trial concerning remedies, given that liability has already been established. The parties agree that some evidence relating to liability is admissible if it bears on the appropriateness of the disgorgement remedy Tyco seeks pursuant to the "faithless servant" doctrine, including, for example, evidence that bears on whether Tyco waived any right to seek disgorgement or whether the conduct underlying the criminal convictions permeated Mr. Kozlowski's service in its most material and substantial part. But such relevant evidence constitutes only a minor portion of the voluminous evidence Tyco has indicated it intends to introduce aimed at re-hashing the liability which has already been established.

Indeed, Tyco's opposition implicitly acknowledges as much. Specifically, the main thrust of Tyco's opposition is Tyco's argument that it should be entitled to re-hash evidence underlying the criminal convictions – even though Mr. Kozlowski is collaterally estopped from denying them and liability has already been established on the basis of them – because Tyco believes re-treading this ground is relevant to Tyco's request for punitive damages.

1

Tyco's contention should be rejected because punitive damages have no place in this case.  As Tyco explained at the oral argument on its motion for summary judgment as to damages, it seeks $499,850,756.85 in "faithless servant" disgorgement, which, with pre-judgment interest added, would mean an award topping *$1 billion*.  *See* Transcript of Oral Argument, dated Feb. 14, 2012 at 6.  As both this Court and Tyco are well aware from recent discussions and the detailed financial disclosures that Mr. Kozlowski is required by Court order to provide to Tyco every six months, Mr. Kozlowski cannot even begin to pay such an award, let alone a judgment for punitive damages on top of that.

Punitive damages are inherently a windfall recovery paid on top of a party's actual damages.  In this case, any punitive damages award would constitute a windfall on top of two other windfalls.  It is undisputed that Mr. Kozlowski has already made full restitution to Tyco of every penny that he was convicted of having taken wrongfully.  Tyco has also already seized all of Mr. Kozlowski's deferred compensation.  The more than $1 billion recovery Tyco seeks on its "faithless servant" disgorgement claim would, therefore, itself be entirely a windfall recovery.

Although allowing a plaintiff to obtain a windfall recovery in the form of punitive damages may sometimes be justified by the public interest in punishing a defendant for misconduct, any such interest has already been amply satisfied in this case.  Following his criminal conviction, Mr. Kozlowski was sentenced to a term of incarceration of eight and a third to 25 years.  He served more than six years in a penitentiary upstate and continues to be incarcerated in a half-way house facility.  He was also ordered to pay, and did pay, a fine of $70 million to the State of New York as part of his criminal sentence.  There is no justification for allowing Tyco to seek an additional windfall recovery through punitive damages under such

circumstances.  *See, e.g., Wilhelm v. Ryan*, 903 A.2d 745, 751-52 (Del. 2006) (punitive damages may be unnecessary where a defendant has already been punished in a related criminal matter).

Punitive damages certainly should not be used as the basis for prolonging the upcoming trial by re-hashing liability evidence in a case where liability has already been established.

Tyco also contends that Mr. Kozlowski's concern is overblown that Tyco's introduction of cumulative liability evidence will unnecessarily prolong the trial.  Tyco does not dispute that it has designated voluminous amounts of prior testimony from the criminal trial.  Tyco represents now, however, that it intends to cut back on these designations substantially and that, instead of playing "hours and hours" of prior testimony, it expect to play only "minutes and minutes" (i.e., less than an hour).  Tyco Opp. Br. at 4.  *If* Tyco's prediction turns out to be accurate, Mr. Kozlowski's concerns about the trial being unnecessarily prolonged by the introduction of cumulative liability evidence will obviously be mitigated.  Tyco should be held to its prediction.

Evidence Of Alleged Misconduct Not Underlying
<u>The Criminal Convictions Should Be Excluded</u>

In his initial moving papers, Mr. Kozlowski demonstrated that Tyco should not be permitted to introduce evidence of other alleged misconduct that does not underlie the criminal convictions on which this Court's liability finding was based.  In opposition, Tyco represents that it "will stipulate that it will not seek to admit evidence related to conduct other than that underlying Kozlowski's criminal conviction."  Tyco Opp. Br. at 5.  Mr. Kozlowski submits that this stipulation is appropriate and that Tyco should be held to it.

Tyco, however, goes on to misapply immediately its own stipulation.  *See id*.  Tyco contends that it should be permitted to offer evidence about the Sardinia party because, Tyco

3

argues, the party was charged in the criminal indictment as one of the overt acts underlying the conspiracy count on which Mr. Kozlowski was convicted. *See id*. Tyco's position, apparently, is that any act *alleged* in the indictment as an overt act underlying the conspiracy count is an act "underlying the criminal convictions."

In its December 1, 2010 Opinion granting Tyco's motion for partial summary judgment as to liability, this Court already considered and rejected the contention that all acts charged as overt acts underlying the conspiracy count should be considered acts underlying the criminal convictions for purposes of this case. The Court explained:

> In connection with the present civil action, the conspiracy count is not useful, because it alleges a broad range of wrongdoing, and the jury was not required to find Kozlowski guilty of all of such wrongdoing, nor was the jury asked for specification as to what it actually found.

Dec. 1, 2010 Op. at 6. Accordingly, the Court's finding of liability in this case was expressly ***not*** based on overt acts alleged in the indictment underlying the conspiracy count. To the contrary, the Court has explained that it does not – and cannot – assume that the criminal jury necessarily decided that any of those acts was the basis of criminal liability (or even that they occurred). The Court has already held that none of those acts is a basis for liability in this case. In short, for purposes of this case, the Court has already held that the conspiracy count is "not useful."

Tyco's stipulation that it will "not seek to admit evidence related to conduct other than that underlying Kozlowski's criminal conviction" should be applied to exclude evidence of all acts other than those that this Court has already determined in its December 1, 2010 Opinion were necessarily decided by the criminal jury and are a basis for the liability finding in this case.

4

The Sardinia party, and other conduct alleged as overt acts supporting the conspiracy count, do not fall within that category.

## CONCLUSION

For the foregoing reasons, and those set forth in his initial moving papers, Defendant/Counterclaim Plaintiff L. Dennis Kozlowski respectfully requests that the Court grant his Motion *in Limine* to exclude irrelevant, prejudicial and cumulative evidence regarding (1) the facts and circumstances underlying Mr. Kozlowski's criminal convictions, and (2) alleged misconduct that was not the subject of his criminal convictions or the basis for the Court's December 1, 2010 ruling on liability.

Dated: New York, New York
August 6, 2012

                                Respectfully submitted,
                                DEBEVOISE & PLIMPTON LLP

                                /s/ *Jyotin Hamid*_____
                                Robert N. Shwartz (rnshwartz@debevoise.com)
                                Jyotin Hamid (jhamid@debevoise.com)
                                Shannon Rose Selden (srselden@debevoise.com)
                                919 Third Avenue
                                New York, New York 10022
                                212-909-6000

                                *Counsel to Defendant/Counterclaim Plaintiff*
                                *L. Dennis Kozlowski*