UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
TYCO INTERNATIONAL, LTD. and       :
TYCO INTERNATIONAL (US), INC.,     :
                                   :
       Plaintiffs/Counterclaim   :   No. 02 Civ. 7317 (TPG)
       Defendants,                :   **ECF CASE**
  v.                               :
                                   :
L. DENNIS KOZLOWSKI,               :
                                   :
       Defendant/Counterclaim    :
       Plaintiff.                :
                                   :
-----------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION *IN LIMINE* OF L. DENNIS KOZLOWSKI TO ADMIT TESTIMONY FROM THE CRIMINAL TRIALS

DEBEVOISE & PLIMPTON LLP
Robert N. Shwartz (rnshwartz@debevoise.com)
Jyotin Hamid (jhamid@debevoise.com)
Shannon Rose Selden (srselden@debevoise.com)
919 Third Avenue
New York, New York 10022
Telephone: 212-909-6000
Facsimile: 212-909-6836

Dated: New York, New York
       August 6, 2012

*Counsel to Defendant/Counterclaim Plaintiff L. Dennis Kozlowski*

23717793v1

L. Dennis Kozlowski respectfully submits this reply memorandum of law in further support of his motion *in limine* to admit testimony by certain witnesses at the criminal trials in *People v. Kozlowski and Swartz*, Indictment No. 5259-02 (Supreme Court, New York County).

## ARGUMENT

It is undisputed that twelve witnesses – including, critically, all but one of the members of Tyco's Board of Directors during the time period relevant to this case – is unavailable to testify at the upcoming trial. It is also undisputed that each of these witnesses testified at Mr. Kozlowski's criminal trials on topics that go to the heart of his defenses in this civil proceeding. Thus, if designations of the witnesses' prior testimony were excluded entirely from the upcoming trial, the Court would not hear critical testimony from the most important witnesses; with the exception of John Fort, the Court would not hear testimony from any Tyco directors. Tyco recognizes the importance of these witnesses and has itself designated extensive portions of their prior testimony from the criminal trials.

In his initial moving papers, Mr. Kozlowski demonstrated that he, too (not just Tyco), should be allowed to designate prior testimony from these witnesses, pursuant to FRE 804(b)(1), because (1) Tyco had a full opportunity to examine these witnesses about their prior criminal testimony during their civil depositions in this case, and (2) the District Attorney was Tyco's predecessor in interest in examining these witnesses during the criminal trials.

Tyco does not – and cannot – dispute that it had a full opportunity to examine these witnesses during their civil depositions in this case. Tyco argues that its opportunity to examine the witnesses in their depositions should be a basis to admit the witness' deposition testimony, but not their criminal trial testimony. In making this argument, Tyco simply ignores the fact that, in ten of twelve cases, the criminal testimony was itself an exhibit in the civil depositions

and the witness affirmatively adopted the criminal trial testimony during the civil depositions. (In the other two cases, Tyco was of course aware of the earlier criminal testimony and could have introduced it as an exhibit and questioned the witnesses about it during the civil depositions.)  Tyco therefore cannot deny – and does not even try to deny – that it had a full opportunity to examine these witnesses *specifically about their criminal trial testimony.*  Under such circumstances, the prior testimony is admissible against Tyco pursuant to FRE 804(b)(1).

Tyco also does not dispute that the District Attorney worked hand in glove with Tyco during the criminal trials.  Tyco does not dispute that the ***sole*** basis for the liability finding in this case is the collateral estoppel effect of the criminal convictions obtained by the District Attorney. Tyco does not dispute that the same allegations underlie both the District Attorney's indictment and Tyco's civil complaint.  And Tyco does not dispute that Tyco itself is relying extensively on the District Attorney's examination of these witnesses at the upcoming trial, insofar as Tyco has designated voluminous excerpts from these witnesses' testimony at the criminal trials.

Given Tyco's failure to dispute these facts, Tyco's suggestion that the District Attorney lacked a motive "similar" to Tyco's in developing the witnesses' testimony cannot be credited. Tyco argues that Mr. Kozlowski must either (a) concede that the issues in this civil action are identical to issues necessarily decided in the criminal case or (b) concede that Tyco and the District Attorney did not have a similar motive to develop these witnesses' testimony.  That is a false choice.  An identical motive, or identity of issues, is not required.  The test is whether the District Attorney's motives in questioning the witnesses was "similar" to Tyco's.  *See, e.g., Construction Tech., Inc. v. Cybermation, Inc.*, No. 91 Civ. 7474, 1996 WL 376601, at *1 (S.D.N.Y. Apr. 30, 1996).

2

Mr. Kozlowski does not, and need not, concede that the jury in the criminal case necessarily decided one way or the other whether Tyco's directors came to learn of the acts underlying Mr. Kozlowski's criminal convictions. But Tyco cannot dispute that the District Attorney did question the witnesses about their knowledge of the acts underlying the criminal convictions and that the District Attorney's motive in doing so was similar to Tyco's. Indeed, that is precisely why Tyco is itself planning to rely so extensively on the District Attorney's examinations of these witnesses.

Under such circumstances, Tyco cannot credibly deny that the District Attorney was its predecessor in interest in developing these witnesses' testimony. Rule 804(b)(1), as well as simple fairness, should permit Mr. Kozlowski also (not just Tyco) to introduce portions of the witnesses' prior testimony in the criminal trials.

## **CONCLUSION**

For the reasons stated above and in his initial moving papers, Mr. Kozlowski's designations of prior testimony from the criminal trials should be admitted.

Dated: New York, New York
August 6, 2012

Respectfully submitted,
DEBEVOISE & PLIMPTON LLP

/s/ *Jyotin Hamid*
Robert N. Shwartz (rnshwartz@debevoise.com)
Jyotin Hamid (jhamid@debevoise.com)
Shannon Rose Selden (srselden@debevoise.com)
919 Third Avenue
New York, New York 10022
212.909.6000

*Counsel to Defendant/Counterclaim Plaintiff
L. Dennis Kozlowski*

3

23717793v1