**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

TYCO INTERNATIONAL LTD. and
TYCO INTERNATIONAL (US) INC.,

        Plaintiffs/Counterclaim Defendants,

        v.

L. DENNIS KOZLOWSKI,

        Defendant/Counterclaim Plaintiff.

Civil Action No. 02-cv-7317 (TPG)

---

**TYCO'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS *IN LIMINE*
NOS. 1 THROUGH 8 AND MOTION TO QUASH SUBPOENA TO EDWARD BREEN**

Marshall Beil
MCGUIREWOODS LLP
1345 Avenue of the Americas
New York, NY  10105-0106
Telephone:    (212) 548-2100
Facsimile:    (212) 548-2150
mbeil@mcguirewoods.com

Charles Wm. McIntyre*
MCGUIREWOODS LLP
2001 K. Street N.W., Suite 400
Washington, D.C.  20006-1040
Telephone:    (202) 857-1700
Facsimile:    (202) 857-1737
cmcintyre@mcguirewoods.com

Brian E. Pumphrey*
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Telephone:    (804) 775-7745
Facsimile:    (804) 775-1061
bpumphrey@mcguirewoods.com

*Admitted *pro hac vice*

Fred H. Bartlit, Jr.*
Karma M. Giulianelli*
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO  80202
Telephone:    (303) 592-3100
Facsimile:    (303) 592-3140
fred.bartlit@bartlit-beck.com
karma.guilianelli@bartlit-beck.com

Mark L. Levine*
BARTLIT BECK HERMAN PALENCHAR &
SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL  60654
Telephone:    (312) 494-4400
Facsimile:    (312) 494-4440
mark.levine@bartlit-beck.com

*Counsel for Plaintiffs/Counterclaim
Defendants Tyco International Ltd. and
Tyco International (US) Inc.*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...........................................................................................................................2

I.    Motion *In Limine* No. 3 Should Be Granted As Unopposed ................................................2

II.    Only Evidence Relevant To The Waiver Defense Should Be Admitted ...........................3

    A.    Evidence Of Tyco's Actual Knowledge Of The Bonuses And Loan
        Reductions Is Precluded (Motion *In Limine* No. 1) .................................. 4

        1.    Law of the Case ................................................................................ 5

        2.    Collateral Estoppel ........................................................................ 6

    B.    Evidence Showing Only The Contents Of Tyco's Corporate Records Or
        The Knowledge Of Subordinate Employees Should Be Excluded
        (Motion *In Limine* No. 2) ........................................................................ 7

    C.    Tyco's Alleged Ratification Of The Walsh Payment Should Be Excluded
        (Motion *In Limine* No. 7) ........................................................................ 9

III.    Only Evidence Relevant To Permeation As Defined By New York Law Should
    Be Admitted ...................................................................................................................10

    A.    Kozlowski's Accomplishments As CEO Of Tyco Should Be Excluded
        (Motion *In Limine* No. 4) ...................................................................... 10

    B.    Swartz's Continued Tenure As CFO Should Be Excluded
        (Motion *In Limine* No. 5) ...................................................................... 13

    C.    Payments Received By Other Directors Should Be Excluded
        (Motion *In Limine* No. 6) ...................................................................... 14

IV.    Tyco's Motion to Quash the Breen Subpoena Should Be Granted .................................15

CONCLUSION.........................................................................................................................16

i

# TABLE OF AUTHORITIES

## Cases

*Aramony v. United Way of Am.*,
  28 F. Supp. 2d 147, 172 (S.D.N.Y. 1998),
  *rev'd in part sub nom. Aramony v. United Way Replacement Benefit Plan*,
  191 F.3d 140 (2d Cir. 1999) ................................................................ 8, 12

*Cary Oil Co., Inc. v. MG Refining & Mktg., Inc.*,
  257 F. Supp. 2d 751 (S.D.N.Y. 2003) ............................................... 6, 14

*Colliton v. Cravath, Swaine & Moore LLP*,
  08 CIV 0400 (NRB), 2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008) .................. 10

*Emich Motors Corp. v. Gen. Motors Corp.*,
  340 U.S. 558 (1951) ........................................................................ 6, 7

*ESPN, Inc. v. Office of Comm'r of Baseball*,
  76 F. Supp. 2d 383 (S.D.N.Y. 1999) .................................................... 14

*Feiger v. Iral Jewelry, Ltd.*,
  41 N.Y.2d 928 (1977) ....................................................................... 11

*In re Blumenthal*,
  32 A.D.3d 767 (App. Div. 2006) ..................................................... 12, 13

*In re City of Rochester*,
  208 N.Y. 188 (1913) .......................................................................... 8

*Kirschner v. Klemons*,
  99 CIV. 4828 (RCC), 2005 WL 1214330 (S.D.N.Y. May 19, 2005) ............. 15, 16

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. L.E. Myers Co.*,
  937 F. Supp. 276 (S.D.N.Y. 1996) ..................................................... 6, 14

*People v. Kozlowski*,
  846 N.Y.S.2d 44 (App. Div. 2007) ........................................................ 7

*Phansalkar v. Andersen Weinroth & Co., L.P.*,
  344 F.3d 184 (2d Cir. 2003) ................................................. 10, 11, 13, 15

*Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*,
  813 F. Supp. 2d 489 (S.D.N.Y. 2011) .................................................... 10

*Sanders v. Madison Square Garden, L.P.*,
  06 CIV 589 GEL, 2007 WL 1933933 (S.D.N.Y. July 2, 2007) ..................... 11, 12

**Rules**

Fed. R. Civ. P. 45(c)(3)(A)(iv) ................................................................................................ 15

## PRELIMINARY STATEMENT

Kozlowski seeks to turn the upcoming trial on damages into a retrial of many aspects of the criminal case.  In the criminal trial Kozlowski argued that his bonuses and loan forgiveness were authorized by Tyco's Board of Directors, that the Board members could have found the payments in the Company's books and records (had they looked), and that the Board members were taking their own payments and charitable contributions.  After hearing the evidence and these arguments, the jury found Kozlowski guilty.  Now Kozlowski wants to make these same arguments once again, this time under the guise of a waiver defense.  The Court should reject this attempt to expand the upcoming damages trial into a full-blown retrial of the criminal counts on which Kozlowski was convicted.

Kozlowski's contention that "Tyco is seeking re-argument on its unsuccessful motion for summary judgment" on damages (Kozlowski Br. 1) is simply untrue.  Kozlowski can raise his defenses of waiver and permeation at trial.  But that does not mean he can shoe-horn extraneous evidence and argument into these defenses.  Tyco simply requests that the Court limit the evidence to what is relevant to the defenses and not allow a wholesale retrial of the criminal case.

On the waiver defense, Tyco is not seeking, as Kozlowski claims, to "exclude all evidence showing that Tyco's directors came to learn of the acts underlying the criminal convictions but made a conscious decision to keep employing Mr. Kozlowski." (*Id.* at 2)  Tyco has never disputed Kozlowski's ability to argue that Tyco waived its claim by not firing Kozlowski after learning of the Walsh payment in January 2002.  (The evidence will show, however, that this fact is insufficient to constitute waiver since Tyco did not know the full scope of the unlawful activities underlying Kozlowski's 21 other criminal convictions.)  But just because Kozlowski can raise the waiver defense does not give him *carte blanche* to re-argue

1

whether the directors knew about and authorized the unlawful bonuses and loan forgiveness—questions that the criminal jury and this Court have necessarily decided against him.

On the permeation issue, Tyco opposes Kozlowski's attempt to justify his criminal misconduct by arguing that the company did well during his time as CEO.  The Second Circuit and other courts in this district have expressly rejected the relevance of such evidence to the employer's entitlement to disgorgement under the faithless servant doctrine.

Finally, Kozlowski spends pages decrying the unfairness of the disgorgement remedy that New York law recognizes, insisting that he has "made full restitution to Tyco of every penny that he was convicted of taking wrongfully" and that disgorgement would be a "draconian remedy and windfall recovery to Tyco."  (*Id.* at 3)  That argument is factually incorrect and legally irrelevant.  While Kozlowski repaid money to Tyco as ordered by the criminal court, the repayment was years after the money was stolen.  Tyco is entitled to interest on this money – which are the compensatory damages that Tyco seeks on its legal claim for conversion.  Further, Kozlowski's complaint about the "draconian" nature of the faithless servant doctrine fails to take into account his acts.  That he repaid $97 million to Tyco does not mean that it is acceptable to retain the approximately $500 million he earned during his several-year crime spree.

## ARGUMENT

## I.     Motion *In Limine* No. 3 Should Be Granted As Unopposed.

Kozlowski has not opposed Tyco's third motion *in limine*, which asks the Court to exclude argument, testimony, and evidence that is contrary to the Court's summary judgment opinion on liability.  As one example, Tyco identified Kozlowski's argument that he was not terminated for cause under the terms of the KEL Program agreements.  (Dkt. No. 136 at 2)  This motion *in limine* also covers any attempt by Kozlowski to reassert counterclaims on which the Court has already granted Tyco summary judgment.  For instance, on August 1 (after Tyco filed

2

the present motions *in limine*), Kozlowski informed Tyco as part of the parties' voluntary exchange of a good-faith witness list that he intends to call Jane Greenman as a witness at trial, and on August 6, counsel for Kozlowski forwarded a copy of the trial subpoena to be served on Ms. Greenman.  Ms. Greenman's employment at Tyco began in 2003, and she had involvement in the denial of benefits that was the subject of Kozlowski's counterclaims that have been dismissed.  Any examination by Kozlowski about these issues that are no longer in the case should be precluded as contrary to the Court's summary judgment opinion.[1]

## II.    Only Evidence Relevant To The Waiver Defense Should Be Admitted.

Kozlowski argues that "[t]he gravamen of [his waiver] defense is that Tyco came to learn about the acts upon which it seeks disgorgement, but did not terminate Mr. Kozlowski's employment after learning of them, and thereby waived its right to seek disgorgement of compensation based on acts that Tyco knew about but failed to act upon."  (Kozlowski Br. 4) Kozlowski refers to three categories of conduct that he claims show waiver.  (*Id.* at 7-8)  Only one is admissible – whether Tyco waived its right to disgorgement given its conduct after learning of the Walsh payment.  Tyco does not dispute that Kozlowski can present its waiver defense that Tyco learned of the Walsh payment in January 2002 but did not force Kozlowski to resign until June 2002 (though the evidence will show that the reason for the delay is that Kozlowski admitted he made a mistake with the Walsh payment and the Tyco directors at that point believed it was an isolated act).

But that does not justify allowing Kozlowski to argue again (as in the criminal case) that the directors knew about the unauthorized bonuses and loan forgiveness.  A key element of the

---

[1] In addition, Kozlowski did not oppose Tyco's motion *in limine* 8, seeking to preclude the live testimony of three previously undisclosed witnesses.  However, because Kozlowski later deleted these names from his list of potential witnesses in the Pretrial Order filed on July 31, 2012, this motion is now moot.

criminal convictions is that these payments were "unauthorized," a conclusion that itself hinged

on the predicate finding that the Board had no knowledge of Kozlowski's misconduct.

And it certainly does not allow Kozlowski to present days of testimony from Tyco

employees that they processed the payments and that those payments were in the general ledger

and other financial records of Tyco.  He cannot base a waiver defense as a matter of law on what

Board members might have learned only had they scoured through millions upon millions of

pages of corporate records.

Finally, Kozlowski's argument that Tyco waived its right to disgorgement because it

"allowed [Swartz] to continue serving as CFO" in the summer of 2002 (*id.* at 8) is certainly not

relevant to any defense in Tyco's case against Kozlowski, as opposed to its case against Swartz.

As explained in its fifth motion *in limine*, Tyco's continued employment of Swartz in the months

*after* forcing Kozlowski to resign has nothing to do with a waiver defense whose gravamen is

that Tyco "did not terminate Mr. Kozlowski's employment after learning" of his misconduct.

(*Id.* at 4).

### A.     Evidence Of Tyco's Actual Knowledge Of The Bonuses And Loan Reductions Is Precluded (Motion *In Limine* No. 1).

Tyco's first motion *in limine* contends that evidence offered to argue knowledge by

Tyco's Board members of Kozlowski's misconduct—other than limited knowledge regarding the

Walsh payment—should be excluded.  The question of Tyco's actual knowledge during the time

in which Kozlowski was stealing funds from the Company has been conclusively resolved

against Kozlowski time and again.

Tyco's motion is not a "blatant rejection" of the Court's determination that triable issues

of fact remain on Kozlowski's waiver defense.  (*Id.* at 5)  Nor is it an argument that "waiver …

can be decided in Tyco's favor as a matter of law."  (*Id.*)  The issue is not *whether* Kozlowski

4

may present evidence that Tyco waived its right to disgorgement, but instead the *scope of the evidence* that Kozlowski may introduce in support of the waiver defense.  More specifically, the question is whether the existence of some disputed facts allows Kozlowski to reopen and relitigate other facts that the criminal jury and this Court have conclusively decided against him.  The answer should be no.

### 1.    Law of the Case

Kozlowski does not dispute that the law of the case doctrine would preclude relitigation of any issue conclusively decided against him at summary judgment.  Instead, he claims only that this Court has never decided the issue of Tyco's knowledge of his misconduct, suggesting that the Court "recognized that knowledge of Mr. Kozlowski's acts and reliance were not 'necessarily decided' by the criminal jury."  (Kozlowski Br. 5)  The Court, however, "recognized" no such thing.  In the portion of the opinion that Kozlowski cites, the Court said that there were factual disputes on Tyco's claims for fraud and constructive fraud arising from the misstatements in the director questionnaires.  (Dkt. No. 79 at 17-18)

Kozlowski has no response to Tyco's reference to the portion of the Liability Opinion in which the Court necessarily decided that Tyco lacked knowledge of Kozlowski's wrongdoing as a matter of law—and for good reason, it is fatal to his argument.  As Tyco explained and Kozlowski fails to refute, the Court found that Tyco was fraudulently induced to enter into numerous contracts with Kozlowski between 1999 and 2001—"in the midst of Kozlowski's many breaches of fiduciary duty and without disclosure by Kozlowski"—because Tyco relied on Kozlowski's misstatements that kept Tyco in the dark regarding his misconduct.  (Dkt. No. 79 at 22)  In other words, the Court's grant of summary judgment to Tyco on certain of Kozlowski's counterclaims necessarily includes a factual finding that Tyco lacked knowledge regarding Kozlowski's misconduct.  (*See id.* at 21 ("Because Kozlowski failed to disclose his many

breaches of fiduciary duty to Tyco, these contracts were fraudulently induced ....").)  Given that finding, the law of the case doctrine precludes Kozlowski from relitigating the question of Tyco's actual knowledge yet again.  *See, e.g.*, *Cary Oil Co., Inc. v. MG Refining & Mktg., Inc.*, 257 F. Supp. 2d 751, 764 (S.D.N.Y. 2003); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. L.E. Myers Co.*, 937 F. Supp. 276, 285-86 (S.D.N.Y. 1996).

### 2.    Collateral Estoppel

Regardless of this Court's factual findings, the criminal jury found that Tyco's Board of Directors lacked knowledge of Kozlowski's misconduct.  That finding is conclusive under the doctrine of collateral estoppel.

Kozlowski argues that the criminal jury did not necessarily decide that the Board lacked knowledge of his theft and that the Court cannot give preclusive effect to an "ambiguous" jury verdict.  (Kozlowski Br. 7)  But given the record in the criminal case (including the record on appeal), the verdict is anything but ambiguous.

The U.S. Supreme Court has held that "[i]t is the task of the trial judge to make clear to the jury the issues that were determined against the defendant in the prior suit . . . ."  *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 571 (1951).  When a general verdict does not articulate the particular issues that the jury necessarily decided, the Court must determine "[w]hat was decided by the criminal judgment … upon an examination of the record, including the pleadings, the evidence submitted, the instructions under which the jury arrived at its verdict, and any opinions of the courts."  *Id.* at 569 (concluding the jury verdict conclusively resolved the issues of the existence of a conspiracy and coercion based on the Court of Appeals' explanation of the jury findings in the criminal appeal).

That examination here permits one conclusion only: the criminal jury found that the bonuses and loan reductions were unauthorized because the jury made the predicate finding that

Kozlowski successfully concealed those payments from the Board.  That was the conclusion of the court that reviewed the evidence supporting Kozlowski's conviction.  Specifically, the Appellate Division of the New York Supreme Court explained that sufficient evidence supported the jury's finding that the bonuses and loan reductions where unauthorized because that finding followed "inexorably" from the predicate finding that the Board never knew of those payments in the first place.  *See People v. Kozlowski*, 846 N.Y.S.2d 44, 46 (App. Div. 2007) ("[P]owerful evidence of defendants' intentional hiding of these payments from the directors … led inexorably to the jury's conclusion that defendants took these bonuses without permission or authority.").

While Kozlowski speculates that he *could* have been convicted if the jury concluded that the Board knew of the payments but still did not authorize them, he points to nothing in the record that demonstrates that the jury made such a finding here or that the evidence at trial would have permitted it to do so.  Rather, the evidence at trial proved Kozlowski's "coverup of his thievery," leading the Appellate Division to determine that the jury finding that the payments were unauthorized depended on the predicate finding that the payments were hidden from the Board.  *Id.*  That is sufficient for this Court to conclude that the issue of Tyco's knowledge (apart from its limited knowledge related to the Walsh payment) was conclusively resolved against Kozlowski in the criminal case and thus Kozlowski cannot relitigate that question here.  *See Emich Motors Corp.*, 340 U.S. at 569.

> **B.** **Evidence Showing Only The Contents Of Tyco's Corporate Records Or The Knowledge Of Subordinate Employees Should Be Excluded (Motion *In Limine* No. 2).**

Tyco's second motion *in limine* argues that evidence offered to show what Tyco should have known—not what it actually knew—should be excluded as irrelevant and prejudicial. Under New York law, an employer may waive the right to disgorgement under the faithless

servant doctrine only if it learns of the employee's disloyalty, including the full "nature and scope" of the employee's misconduct, and still fails to discharge the employee. *Aramony v. United Way of Am.*, 28 F. Supp. 2d 147, 172 (S.D.N.Y. 1998), *rev'd in part sub nom. Aramony v. United Way Replacement Benefit Plan*, 191 F.3d 140 (2d Cir. 1999). Because waiver of an employer's rights under the faithless servant doctrine can occur only if the employer *learns* of the misconduct, evidence of what the employer *could have learned* if it conducted a far-reaching investigation encompassing every corporate record is irrelevant.

Kozlowski cites no case that even suggests that an employer waives its right to disgorgement where information that might have indicated aspects of the employee's disloyalty was buried somewhere in a company's general ledgers, receipts, and files. Kozlowski suggests in passing that "constructive knowledge" of Kozlowski's disloyalty would be sufficient to find a waiver of Tyco's right to disgorgement.[2] But he maintains that the Court need not resolve that question to deny Tyco's second motion *in limine* because "even if … actual knowledge is required, the evidence which Tyco seeks to exclude is relevant to [the] waiver defense." (Kozlowski Br. 9-10)

In particular, Kozlowski contends that "information … contained in Tyco's general ledger accounting records, in memos to files and in copies of wire transfers maintained in Executive Treasury and Tyco corporate records" would support an inference that Tyco's Board

---

[2] In support, Kozlowski cites *In re City of Rochester*, 208 N.Y. 188, 197 (1913). There, however, the New York Court of Appeals held that a party had not waived a claim that two court-appointed commissioners had a conflict of interest because he was not "under any duty" to investigate the commissioners' qualifications. Here, there can be no question that Tyco's Directors were under no duty to review every page of the "general ledger accounting records," every memo in Tyco's corporate files, and every "cop[y] of wire transfers maintained in Executive Treasury and Tyco corporate records" in order to avoid forfeiting Tyco's disgorgement remedy. (Kozlowski Br. 10) Evidence of what the Board might have learned from those records is irrelevant.

of Directors actually knew of Kozlowski's misconduct.  (*Id.*)  Kozlowski cites no law in support

of that proposition—which is far-fetched given the particular role of a corporate Board of

Directors.  Instead he cites a proxy statement that *was* submitted to Tyco's Compensation

Committee as an example of a record that would permit an inference that the Board actually

knew of Kozlowski's misconduct.  (*Id.*)  Whatever the relevance of that proxy statement—which

*was* submitted to the Compensation Committee of the Board of Directors—it cannot demonstrate

the relevance of other corporate records that no director ever reviewed.[3]

Tyco has only asked in motion *in limine* number 2 that this Court exclude "[a]ny

testimony, evidence, or argument concerning Tyco's books and records intended to impute

constructive or implicit—rather than actual—knowledge of Kozlowski's misconduct."  (Dkt. No.

136 at 3)  Kozlowski's response—that evidence that permits a reasonable inference of actual

knowledge is admissible—is a *non sequitur*.

In sum, even if the Court were to reject Tyco's first motion *in limine* and allow

Kozlowski to present evidence that Tyco actually knew of his misconduct, the Court should

nonetheless grant Tyco's second motion *in limine* and exclude argument, evidence, or testimony

regarding documents that no director ever saw or knowledge of subordinate employees that no

director ever himself possessed.

C.   **Tyco's Alleged Ratification Of The Walsh Payment Should Be Excluded (Motion *In Limine* No. 7).**

Although Kozlowski designated testimony to support the argument that Tyco's Board of

Directors ratified the Walsh payment, he now concedes that he will not make this argument.

(Kozlowski Br. 12)  Therefore, Tyco's seventh motion *in limine* should be granted.  Kozlowski

---

[3] And in any event, there is no evidence that the proxy statement itself gave any actual knowledge of Kozlowski's takings and abuse of loan programs and corporate funds.

states that evidence related to the Walsh payment is relevant to his argument that "the Board made a conscious decision to keep employing Mr. Kozlowski after learning of the payment." (*Id.*)  As stated above, Tyco will not object to evidence concerning the Walsh payment if it relates to this argument in support of waiver.

**III.    Only Evidence Relevant To Permeation As Defined By New York Law Should Be Admitted.**

      **A.    Kozlowski's Accomplishments As CEO Of Tyco Should Be Excluded (Motion *In Limine* No. 4).**

      Tyco's fourth motion *in limine* seeks to exclude evidence of Kozlowski's accomplishments while CEO of Tyco because such evidence is legally irrelevant to the question of whether his disloyalty permeated his service to Tyco.

      This Court has determined that "there is an issue about whether the faithless servant doctrine applies" in light of case law "that the doctrine only applies when the disloyalty 'permeated the employee's service in its most material and substantial part.'"  (Dkt. No. 112 at 5)  But, as the Second Circuit and courts in this district have explained, "[l]ower New York courts … have found disloyalty not to be 'substantial' only where the disloyalty consisted of a single act, or where the employer knew of and tolerated the behavior"—two inquiries that have nothing to do with Kozlowski's accomplishments as CEO of Tyco.  *Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 201-02 & n.12 (2d Cir. 2003) (collecting cases); *Pure Power Boot Camp, Inc. v. Warrior Fitness Boot Camp, LLC*, 813 F. Supp. 2d 489, 525 (S.D.N.Y. 2011); *Colliton v. Cravath, Swaine & Moore LLP*, 08 CIV 0400 (NRB), 2008 WL 4386764, at * 6 (S.D.N.Y. Sept. 24, 2008).[4]

---

[4] To be sure, the Second Circuit explained its conclusion that disgorgement was proper in *Phansalkar* by noting that the employee's "disloyalty was *not* limited to a single, isolated incident, but rather occurred repeatedly, in nearly every transaction on which he worked." 344 F.3d at 202.  Given the New York law on which the Second Circuit relied—which finds a

Kozlowski's opposition to Tyco's motion ignores this body of law.  Instead, Kozlowski suggests that the factfinder must evaluate the effect of his disloyalty on every single aspect of his service to Tyco before determining that his breach was substantial.  Kozlowski cites no case where an employee committed the kind of wholesale criminal theft that Kozlowski perpetrated against Tyco and the court nonetheless required factfinding regarding the benefits that the employee provided the employer in other aspects of his service.  Nor can he.  New York law is clear that "[i]t does not make any difference that the services were beneficial to the principal, or that the principal suffered no provable damage as a result of the breach of fidelity by the agent." *Phansalkar*, 344 F.3d at 200 (quoting *Feiger v. Iral Jewelry, Ltd.*, 41 N.Y.2d 928-29 (1977)).[5]

Kozlowski also relies on *Sanders v. Madison Square Garden, L.P.*, 06 CIV 589 GEL, 2007 WL 1933933 (S.D.N.Y. July 2, 2007), as support for the proposition that the upcoming trial requires the factfinder to evaluate Kozlowski's every accomplishment while CEO of Tyco before determining that his disloyalty "permeated his service in its most material and substantial part." (Kozlowski Br. 13)  *Sanders* says no such thing.  The issue in that case was whether an employer had alleged facts that would give rise to a claim for disgorgement under the faithless servant doctrine.  The court said no, concluding that the employer (1) failed to allege any breach of fiduciary duty, and (2) could not show a "substantial" breach of the employee's duty to the

---

disloyal act *not* to be substantial "only where the disloyalty consisted of a single act, or where the employer knew of and tolerated the behavior"— *Phansalkar* cannot be read as requiring disloyalty to exist in "nearly every transaction" on which the employee worked before disgorgement is proper.  The Second Circuit was explaining why *Phansalkar* was not a close case, rather than establishing some threshold for disgorgement that is higher than that set by the New York courts themselves.

[5] While Kozlowski criticizes Tyco for relying on *Feiger* for this principal, (Kozlowski Br. 16-17), the Second Circuit and other courts in this district have recognized that this is a governing principal of New York's faithless servant doctrine, not "*dicta.*"  *See, e.g.*, *Phansalkar*, 344 F.3d at 200 (quoting *Feiger* for this very principle).

employer by relying on the employee's alleged falsification of her personal tax returns, i.e., "unethical conduct … outside the workplace." *Id.* at *4-5. The case has no bearing here, where the Court has already determined that Kozlowski breached his fiduciary duty to Tyco and Kozlowski's theft from Tyco was anything but personal misconduct unrelated to his employment.

Kozlowski has no response to Tyco's citation to *Aramony v. United Way of Am.*, 28 F. Supp. 2d 147 (S.D.N.Y. 1998), *rev'd in part on other grounds sub nom. Aramony v. United Way Replacement Benefit Plan*, 191 F.3d 140 (2d Cir. 1999), which is fatal to the position that his achievements as Tyco's CEO are somehow relevant to Tyco's entitlement to disgorgement. There, the district court reached these conclusions: the employee breached his fiduciary duty to the employer by miscoding personal expenses and engaging in other acts of criminal fraud (for which he was convicted); the employer had no knowledge of at least two of those disloyal acts; and, as a result, the employer was entitled to disgorgement of the employee's compensation during the period of the criminal conduct, despite the fact that the employer's "rise to prominence as the nation's leading charitable organization was directly attributable to [the employee's] efforts." *Id.* at 176. The court engaged in none of the extraneous factfinding that Kozlowski wishes to inject into this case.

At bottom, Kozlowski's argument in favor of permitting evidence of his accomplishments is simply a disguised effort to convince this Court to disregard binding New York law. Whether Kozlowski considers the remedy of disgorgement "draconian" is of no importance. (Kozlowski Br. 17) New York courts have rejected the argument that disgorgement of all compensation during the period of disloyalty "should be disallowed as tantamount to the imposition of punitive damages," *In re Blumenthal*, 32 A.D.3d 767, 768 (App. Div. 2006), and

the Second Circuit has repudiated similar arguments that disgorgement of all compensation

during the period of disloyalty is an unjustified windfall to the employer.  *See Phansalkar*, 344

F.3d at 205-06 (disagreeing with the district court's attempt to limit the disgorgement remedy);

*cf. In re Blumenthal*, 32 A.D.3d at 768 ("In light of respondent's repeated disloyalty throughout

his tenure, there is no merit to his assertion that there should have been an apportionment of his

salary or … commissions as to which disloyalty was not found.").  Tyco's fourth motion *in

limine* should be granted.

**B.    Swartz's Continued Tenure As CFO Should Be Excluded
        (Motion *In Limine* No. 5).**

Nothing about Mark Swartz's employment status after Kozlowski's forced resignation

from Tyco makes it more or less likely that Kozlowski's disloyalty permeated his service to

Tyco or that Tyco waived its right to seek disgorgement from Kozlowski.  As such, all argument,

evidence, and testimony regarding Swartz's employment status should be excluded.

Kozlowski argues that Tyco's treatment of Swartz after its termination of Kozlowski for

cause is relevant to "whether Tyco viewed [the taking of unauthorized bonuses] as permeating

his and Mr. Kozlowski's service in its most material and substantial part."  (Kozlowski Br. 20)

While Tyco's treatment of Swartz is directly relevant to the waiver and permeation issues at

issue in the Tyco case against Swartz scheduled for trial on October 15, it has no relevance to the

case against Kozlowski.

The issue in this case is whether Kozlowski's criminal acts permeated his service as

CEO, *not* whether Swartz's criminal acts permeated his service as CFO.  Kozlowski's argument

is based on the premise that a jury could make certain inferences regarding Kozlowski's

misconduct based on evidence concerning Tyco's employment of Swartz.  But any such

inference would be demonstrably *unreasonable* given that Tyco treated the two men differently,

forcing Kozlowski to resign while continuing to employ Swartz.  Because it permits no reasonable inferences regarding the issues that are set for this trial, the evidence should be excluded as irrelevant.

> **C.    Payments Received By Other Directors Should Be Excluded (Motion *In Limine* No. 6).**

This Court has already determined that Kozlowski's misconduct was unauthorized. Because evidence of compensation and other benefits received by other directors is (at best) relevant to that question alone, the Court should exclude such evidence as irrelevant under Federal Rule of Evidence 402.  *See Cary Oil Co., Inc. v. MG Refining & Mktg., Inc.*, 257 F. Supp. 2d 751, 764 (S.D.N.Y. 2003); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. L.E. Myers Co.*, 937 F. Supp. 276, 285-86 (S.D.N.Y. 1996).

Kozlowski's only argument in favor of the admissibility of such evidence is the unsupported assertion that "evidence of directors' own self-dealing transactions supports an inference that the acts underlying Mr. Kozlowski's convictions were not viewed by the directors as core to Mr. Kozlowski's service or as permeating his service in its most material and substantial part."  (Kozlowski Br. 19)  The nexus Kozlowski attempts to draw between the two issues is illusory: Kozlowski's disloyalty would be just as substantial no matter how disloyal the acts allegedly committed by Tyco directors.  The Court should reject Kozlowski's irrelevant "everyone was doing it" argument, which is simply an attempt to deflect attention from his own misconduct.  Moreover, not only is evidence of the directors' alleged self-dealing irrelevant, it invites a trial-within-a-trial on a side issue, which the Court should refuse to permit under Rule 403.  *See e.g.*, *ESPN, Inc. v. Office of Comm'r of Baseball*, 76 F. Supp. 2d 383, 407 (S.D.N.Y. 1999).  The evidence Kozlowski seeks to admit was fully aired in the criminal trial.  It has no legally cognizable relevance here and should be excluded.

14

**IV.    Tyco's Motion to Quash the Breen Subpoena Should Be Granted.**

Tyco moved to quash the subpoena issued by Kozlowski to Tyco CEO Edward D. Breen because the subpoena subjects Mr. Breen to an undue burden, especially because it appeared that Kozlowski only sought to examine Mr. Breen about irrelevant matters.  *See* Fed. R. Civ. P. 45(c)(3)(A)(iv).  Kozlowski's opposition to Tyco's motion confirms that this is the case.

First, Kozlowski argues that Mr. Breen's testimony is relevant because he has knowledge regarding Tyco's continued employment of Swartz following Kozlowski's forced resignation. (Kozlowski Br. 21)  As stated above, however, the continued employment of Swartz has nothing to do with Tyco's case against Kozlowski.

Second, Kozlowski argues that Breen's testimony is relevant to show that "the Company he inherited from Mr. Kozlowski was fundamentally very strong and that Mr. Kozlowski's acquisition strategy had been successful in creating value for Tyco and its shareholders," insisting that such testimony is relevant to whether Kozlowski's misconduct permeated his service to Tyco.  (*Id.*)  As already explained, however, it makes no difference whether some of Mr. Kozlowski's services benefitted Tyco.  *See supra* at 12-15; *Phansalkar*, 344 F.3d at 200 ("It does not make any difference that the services were beneficial to the principal, or that the principal suffered no provable damage as a result of the breach of fidelity by the agent (internal quotation marks omitted)).

"A subpoena that pursues material with little apparent or likely relevance to the subject matter … is likely to be quashed as unreasonable even where the burden of compliance would not be onerous."  *Kirschner v. Klemons*, 99 CIV. 4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (internal quotation marks omitted).  Given the limited (and irrelevant) topics on which Kozlowski seeks to examine Mr. Breen, there can be no doubt that this subpoena falls in that category, no matter how onerous compliance would be on Mr. Breen.  Moreover,

15

while Kozlowski faults Tyco for failing to submit an affidavit from Mr. Breen, this is not a situation where the party moving to quash a subpoena provided "no affidavit *or specific information regarding the manner and extent of the burden*." *Id.* at *3 (emphasis added). Tyco submitted press releases that demonstrate the demands on Mr. Breen's schedule during the period that trial is set to occur; Kozlowski cites no precedent that the information must be set forth in the form of an affidavit from the witness himself. Especially where Kozlowski has identified no relevant testimony that he seeks from Mr. Breen, the subpoena should be quashed. *See id.* at *2 (recognizing that the inconvenience of the subpoena must be balanced against the relevance of the information it seeks).

## CONCLUSION

For the foregoing reasons, Tyco respectfully requests that the Court grant its motions *in limine* and its motion to quash.

Dated:  August 7, 2012                    Respectfully submitted,

                                          TYCO INTERNATIONAL LTD. and TYCO
                                          INTERNATIONAL (US) INC.


                                          /s/ Mark L. Levine
                                          Fred H. Bartlit, Jr.*
                                          Karma M. Giulianelli*
                                          BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
                                          1899 Wynkoop Street, 8th Floor
                                          Denver, CO  80202
                                          Telephone:     (303) 592-3100
                                          Facsimile:     (303) 592-3140
                                          fred.bartlit@bartlit-beck.com
                                          karma.guilianelli@bartlit-beck.com


                                          Mark L. Levine*
                                          BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
                                          54 W. Hubbard Street, Suite 300
                                          Chicago, IL  60654
                                          Telephone:     (312) 494-4400
                                          Facsimile:     (312) 494-4440
                                          mark.levine@bartlit-beck.com


                                          Marshall Beil
                                          MCGUIREWOODS LLP
                                          1345 Avenue of the Americas
                                          New York, NY  10105
                                          Telephone:     (212) 548-2100
                                          Facsimile:     (212) 548-2150
                                          mbeil@mcguirewoods.com


                                          Charles Wm. McIntyre*
                                          MCGUIREWOODS LLP
                                          2001 K. Street N.W., Suite 400
                                          Washington, D.C.  20006
                                          Telephone:     (202) 857-1700
                                          Facsimile:     (202) 857-1737
                                          cmcintyre@mcguirewoods.com


                                              17

Brian E. Pumphrey*
McGuireWoods LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Telephone:      (804) 775-7745
Facsimile:      (804) 775-1061
bpumphrey@mcguirewoods.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs/Counterclaim
Defendants Tyco International Ltd. and
Tyco International (US) Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of August, 2012, I electronically filed the foregoing Tyco's Reply Memorandum of Law in Support of Motions *In Limine* Nos. 1 through 8 and Motion to Quash Subpoena to Edward Breen with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

      Robert N. Shwartz
      Rosa Collette Castello
      Shannon Rose Selden
      Jyotin Hamid
      Debevoise & Plimpton, LLP (NYC)
      919 Third Avenue, 31st Floor
      New York, NY  10022
      Telephone:    (212) 909-6000
      Facsimile:     (212) 909-6836
      rnshwartz@debevoise.com
      rcastell@debevoise.com
      srselden@debevoise.com
      jhamid@debevoise.com

                  /s/ Mark L. Levine_____
                  By Counsel