IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYCO INTERNATIONAL LTD. and<br>TYCO INTERNATIONAL (US) INC.,<br><br>  Plaintiffs/Counterclaim Defendants,<br><br>  v.<br><br>L. DENNIS KOZLOWSKI,<br><br>  Defendant/Counterclaim Plaintiff. | Civil Action No. 02-cv-7317 (TPG) |

### TYCO'S MOTION TO QUASH SUBPOENA TO JANE GREENMAN

Plaintiff Tyco International Ltd. and Tyco International (US) Inc. (collectively "Tyco") respectfully move to quash the trial subpoena issued by Defendant L. Dennis Kozlowski to Jane Greenman.  Based on Kozlowski's designations of Ms. Greenman's deposition testimony, it appears that he seeks testimony from Ms. Greenman on the decision of Tyco's Special Appeals Committee (on which Ms. Greenman served) to deny Kozlowski's claims for benefits under certain executive benefit plans.  Any such evidence, however, would be irrelevant to the limited issues in the upcoming trial, unfairly prejudicial to Tyco and confusing to the jury.  Indeed, the only possible relevance of the testimony sought by Kozlowski would be in relation to his counterclaims, which have been dismissed and may not be re-litigated in this trial.  Accordingly, there is no justification for the subpoena to Ms. Greenman, and it should be quashed under Federal Rule of Civil Procedure 45(c)(3)(A)(iv).

### BACKGROUND

On July 12, 2012, Mr. Kozlowski mailed a subpoena to Jane Greenman, Tyco's former Vice President of Compensation, Benefits and Labor Relations.  (Ex. A)  Ms. Greenman did not

begin working for Tyco until June of 2003, a year after Kozlowski was forced to resign.  (Ex. B, Greenman Dep. Tr. 12:18-24)  She had not worked for Tyco before that date, and she no longer works for Tyco now.

In addition to issuing a subpoena to Ms. Greenman, Kozlowski also has designated testimony from her deposition.  (Dkt. No. 162-1, Kozlowski's Designations with Objections (8/3/2012) at 47-48)  Virtually all of the designated testimony relates to the decision by Tyco's Special Appeals Committee to deny Kozlowski's claim for benefits under non-qualified executive benefit plans.  (*See, e.g.*, Ex. B, Greenman Dep. Tr. 20:20-25; 57:22-63:2; 65:9-66:22; 91:12-92:21; 101:2-110:7; 129:22-130:16; 131:8-22; 132:17-133:5; 140:24-143:23; 145:18-146:21; 151:16-153:13)

In counts 2 through 8 and 12 through 14 of his counterclaim, Kozlowski stated claims under various theories asserting that Tyco had wrongfully withheld benefits to which he was allegedly entitled under a Deferred Compensation Plan (DCP), Supplemental Executive Retirement Plan (SERP), and Executive Retirement Agreement (ERA).  Tyco's Special Appeals Committee denied Kozlowski's claim for benefits under those plans.

In its Summary Judgment Opinion on Liability, the Court dismissed all of Kozlowski's counterclaims in their entirety except for counts 3 and 4, which were dismissed in part.  (Dkt. No. 79, Opinion (12/1/2010) at 21-28)  In their Joint Pretrial Order that was submitted to the Court on July 30, 2012, the parties stipulated that none of Kozlowski's counterclaims are scheduled to be tried in the upcoming trial.  (Ex. C, Joint Pretrial Order (7/30/2012) at 3)

**ARGUMENT**

A subpoena that seeks irrelevant evidence or testimony may be quashed under Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure.  "A subpoena that 'pursues material with

little apparent or likely relevance to the subject matter' … is likely to be quashed as unreasonable even where the burden of compliance would not be onerous." *Kirschner v. Klemons*, 99 CIV. 4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005).  In *Kirschner*, for example, the Court quashed a subpoena as to several witnesses upon finding that there was "no indication that calling th[e] individuals to testify at trial would add anything relevant beyond what is contained in [other evidence in the record], and that information itself may not be relevant." *Id.*  That is the case here as well.

No testimony by Ms. Greenman would be relevant to any of the limited issues remaining for trial.  Ms. Greenman did not begin working for Tyco until 2003, well after Kozlowski's misconduct and termination.  (Ex. B, Greenman Dep. 12:18-24)  Testimony by Ms. Greenman about the decision of Tyco's Special Appeals Committee to deny Mr. Kozlowski's claims for benefits would be relevant only to Kozlowski's *counterclaims*, which have been dismissed and are not at issue in the upcoming trial.

Indeed, as stated in Tyco's Motion *in Limine* No. 3, which was unopposed, the Court's summary judgment rulings—which include the dismissal of Kozlowski's counterclaims—are the law of the case, and Kozlowski may not use the upcoming trial to re-litigate issues that have been resolved against him on summary judgment.  *See, e.g., Cary Oil Co, Inc. v. MG Refining & Mktg., Inc.*, 257 F. Supp. 2d 751, 764-66 (S.D.N.Y. 2003) (excluding evidence and argument regarding defenses that were rejected in a previous ruling on summary judgment); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. L.E. Myers Co.*, 937 F. Supp. 276, 285-86 (S.D.N.Y. 1996) (same).  Kozlowski is therefore precluded from presenting testimony or evidence concerning his claims for benefits or Tyco's denial of those claims, which were the subject of his dismissed

counterclaims. Indeed, the parties have stipulated that none of Kozlowski's counterclaims are at issue in the upcoming trial.

The testimony that Kozlowski seeks from Ms. Greenman is therefore irrelevant and inadmissible under Federal Rule of Evidence 402. The presentation of any such testimony would only serve to prejudice Tyco and confuse the jury, rendering it also inadmissible under Federal Rule of Evidence 403. Because Mr. Kozlowski can demonstrate no need for Ms. Greenman's testimony at trial, the subpoena should be quashed under Rule 45(c)(3)(A)(iv).

## CONCLUSION

For the foregoing reasons, Tyco respectfully requests that the Court quash Kozlowski's subpoena to Jane Greenman.

Dated:  August 8, 2012			Respectfully submitted,

TYCO INTERNATIONAL LTD. and TYCO INTERNATIONAL (US) INC.


/s/ Mark L. Levine
Fred H. Bartlit, Jr.*
Karma M. Giulianelli*
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
1899 Wynkoop Street, 8th Floor
Denver, CO  80202
Telephone:	(303) 592-3100
Facsimile:	(303) 592-3140
fred.bartlit@bartlit-beck.com
karma.guilianelli@bartlit-beck.com

Mark L. Levine*
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 W. Hubbard Street, Suite 300
Chicago, IL  60654
Telephone:	(312) 494-4400
Facsimile:	(312) 494-4440
mark.levine@bartlit-beck.com

Marshall Beil
MCGUIREWOODS LLP
1345 Avenue of the Americas
New York, NY  10105
Telephone:	(212) 548-2100
Facsimile:	(212) 548-2150
mbeil@mcguirewoods.com

Charles Wm. McIntyre*
MCGUIREWOODS LLP
2001 K. Street N.W., Suite 400
Washington, D.C.  20006
Telephone:	(202) 857-1700
Facsimile:	(202) 857-1737
cmcintyre@mcguirewoods.com

Brian E. Pumphrey*
MCGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA  23219
Telephone:     (804) 775-7745
Facsimile:      (804) 775-1061
bpumphrey@mcguirewoods.com

*Admitted *pro hac vice*

*Counsel for Plaintiffs/Counterclaim Defendants Tyco International Ltd. and Tyco International (US) Inc.*

6

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 8th day of August, 2012, I electronically filed the foregoing Tyco's Motion to Quash Subpoena to Jane Greenman with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

       Robert N. Shwartz
       Rosa Collette Castello
       Shannon Rose Selden
       Jyotin Hamid
       Debevoise & Plimpton, LLP (NYC)
       919 Third Avenue, 31st Floor
       New York, NY  10022
       Telephone:     (212) 909-6000
       Facsimile:     (212) 909-6836
       rnshwartz@debevoise.com
       rcastell@debevoise.com
       srselden@debevoise.com
       jhamid@debevoise.com

       /s/ Mark L. Levine
       By Counsel