# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYCO INTERNATIONAL LTD. and<br>TYCO INTERNATIONAL (US) INC.,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>        v.<br><br>L. DENNIS KOZLOWSKI,<br><br>    Defendant/Counterclaim Plaintiff. | Civil Action No. 02-cv-7317 (TPG) |

## <u>JOINT PRETRIAL ORDER</u>

In order to promote efficiency and judicial economy, Plaintiffs/Counterclaim Defendants Tyco International Ltd. and Tyco International (U.S.), Inc. (collectively "Tyco") and Defendant/Counterclaim Plaintiff L. Dennis Kozlowski ("Mr. Kozlowski") have agreed to submit this joint pretrial order, containing relevant information in advance of trial, scheduled to begin on August 13, 2012.

I.     <u>**Brief Summary of the Parties' Positions on Claims and Defenses**</u>

    A.     **Tyco's Claims**

Tyco intends to seek disgorgement of money, including compensation received by Mr. Kozlowski pursuant to the faithless servant doctrine, and recovery of the unpaid balance on the KEL Program, plus interest and punitive damages, and will proceed at trial before the jury on the following claims:  breach of fiduciary duty (count I), inducing breach of fiduciary duty (count II), conspiracy to breach fiduciary duty (count III), breach of contract (count VIII), and conversion (count XI).  Tyco's position is that the trial of these claims should be to a jury.

In addition, based on largely the same evidence that is presented to the jury (and the judge at the same time), Tyco will seek recovery from the Court on the following equitable claims:  accounting (count VI), constructive trust (count VII), and unjust enrichment (count X).

Tyco will not proceed at trial with its contribution claim (count XII).

**B.    Mr. Kozlowski's Defenses**

Mr. Kozlowski's position is that Tyco's claims for disgorgement under the faithless servant doctrine (including Breach of Fiduciary Duty (Claim I), Inducing Breach of Fiduciary Duty (Claim II), Conspiracy to Breach Fiduciary Duty (Claim III), Breach of Contract (Claim VIII), and Conversion (Claim XI)) are equitable in nature and are to be tried to the Judge. Mr. Kozlowski will assert the following defenses to such claims:

- Tyco waived its right to disgorgement.

- Tyco is not entitled to disgorgement because the acts underlying Mr. Kozlowski's criminal convictions, based on which summary judgment on liability was granted, did not permeate his service in its most material and substantial part.

- Any disgorgement remedy must be apportioned by pay period and/or task.

- Tyco cannot and does not state a claim for breach of contract for which it has any recoverable damages.

- Mr. Kozlowski was not terminated "for cause" under the terms of the KEL program.

- Tyco's claim for disgorgement on the Breach of Contract claim is overstated.

- Tyco's Conversion claim is moot because all money or other assets of Tyco allegedly converted by Mr. Kozlowski have been returned or fully repaid to Tyco.

Mr. Kozlowski's position is that certain of Tyco's other claims, including Accounting (Claim VI), Constructive Trust (Claim VII) and Unjust Enrichment (Claim X), are to be determined by the Judge.  Mr. Kozlowski will assert as a defense to these claims that Tyco's legal remedies are not inadequate, and Tyco is therefore not entitled to equitable relief.

2

Mr. Kozlowski will assert as a defense to all of Tyco's claims that Tyco is not entitled to any compensatory or punitive damages or any other relief whatsoever beyond the $97,778,296 Tyco has already received in full restitution and the deferred compensation earned and property purchased by Mr. Kozlowski of which Tyco took possession.

### C.    Stipulation on Tyco's Fraud Claims

Two of Tyco's claims allege fraud:  fraud (count IV) and constructive fraud (count V). Tyco and Mr. Kozlowski agree that it is unnecessary to reach the fraud and constructive fraud claims unless the Second Circuit reverses the Court's determination in the December 1, 2010 decision that New York law applies to the faithless servant doctrine.  Therefore, Tyco and Mr. Kozlowski agree that after completion of the upcoming trial and post-trial filings, there would be no just reason for delay and therefore will request that the Court enter final judgment pursuant to Rule 54(b) as to all of the claims and counterclaims other than fraud (count IV) and constructive fraud (count V).

### D.    Mr. Kozlowski's Counterclaims

In light of the Court's Opinion, dated December 1, 2010, Mr. Kozlowski acknowledges that none of the counterclaims pleaded in the Answer, Affirmative Defenses and Counterclaims of L. Dennis Kozlowski, dated April 9, 2004, currently are to be tried in the August 13 trial. However, Mr. Kozlowski reserves the right to make an application to the Court to determine the full impact of the Court's March 9, 2012 decision on its prior December 1, 2010 decision and permit the trial of any or all such counterclaims in the August 13 trial as Mr. Kozlowski's counsel stated on the April 25, 2012 telephonic pre-trial conference.  In addition, Mr. Kozlowski reserves his right to appeal the December 1, 2010 Opinion and to prosecute the counterclaims on remand.

Tyco plans on objecting to any application by Mr. Kozlowski to permit trial of the counterclaims, which were dismissed by Court order.   Tyco reserves any and all of its defenses to such counterclaims in the event that the Court were to reverse its prior summary judgment decision that dismissed the counterclaims or if the counterclaims become subject to trial in some other way, such as a remand.  Tyco also reserves all of its appellate rights.

## II.    Stipulated Undisputed Facts

1.    Mr. Kozlowski served as President and Chief Executive Officer of Tyco International Ltd. from July 1992 to June 2002.

2.    Mr. Kozlowski served as chairman of the Board of Directors of Tyco International Ltd. from January 1993 to June 2002.

3.    Following a trial in the New York Supreme Court, New York County, Mr. Kozlowski was convicted on certain criminal counts.

4.    Mr. Kozlowski was convicted of grand larceny in the first degree based on a reduction made on August 28, 1999 to his Key Employee Loan account balance in the amount of $25 million and to the Key Employee Loan account balance of Mark Swartz in the amount of $12.5 million without Tyco's authorization.

5.    Mr. Kozlowski was convicted of grand larceny in the first degree based on an approximately $32 million bonus paid to Mr. Kozlowski and an approximately $16 million bonus paid to Mark Swartz in September  2000 in connection with the TyCom IPO without Tyco's authorization.

6.    Mr. Kozlowski was convicted of grand larceny in the first degree based on an approximately $16 million bonus paid to Mr. Kozlowski and an approximately $8 million bonus paid to Mark Swartz on November 8, 2000 in connection with the sale of the ADT Automotive business unit without Tyco's authorization.

7.       Mr. Kozlowski was convicted of grand larceny in the first degree based on an approximately $8 million bonus paid to Mr. Kozlowski and an approximately $4 million bonus paid to Mark Swartz in August 2001 in connection with the FLAG transaction without Tyco's authorization.

8.       As part of his sentence, Mr. Kozlowski was ordered to pay restitution to Tyco in the amount of $97,778,296, which represents the unauthorized compensation paid to Mr. Kozlowski underlying the grand larceny convictions described in paragraphs 4 through 7 above, plus gross-ups for taxes.  This restitution amount was paid by Mr. Kozlowski as of January 4, 2007.

9.       Mr. Kozlowski's co-defendant in the criminal case, Mark Swartz, was also ordered to pay, and did pay, restitution in the amount of $36,572,471, which represents the unauthorized compensation paid to Mr. Swartz underlying the grand larceny convictions described in paragraphs 4 through 7 above, plus gross-ups for taxes.

10.      Mr. Kozlowski was convicted of grand larceny in the first degree based on a $20 million disbursement made to and on behalf of director Frank Walsh in August 2001 without Tyco's authorization.

11.      The $20 million in disbursements to and on behalf of director Frank Walsh underlying the conviction described in paragraph 10 above was repaid to Tyco by Mr. Walsh.

12.      Mr. Kozlowski was convicted of grand larceny in the first degree based on a disbursement of $1.975 million made on behalf of Mr. Kozlowski in August 2001 to purchase artwork without Tyco's authorization.

13.     Mr. Kozlowski was convicted of grand larceny in the first degree based on a disbursement of $8.8 million made on behalf of Mr. Kozlowski in December 2001 to purchase artwork without Tyco's authorization.

14.     Mr. Kozlowski was convicted of grand larceny in the first degree based on a disbursement of $3.95 million made on behalf of Mr. Kozlowski in January 2002 to purchase artwork without Tyco's authorization.

15.     The artwork underlying the convictions described in paragraphs 12-14 above were returned to Tyco.

16.     Mr. Kozlowski was convicted of falsifying business records in the first degree in connection with September 1995 documents related to the Tyco New York City Headquarters Relocation Program.

17.     Mr. Kozlowski was convicted of falsifying business records in the first degree by signing Director and Officer Questionnaires on November 30, 1997, November 30, 1998, August 12, 1999, December 30, 1999, February 11, 2000, December 20, 2000 and December 20, 2001, which stated that "[n]either [he] nor any associate of [his] has had indebtedness (other than indebtedness arising from transactions in the ordinary course of business and indebtedness owed Tyco in connection with any loan granted in connection with the Tyco International (US) Inc. 1983 Key Employee Loan Program), owing to Tyco or any of its subsidiaries at any time [during the relevant fiscal year] in an aggregate amount in excess of $60,000."

18.     From September 1, 1995 through December 31, 1995, Mr. Kozlowski earned the following as compensation from Tyco:

- An annual base salary of $333,333.32 (prorated from an annual base salary of $999,999.96) paid on a monthly basis; and

- Dividends paid in October 1995 on outstanding restricted stock awards, including restricted stock awards that may have been granted in prior periods, of $9,500.00.

19.     The net pay received by Mr. Kozlowski for the September 1, 1995 through December 31, 1995 period, after deducting miscellaneous deductions (including medical, dental and long term disability payments) and $107,925.69 in federal tax withholdings, was $229,081.63.

20.     In 1996, Mr. Kozlowski earned the following as compensation from Tyco.

- An annual base salary of $999,999.96 paid on a monthly basis;

- A bonus of $1,000,000 paid in July 1996;

- Dividends paid on outstanding restricted stock awards, including restricted stock awards that may have been granted in prior periods, of $45,400;

- A stock vesting, including vesting on restricted stock that may have been granted in prior periods, of $6,578,750 paid in July 1996;

- A Supplemental Executive Retirement Plan ("SERP") contribution of $119,607.13 paid in June 1996; and

- Other earnings (including, but not limited to interest differential, group term life insurance and gross-ups) of $94,927.32.

21.     The net pay received by Mr. Kozlowski for 1996, after deducting deferred compensation, contributions to the 401(k), the SERP and the Deferred Compensation Plan ("DCP"), $2,966,784.92 in federal tax withholdings and other miscellaneous deductions (including medical, dental and long term disability payments), was $5,411,498.58.

22.     In 1997, Mr. Kozlowski earned the following as compensation from Tyco:

- An annual base salary of $1,124,999.94 paid on a monthly basis;

- A bonus of $1 million paid in July 1997;

- A bonus of $9,052,385 paid in October 1997;

- Dividends paid on outstanding restricted stock awards, including restricted stock awards that may have been granted in prior periods, of $58,000;

- A stock vesting, including vesting on restricted stock that may have been granted in prior periods, of $24,687,520 paid in July 1997;

- A SERP contribution of $144,268.07 paid in November 1997; and

- Other earnings (including, but not limited to interest differential, group term life insurance and gross-ups) of $56,950.09.

23.     The net pay received by Mr. Kozlowski for 1997, after deducting deferred compensation, contributions to the 401(k), the SERP and the DCP, $9,330,156.17 in federal tax withholdings and other miscellaneous deductions (including medical, dental and long term disability payments), was $21,832,244.13.

24.     In 1998, Mr. Kozlowski earned the following as compensation from Tyco:

- An annual base salary of $1,274,999.94 paid on a monthly basis;

- A bonus of $2,500,000 paid in September 1998;

- Dividends paid on outstanding restricted stock awards, including restricted stock awards that may have been granted in prior periods, of $16,800;

- A stock vesting, including vesting on restricted stock that may have been granted in prior periods, of $24,320,150.40 paid in October 1998;

- A SERP contribution of $782,399.60 paid in November 1998;

- Options of $41,374,392 paid in July 1998; and

- Other earnings (including, but not limited to interest differential, group term life insurance and gross-ups) of $63,138.57.

25.     The net pay received by Mr. Kozlowski for 1998, after deducting deferred compensation, contributions to the 401(k), the SERP and the DCP, $20,281,155.59 in federal tax withholdings and other miscellaneous deductions (including medical, dental and long term disability payments), was $47,980,941.91.

8

26.    In 1999, Mr. Kozlowski earned the following as compensation from Tyco:

- An annual base salary of $1,350,000 paid on a monthly basis;

- A bonus of $3,200,000 paid in September 1999;

- Share equivalents of $16,149,361.20 paid in December 1999;

- SERP contributions of $293,291.95; and

- Other earnings (including, but not limited to interest differential, group term life insurance and gross-ups) of $83,555.91.

27.    The net pay received by Mr. Kozlowski for 1999, after deducting deferred compensation, contributions to the 401(k), the SERP and the DCP, $8,471,896.75 in federal tax withholdings and other miscellaneous deductions (including medical, dental and long term disability payments), was $12,270,791.06.

28.    In 2000, Mr. Kozlowski earned the following as compensation from Tyco:

- An annual base salary of $1,326,259.62 paid on a monthly basis;

- A bonus of $2,800,000 paid in September 2000;

- A bonus of $700,000 paid in October 2000;

- The TyCom bonus (including gross up) of $32,976,067.85 paid in September 2000, which was one of the subjects of the criminal convictions;

- The ADT bonus (including gross up) of $16,488,034 paid in November 2000, which was one of the subjects of the criminal convictions;

- Stock vestings, including vestings on restricted stock that may have been granted in prior periods, of $39,819,071.60;

- Options of $16,558,700.93;

- Share equivalents of $26,297,349.60;

- SERP contributions of $312,652.22; and

9

- Other earnings (including, but not limited to interest differential, group term life insurance and gross-ups) of $116,548.19.

29.     The net pay received by Mr. Kozlowski for 2000, after deducting deferred compensation, contributions to the 401(k), the SERP and the DCP, $44,490,573.37 in federal tax withholdings and other miscellaneous deductions (including medical, dental and long term disability payments), and credits for the TyCom bonus totaling $32,976,067.85 (including gross up) and the ADT bonus totaling $16,488,034 (including gross-up), which were the subject of the criminal convictions and Court-ordered restitution payment, was $92,548,851.85.

30.     In 2001, Mr. Kozlowski earned the following as compensation from Tyco:

- An annual base salary of $1,428,000 paid on a monthly basis;

- A bonus of $4,000,000 paid in October 2001;

- A stock vesting of $13,943,426.63 paid in July 2001 as a bonus in connection with the FLAG transaction, which was one of the subjects of the criminal convictions;

- A stock vesting, including vesting on restricted stock that may have been granted in prior periods, of $8,451,205.50 paid in October 2001;

- SERP contributions of $439,936.26; and

- Other earnings (including, but not limited to interest differential, group term life insurance and gross-ups) of $7,200,917.95.

31.     The net pay received by Mr. Kozlowski for 2001, after deducting deferred compensation, contributions to the 401(k), the SERP and the DCP, $12,890,309.50 in federal tax withholdings and other miscellaneous deductions (including medical, dental and long term disability payments), and a credit for the $13,943,426.63 stock vesting in connection with the FLAG transaction, which was the subject of the criminal convictions and Court-ordered restitution payment, was $22,092,591.70.

32.     In 2002, Mr. Kozlowski earned the following as compensation from Tyco:

- An annual base salary of $885,000 paid on a monthly basis through June 2002;

- Stock vestings, including vestings on restricted stock that may have been granted in prior periods, of $16,237,250.64;

- SERP contributions of $398,400; and

- Other earnings (including, but not limited to interest differential, group term life insurance and gross-ups) of $4,146,010.99.

33.     The net pay received by Mr. Kozlowski for 2002, after deducting deferred compensation, contributions to the 401(k), the SERP and the DCP, $4,993,479.45 in federal tax withholdings and other miscellaneous deductions (including medical, dental and long term disability payments), was $16,242,102.22.

34.     As part of Mr. Kozlowski's compensation, Tyco made grants of Tyco stock options to Mr. Kozlowski as follows:

- On July 17, 1997, options to 3,000,000 shares were granted at an exercise price of $38.31.

- On July 16, 1998, options to 100,000 shares were granted at an exercise price of $68.10.

- On July 16, 1998, options to 83,200 shares were granted at an exercise price of $68.10.

- On July 16, 1998, options to 300,000 shares were granted at an exercise price of $68.10.

- On July 17, 1998, options to 250,000 shares were granted at an exercise price of $68.22.

- On July 17, 1998, options to 1,000,000 shares were granted at an exercise price of $68.22.

- On October 1, 1998, options to 70,800 shares were granted at an exercise price of $54.91.

- On October 22, 1998, options to 292,000 shares were granted at an exercise price of $58.46.

11

    -   On February 18, 1999, options to 60,200 shares were granted at an exercise price of $78.00.

    -   On June 11, 1999, options to 20,000 shares were granted at an exercise price of $89.25.

    -   On October 18, 1999, options to 392,000 shares were granted at an exercise price of $41.19.

35.    Mr. Kozlowski subsequently transferred these stock options to the KFT Family Partnership and the DCS Family Partnership.

## III.   <u>Witnesses</u>

### A.   **Tyco's Witnesses**

Tyco may call the following witnesses live at trial:

1.   Linda Auger (live)
2.   Antonella Franzen (live)
3.   John Jenkins (live)
4.   Dennis Kozlowski (live)
5.   Russell Main (live)
6.   John Moscow (live)

Tyco may call the following witnesses either live or by designation of prior testimony:

7.   John Fort (live or by designation)

Tyco may call the following witnesses by designation of prior testimony:

8.   Joshua Berman
9.   Richard Bodman
10.   David Boies
11.   Mark Foley
12.   Stephen Foss
13.   Irving Gutin
14.   Wendy Lane
15.   Brad McGee
16.   Kathleen McRae
17.   Barbara Miller
18.   Brian Moroze
19.   James Pasman
20.   Patricia Prue
21.   Michael Robinson

22.   Donna Sharpless
23.   Peter Slusser
24.   Frank Walsh

In addition, Tyco reserves its right to call any additional witnesses in rebuttal depending on the defense case.

**B.    Kozlowski's Witnesses**

Mr. Kozlowski may call the following witnesses to give live testimony at trial:

1.    Linda Auger
2.    Edward Breen
3.    Robert Costello
4.    Jane Greenman
5.    John Jenkins
6.    L. Dennis Kozlowski
7.    J. Bradford McGee
8.    Michael Robinson
9.    Michael F. Snyder
10.   Mark Swartz

Mr. Kozlowski may call the following witnesses either live or by designation of prior testimony:

11.   Lord Michael Ashcroft
12.   Joshua Berman
13.   John Fort
14.   Steven Foss
15.   James Pasman

Mr. Kozlowski may call the following witnesses by designation of prior testimony:

16.   Tammie Bakie
17.   Richard Bodman
18.   Diane Creel
19.   Mark Foley
20.   John L. Guarnieri
21.   Wendy Lane
22.   Kathleen McRae
23.   Barbara Miller
24.   Brian Moroze
25.   James Pasman
26.   Patricia Prue
27.   Sheila Rex
28.   Richard Scalzo

29.   Donna Sharpless
30.   Peter Slusser
31.   Joseph Welch

## IV.   Prior Testimony Designations

Lists of the proposed designation of prior testimony by Tyco and Mr. Kozlowski, along

with objections to the testimony offered by the other side, will be submitted to the Court on

August 3, 2012.  The parties reserve the right to modify or supplement these lists, as appropriate,

including, without limitation, in response to future rulings by the Court and/or evidence offered

or presented by the opposing party.

## V.   Exhibit Lists

A list of Tyco's trial exhibits, along with Mr. Kozlowski's objections, will be submitted

to the Court on August 3, 2012.

A list of Mr. Kozlowski's trial exhibits, along with Tyco's objections, will be submitted

to the Court on August 3, 2012.

The parties reserve the right to modify or supplement these lists, as appropriate,

including, without limitation, in response to future rulings by the Court and/or evidence offered

or presented by the opposing party.

---

Fred H. Bartlit, Jr.*
Karma M. Giulianelli*
Bartlit Beck Herman Palenchar & Scott LLP
1899 Wynkoop Street, 8th Floor
Denver, CO  80202
Telephone:    (303) 592-3165
Facsimile:    (303) 592-3140

Mark Levine*
Bartlit Beck Herman Palenchar & Scott LLP
54 W. Hubbard Street, Suite 300
Chicago, IL  60654
Telephone:    (312) 494-4454
Facsimile:    (312) 494-4440

Robert N. Shwartz
Jyotin Hamid
Shannon Rose Selden
Debevoise & Plimpton, LLP
919 Third Avenue, 31st Floor
New York, NY 10022
Telephone:    (212) 909-6000
Facsimile:    (212) 909-6836

*Attorneys for Defendant/Counterclaim Plaintiff*

14

29.   Donna Sharpless
30.   Peter Slusser
31.   Joseph Welch

**IV.    Prior Testimony Designations**

Lists of the proposed designation of prior testimony by Tyco and Mr. Kozlowski, along

with objections to the testimony offered by the other side, will be submitted to the Court on

August 3, 2012.  The parties reserve the right to modify or supplement these lists, as appropriate,

including, without limitation, in response to future rulings by the Court and/or evidence offered

or presented by the opposing party.

**V.    Exhibit Lists**

A list of Tyco's trial exhibits, along with Mr. Kozlowski's objections, will be submitted

to the Court on August 3, 2012.

A list of Mr. Kozlowski's trial exhibits, along with Tyco's objections, will be submitted

to the Court on August 3, 2012.

The parties reserve the right to modify or supplement these lists, as appropriate,

including, without limitation, in response to future rulings by the Court and/or evidence offered

or presented by the opposing party.

---

Fred H. Bartlit, Jr.*
Karma M. Giulianelli*
Bartlit Beck Herman Palenchar & Scott LLP
1899 Wynkoop Street, 8th Floor
Denver, CO  80202
Telephone:    (303) 592-3165
Facsimile:    (303) 592-3140

Mark Levine*
Bartlit Beck Herman Palenchar & Scott LLP
54 W. Hubbard Street, Suite 300
Chicago, IL  60654
Telephone:    (312) 494-4454
Facsimile:    (312) 494-4440

---

Robert N. Shwartz
Jyotin Hamid
Shannon Rose Selden
Debevoise & Plimpton, LLP
919 Third Avenue, 31st Floor
New York, NY 10022
Telephone:    (212) 909-6000
Facsimile:    (212) 909-6836

*Attorneys for Defendant/Counterclaim Plaintiff*

14

Marshall Beil
McGuireWoods LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone:    (212) 548-2100
Facsimile:    (212) 548-2150

Charles Wm. McIntyre*
McGuireWoods LLP
2001 K. Street N.W., Suite 400
Washington, D.C. 20006-1040
Telephone:    (202) 85701700
Facsimile:    (202) 857-1737

*Admitted *pro hac vice*

*Attorneys for Plaintiffs/Counterclaim*
*Defendants*

SO ORDERED:

Dated:          New York, New York

_____
              THOMAS P. GRIESA
              United States District Judge

15